IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **MEREDITH CHADWICK RAY and PHILLIP RAY,** )<br>)<br>) | |
| **Plaintiffs,** ) | |
| ) | |
| v.  ) | Civil Action No.: 3:07CV175-WHA |
| ) | |
| **FORD MOTOR COMPANY,** ) | |
| ) | |
| **Defendant.** ) | |

### NOTICE OF PROCEEDING

Defendant, FORD MOTOR COMPANY, to the extent required by Ala. Code § 6-6-227 (1975), hereby serves notice upon the Attorney General of the State of Alabama that it is challenging the constitutionality of the recovery of punitive damages, as more specifically set forth in the Answer filed on behalf of FORD MOTOR COMPANY in the above-styled cause, which is attached hereto and incorporated herein by reference.

/s/ D. Alan Thomas
D. Alan Thomas
Bradley J. McGiboney

OF COUNSEL:

Huie, Fernambucq & Stewart, LLP
Three Protective Center
2801 Highway 280 South, Suite 200
Birmingham, Alabama 35223
(205) 251-1193
dat@hfsllp.com

**ATTORNEY FOR DEFENDANT,
FORD MOTOR COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that I have this date electronically filed the foregoing document with the Clerk of Court using the CM/ECF system to the following CM/ECF participants:

D. Michael Andrews, Esq.
BEASLEY, ALLEN, CROW, METHVIN,
 PORTIS & MILES, P.C.
P. O. Box 4160
Montgomery, AL 36104

Mr. Troy King
Attorney General
State of Alabama
11 South Union Street
Montgomery, AL 36130

This 26th day of March, 2007.

/s/ D. Alan Thomas
Of Counsel

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MEREDITH CHADWICK RAY and PHILLIP RAY, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Civil Action No.: 3:07CV175-WHA<br>) |
| FORD MOTOR COMPANY, | )<br>) |
| Defendant. | ) |

## ANSWER OF DEFENDANT FORD MOTOR COMPANY

COMES NOW the Defendant, FORD MOTOR COMPANY, and for answer to the Plaintiffs' Complaint, states as follows:

### STATEMENT OF THE PARTIES

1. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph; therefore, it is denied.

2. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph; therefore, it is denied.

3. Defendant admits that it is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business in the state of Michigan. Defendant further admits that it is in the business of designing, manufacturing in part, and distributing automobiles, some of which are sold in the state of Alabama. Defendant is without sufficient information to admit or deny the remaining allegations contained in this paragraph; therefore, it is denied.

4. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph; therefore, it is denied.

5. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph; therefore, it is denied.

6. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph; therefore, it is denied.

7. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph; therefore, it is denied.

8. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph; therefore, it is denied.

9. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph; therefore, it is denied.

10. This paragraph states a legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations contained in this paragraph; therefore, it is denied.

## STATEMENT OF THE FACTS

11. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph; therefore, it is denied.

12. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph; therefore, it is denied.

13. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph; therefore, it is denied.

14. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph; therefore, it is denied.

15. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph; therefore, it is denied.

16. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph; therefore, it is denied.

17. Denied.

18. Denied.

## COUNT ONE

### (Alabama Extended Manufacturer's Liability Doctrine)

19. Defendant adopts and incorporates by reference its Responses to Paragraphs 1 through 18 of Plaintiffs' Complaint as if fully set forth herein.

20. This paragraph states a legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations contained in this paragraph; therefore, it is denied.

21. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph; therefore, it is denied.

22. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph; therefore, it is denied.

23. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph; therefore, it is denied.

24. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph; therefore, it is denied.

25. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph; therefore, it is denied.

26. Denied.

27. Denied.

28. Denied.

## COUNT TWO

## (NEGLIGENCE)

29. Defendant adopts and incorporates by reference its Responses to Paragraphs 1 through 28 above as if fully set forth herein.

30. Denied.

31. Denied.

## COUNT THREE

## (WANTONNESS)

32. Defendant adopts and incorporates by reference its Responses to Paragraphs 1 through 31 above as if fully set forth herein.

33. Denied.

34. Denied.

## COUNT FOUR

## (LOSS OF CONSORTIUM)

35. Defendant adopts and incorporates by reference its Responses to Paragraphs 1 through 34 above as if fully set forth herein.

36. Defendant is without sufficient information to admit or deny the allegations contained in this paragraph; therefore, it is denied.

