IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MEREDITH CHADWICK RAY and <br> PHILLIP RAY, <br><br> Plaintiffs, <br><br> vs. <br><br> FORD MOTOR COMPANY, et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> )   CIVIL ACTION <br> ) <br> )   3:07-cv-175 <br> ) <br> ) <br> ) |

**JOINT REPORT OF PARTIES' PLANNING MEETING**

1. Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on <u>April 16, 2007</u>, by telephone and was attended by:

> D. Michael Andrews on behalf of the Plaintiff; and

> Bradley J. McGiboney on behalf of the Defendant Ford Motor Company.

2. **Pre-Discovery Disclosures**: The parties will exchange the information required by Fed.R.Civ.P. 26(a)(1) within twenty-one (21) days after the date of the parties' planning meeting, which was held on **April 16, 2007**.

The parties discussed electronic discovery issues as contemplated by the Federal Rules of Civil Procedure. At the time of the conference, the parties had not exchanged any formal discovery requests and were each in the early stages of investigating the facts and issues in the case. Therefore, the parties did not identify any existing electronic discovery issues, nor did they anticipate any such issues. Should electronic discovery issues arise, the parties agreed to meet and confer, and attempt to resolve any such issues prior to moving the Court for relief.

3. **Discovery Plan**: The parties jointly propose to the Court the following discovery plan:

Discovery will be needed on at least the following subjects:

- The product itself and all component parts;
- Warnings used or considered by Defendants or other similarly situated entities;
- The development of the product;
- Testing of the product
- Research associated with the product and its development or refinement or use;
- Complaints made and/or received with respect to the product;
- Other similar incidents;
- Defenses asserted by Defendants herein;
- Damages/injuries;
- Any and all other facts or items needed or helpful to establish or prove Plaintiffs' claims;
- Facts and circumstances surrounding the accident;
- Feasible alternative design.

All discovery commenced in time will be completed by **February 28, 2008**.

Maximum of **50** additional Interrogatories by each party to any other party. [Responses to additional Interrogatories due 30 days after service.]

Maximum of **75** additional Requests for Production by each party to any other party. [Responses to additional Requests for Production due 30 days after service.]

Maximum of **100** Requests for Admission by each party to any other party. [Responses due 30 days after service.]

Maximum of **35** depositions by each party.

Each deposition other than that of named parties and designated experts is limited to a maximum of **six hours** unless extended by agreement of parties.

Reports from retained experts under Rule 26(a)(2) due from Plaintiffs by **November 30, 2007**, and any expert so identified shall be made available for deposition on or before **December 31, 2007**.

Reports from retained experts under Rule 26(a)(2) due from Defendants by **January 31, 2008**, and any expert so identified shall be made available for deposition on or before **February 28, 2008**.

Supplementations under Rule 26(e) are due within **thirty (30) days** of when a party learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to other parties in the discovery process or in writing.

4. **Other Items**.

The parties do not request a conference with the Court before entry of the Scheduling Order, unless the Court plans on making substantial changes to the scheduled suggested by the parties.

The parties request a pretrial conference **four (4) weeks** prior to trial.

Plaintiff should be allowed until **July 31, 2007** to join additional parties and amend the pleadings.

Defendants should be allowed until **July 31, 2007** to amend the pleadings.

All potentially dispositive motions should be filed by **March 15, 2008**.

Settlement cannot be evaluated prior to discovery.

Final lists of witnesses under Rule 26(a)(3) should be due by the parties **thirty (30) days** before trial.

Final lists of exhibits under Rule 26(a)(3) should be due by the parties **thirty (30) days** before trial.

Parties should have **fourteen (14) days** after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

This case should be ready for trial by **May 1, 2008**, and is expected to last 6-7 trial days.

Parties are ordered to mediate case on or before **November 15, 2007**.