37. Denied.

38. Denied.

### FIRST DEFENSE

Said Complaint fails to state a claim upon which relief may be granted against this Defendant.

### SECOND DEFENSE

Unless specifically admitted herein, this Defendant denies each and every material allegation made against it by the Plaintiffs in the Complaint and demands strict proof thereof.

### THIRD DEFENSE

This Defendant avers that at the time and place of the incident in question, Plaintiff was guilty of negligence which directly contributed to cause the injuries in question.

### FOURTH DEFENSE

This Defendant affirmatively pleads assumption of the risk.

### FIFTH DEFENSE

This Defendant affirmatively pleads misuse of the vehicle involved in this case.

### SIXTH DEFENSE

This Defendant denies that there is any causal relationship between the conduct of this Defendant and the injuries and damages of Plaintiffs alleged in the Complaint.

### SEVENTH DEFENSE

This Defendant affirmatively pleads efficient intervening cause of third persons that caused or contributed to cause the accident and injuries in question, thereby barring Plaintiffs from recovery from this Defendant.

## EIGHTH DEFENSE

This Defendant affirmatively pleads any and all pro tanto settlements or other monies paid to Plaintiffs as a result of the injuries sustained in the accident made the basis of this suit.

## NINTH DEFENSE

This Defendant affirmatively pleads modification and substantial alteration of the vehicle involved in this case which may have caused or contributed to the accident and injuries in question, thereby barring Plaintiffs from recovering from this Defendant.

## TENTH DEFENSE

As concerns all claims for breach of express and implied warranties, this Defendant pleads specific disclaimer, limitation of warranty, lack of privity of contract between Plaintiffs and this Defendant and failure to comply with the notice provisions of the Alabama Uniform Commercial Code prior to the filing of this action, and thus Plaintiffs' remedies are barred for any claim for breach of warranties.

## ELEVENTH DEFENSE

This Defendant affirmatively pleads the applicable statute of limitations as may be indicated by discovery and investigation.

## TWELFTH DEFENSE

This Defendant affirmatively pleads improper or inconvenient venue as may be indicated by discovery and investigation..

## THIRTEENTH DEFENSE

This Defendant affirmatively pleads judicial estoppel as may be indicated by discovery and investigation.

## FOURTEENTH DEFENSE

Plaintiffs' claims, in whole or in part, are or may be expressly or impliedly preempted by federal law including but not limited to the Motor Vehicle Safety Act and the Federal Motor Vehicle Safety Standards.

## FIFTEENTH DEFENSE

As concerns all claims for punitive damages, this Defendant avers that such claims and such requisite burden of proof violate this Defendant's right to equal protection and due process under the Constitution of the United States and the Constitution of the State of Alabama; said claims and requisite burden of proof amount to an undue taking without due process of law and violate the Excessive Fines Clause of the Constitution of the United States and the Constitution of the State of Alabama. This Defendant affirmatively avers that the Plaintiffs' claim for punitive damages is vague, arbitrary, and unclear and that the standard for determining liability for punitive damages under Alabama law does not define with sufficient clarity the conduct or mental state of the Defendant which gives rise to a claim for punitive and exemplary damages. Additionally, the Plaintiffs' claim for punitive damages cannot be sustained in that there are no meaningful standards for determining the amount of any punitive damage award under Alabama law and that Alabama law fails to state with sufficient clarity the consequence to a Defendant of any conduct which may give rise to the claim for punitive damages. Therefore, any award of punitive damages violates this Defendant's rights to due process of law under the Fifth and Fourteenth Amendments to the Constitution of the United States of America and under the Constitution of the State of Alabama.

### SIXTEENTH DEFENSE

This Defendant affirmatively avers that the Plaintiffs' claim for punitive damages cannot be sustained in that any award of punitive damages under Alabama law without proof of every element beyond a reasonable doubt would violate this Defendant's rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States of America and under the Constitution of the State of Alabama.

### SEVENTEENTH DEFENSE

This Defendant affirmatively avers that the Plaintiffs' claim for punitive damages cannot be sustained in that any award of punitive damages under Alabama law without a bifurcated trial as to all punitive damage issues would be violative of this Defendant's rights to due process of law under the Fifth and Fourteenth Amendments to the Constitution of the United States of America and under the Constitution of the State of Alabama.

### EIGHTEENTH DEFENSE

This Defendant affirmatively avers that the Plaintiffs' claim for punitive damages cannot be sustained in that any award of punitive damages in this case cannot protect this Defendant against multiple and repeated punishment for the same alleged wrong in future cases. Accordingly, any award of punitive damages would violate this Defendant's right to due process of law and would constitute "double jeopardy" under the Fifth and Fourteenth Amendments to the Constitution of the United States of America and under the Constitution of the State of Alabama.