DATED:       April 17, 2007      

  /s/ D. Michael Andrews      
D. Michael Andrews

**OF COUNSEL**:
BEASLEY, ALLEN, CROW, METHVIN,
   PORTIS & MILES, P.C.
P. O. Box 4160
Montgomery, AL  36103-4160
(334) 269-2343
(334) 954-7555 – facsimile
mike.andrews@beasleyallen.com

  /s/ Bradley J. McGiboney      
D. Alan Thomas
Bradley J. McGiboney

**OF COUNSEL**:
HUIE, FERNAMBUCQ & STEWART, LLP
Three Protective Center
2801 Highway 280 South, Suite 200
Birmingham, AL  35223-2484
(205) 251-1193
(205) 251-1256 – facsimile
dat@hfsllp.com
bjm@hfsllp.com

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MEREDITH CHADWICK RAY and<br>PHILLIP RAY,<br><br>       Plaintiffs,<br><br>vs.<br><br>FORD MOTOR COMPANY, et al.,<br><br>       Defendants. | )<br>)<br>)<br>)<br>)   CIVIL ACTION<br>)<br>)   3:07-cv-175<br>)<br>)<br>)<br>) |

**SCHEDULING ORDER**

       This cause came on for hearing and for the purposes of securing a Scheduling Order in this litigation to govern further handling and disposition of the case. The following was so ordered.

       **I.**    **PARTIES** - The Plaintiffs are Meredith Chadwick Ray and Phillip Ray. The Defendant is Ford Motor Company.

       **II.**    **ATTORNEYS** - Trial counsel for Plaintiffs is D. Michael Andrews. Trial counsel for Defendant Ford Motor Company are D. Alan Thomas and Bradley J. McGiboney.

       **III.**    **CASE AND DISCOVERY ORDERS** - The following Orders were made with respect to ongoing handling and discovery in this case:

    1.    Plaintiff is ordered to provide complete Rule 26 information for experts on or before **November 30, 2007** and proffer any expert so identified for deposition on or before **December 31, 2007**.

    2.    Defendants are ordered to provide complete Rule 26 information for experts on or before **January 31, 2008** and proffer any expert so identified for deposition on or before **February 28, 2008**.

    3.    All discovery shall be commenced in time to be completed by **February 28, 2008**.

    4.    All dispositive motions are to be filed on or before **March 15, 2008**.

    5.    This case is set for trial before the undersigned on **May 1, 2008**.

    6.    The parties shall exchange a list of witnesses they expect to call at trial **thirty (30) days before trial**.

7.  The parties shall exchange a list of exhibits they expect to use at trial **thirty (30) days before trial** and make such exhibits available for copying and inspection **thirty (30) days before trial**.

8.  If a party plans to call a witness at trial by reading his/her deposition in that party's case-in-chief, counsel shall advise opposing counsel of those portions of the deposition(s), or the deposition in its entirety, to be read to the jury no later than **thirty (30) days before trial**. Opposing counsel shall offer to opposing counsel any counter designations as well as to make any objections to those portions of the deposition(s) designated by opposing counsel no later than **twenty (20) days before trial**. Original designating counsel shall have until **ten (10) days before trial**, in which to make any objections to the counter designations. Recognizing that all trial testimony cannot be determined prior to trial, the parties will be permitted a reasonably opportunity to supplement their deposition designations during the course of the trial.

9.  The parties shall have **ten (10) days** after service of final witness and exhibits lists to object. Unless specifically agreed between the parties, each shall be precluded from offering during their case in chief any exhibit not so identified. Except to the extent an objection is filed with the Clerk of this Court, each party shall be deemed to have agreed for purposes of this litigation only:

    (1)  That the originals of the listed exhibits are authentic;

    (2)  That a duplicate of any listed exhibit is admissible to the same extent as would be the original;

    (3)  That any of the listed exhibits purporting to be correspondence were sent by the purported sender and received by the purported recipient on approximately the dates shown or in accordance with customary delivery schedules;

    (4)  That any listed photographs fairly and accurately portray the scene therein depicted as of the time when made; and

    (5)  That any listed bills for services or materials were necessary and are reasonable in amount for the services or materials therein billed.

10. The parties are ordered to mediate case on or before **November 15, 2007**.

11. The Court shall schedule a pretrial conference approximately **thirty (30) days before trial**.

12. The Court shall schedule a hearing on Motions in Limine and Objections to Exhibits prior to trial.

13. All parties are ordered to conform to this Scheduling Order in all respects.

DONE and ORDERED this the _____ day of _____, 2007.

_____
Judge

cc: Counsel of Record