### NINETEENTH DEFENSE

This Defendant affirmatively avers that the Plaintiffs' claim for punitive damages would violate this Defendant's rights to due process under the Fourteenth Amendment to the

Constitution of the United States of American and under the Constitution of the State of Alabama as well as to other rights and protections afforded to it by <u>State Farm Automobile Ins. Co. V. Campbell</u>, 123 S. Ct. 1513 (April 7, 2003).

### **TWENTIETH DEFENSE**

Unless Ford's liability for punitive damages and the appropriate amount of punitive damages are required to be established by clear and convincing evidence, any award of punitive damages would violate Ford's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Article I, § 13 of the Alabama Constitution, and would be improper under the common law and public policies of the State of Alabama.

### **TWENTY-FIRST DEFENSE**

Plaintiffs' claim for punitive damages against Ford cannot be maintained, because an award of punitive damages under Alabama law would be void for vagueness, both facially and as applied. Among other deficiencies, there is an absence of adequate notice of what conduct is subject to punishment; an absence of adequate notice of what punishment may be imposed; an absence of predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose, a risk that punitive damages will be imposed retrospectively based on conduct that was not deemed punishable at the time the conduct occurred, and it would permit and encourage arbitrary and discriminatory enforcement, all in violation of the due process clause of the Fourteenth Amendment to the Untied States Constitution, Article I, § 13 of the Alabama Constitution, and the common law and public policies of the State of Alabama.

## TWENTY-SECOND DEFENSE

Plaintiffs' claim for punitive damages against Ford cannot be maintained, because any award of punitive damages under Alabama law would be by a jury that (1) is not provided standards of sufficient clarity for determining the appropriateness, and the appropriate size, of a punitive damages award, (2) is not adequately instructed on the limits on punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the residence, wealth, and corporate status of Ford, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible, and (5) is not subject to adequate trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of objective standards. Any such verdict would violate Ford's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Article I, § 13 of the Alabama Constitution, and would be improper under the common law and public policies of the State of Alabama.

## TWENTY-THIRD DEFENSE

Any award of punitive damages based on anything other than Ford's conduct in connection with the design, manufacture, and sale of the specific single vehicle that is the subject of this lawsuit would violate the due process clause of the Fourteenth Amendment to the United States Constitution and Article I, § 13 of the Alabama Constitution, and would be improper under the common law and public policies of the State of Alabama because any other judgment for punitive damages in this case cannot protect Ford against impermissible multiple punishment

for the same wrong and against punishment for extra-territorial conduct, including especially conduct that is lawful in states other than the State of Alabama. In addition, any such award would violate principles of comity under the laws of the State of Alabama.

### TWENTY-FOURTH DEFENSE

To the extent that the law of Alabama permits punishment to be measured by the net worth or financial status of Ford and imposes greater punishment on defendants with larger net worth, such an award would be unconstitutional because it permits arbitrary, capricious and fundamentally unfair punishments, allows bias and prejudice to infect verdicts imposing punishment, allows punishment to be imposed based on lawful profits and conduct of Ford in other States, and allows dissimilar treatment of similarly situated defendants, in violation of the due process and equal protection provisions of the Fourteenth Amendment to the United States Constitution, the Commerce Clause of the United States Constitution, and Article I, § 13 of the Alabama Constitution.

### TWENTY-FIFTH DEFENSE

The law of Michigan applies to punitive damages. Pursuant to that law, no punitive damages can be awarded.

/s/ D. Alan Thomas
D. Alan Thomas
Bradley J. McGiboney

OF COUNSEL:

Huie, Fernambucq & Stewart, LLP
Three Protective Center
2801 Highway 280 South, Suite 200
Birmingham, Alabama 35223
(205) 251-1193
dat@hfsllp.com

**ATTORNEY FOR DEFENDANT,
FORD MOTOR COMPANY**

## JURY DEMAND

Defendant demands a trial by struck jury.

## CERTIFICATE OF SERVICE

I hereby certify that I have this date electronically filed the foregoing document with the Clerk of Court using the CM/ECF system to the following CM/ECF participants:

D. Michael Andrews, Esq.
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.
P. O. Box 4160
Montgomery, AL 36104

This 26th day of March, 2007.

/s/ D. Alan Thomas
Of Counsel