IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MEREDITH CHADWICK RAY and PHILLIP RAY, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civil Action No.: 3:07CV175-WHA ) |
| FORD MOTOR COMPANY, | ) ) |
| Defendant. | ) |

## MOTION TO TRANSFER VENUE

COMES NOW Defendant, Ford Motor Company ("Ford"), and files its Motion to Transfer Venue requesting this Court to transfer this action to the United States District Court for the Middle District of Alabama, Eastern Division pursuant to 28 U.S.C.S. § 1404(b). In support of its Motion, the Defendant would show unto the Court as follows:

1. Plaintiffs filed their Complaint in the United States District Court for the Middle District of Alabama, Northern Division on or about March 6, 2007. There are no allegations in the Complaint with respect to the Plaintiffs' residence or the occurrence of the accident which otherwise suggests that venue would be appropriate in the Northern Division of the Middle District of Alabama.

2. As this Court is aware, the Eastern Division of the Middle District of Alabama encompasses Lee, Chambers and Tallapoosa counties. 28 U.S.C. § 81(b)(3).

3. It is undisputed that Plaintiffs are residents of Chambers County. (*See* Complaint, ¶¶ 1-2).

4. It is further undisputed that the automotive accident from which this case arises occurred in Lee County, Alabama. (*See* Alabama Uniform Traffic Accident Report attached hereto as Exhibit "A").

5. This automotive product liability case alleges that the subject 2002 Mercury Moutaineer is defective and unreasonably dangerous under Alabama substantive law. According to the dealership materials relating to the purchase of the vehicle, the vehicle was purchased in Tallapoosa County, Alabama. (*See* Dealership Materials attached hereto as Exhibit "B").

6. Ford preserved its defense of improper venue by pleading the same in its Answer. (*See* Defendant Ford's Answer).

7. Under 28 U.S.C. §1404, the transfer of an action from one division to another division within the same district can be made for the convenience of the parties and witnesses and in the interest of justice. 28 U.S.C. §1404 states:

> (a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.
>
> (b) Upon motion, consent or stipulation of all parties, any action, suit or proceeding of a civil nature or any motion or hearing thereof, may be transferred, in the discretion of the court, from the division in which it is pending to any other division in the same district.

(28 U.S.C. 1404(a), (b)).

8. The United States Court of Appeals for the Eleventh Circuit has held that a defendant who is dissatisfied with the plaintiff's choice of venue may attempt to transfer to another division or district. *Hollis v. Fla. State Univ.*, 259 F.3d 1295, 1296 (11th Cir. 2001). Federal courts have consistently held that under 28 U.S.C.S. §1404(b), a defendant may transfer an action to another division within the same district. *See e.g., Weber v. Coney*, 642 F.2d 91, 93 (5th Cir. 1981); *Tapia v. Dugger*, No. SA-06-CA-0147-XR, 2006 WL 2620530, at *2 (W.D. Tex. Sept. 7, 2006); *Clear Channel Outdoor, Inc. v. Rubloff Oakridge Algonquin*, No. 03 C 3063, 2003 WL 2238299, at *3 (N.D. Ill. Oct. 16, 2003); *White v. ABCO Engineering Corp.*, 199 F.3d 140, 143 (3d Cir. 1999); *Clinton Foods, Inc. v. United States*, 188 F.2d 289, 293 (4th Cir.), cert. denied, 342 U.S. 825 (1951).

9. Courts have held that the determination of a §1404(b) transfer should be made according to the same standards that govern a §1404(a) transfer - convenience and justice. *See* 28 U.S.C.S. §1404(a); *Tapia*, 2006 WL 2620530, at *3; *Clear Channel Outdoor*, Inc., 2003 WL 22382999, at *3. Because no part of the events comprising the subject of this litigation occurred in the Northern Division of the Middle District of Alabama, venue in the Northern Division is both unjust and inconvenient. The Plaintiffs reside in the Eastern Division of the Middle District of Alabama; the accident that is the subject of this litigation occurred in the Eastern Division of the Middle District of Alabama; the vehicle involved in the accident was purchased by the Plaintiffs in the Eastern Division of the Middle District of Alabama; and all witnesses of the accident likely reside in the Eastern Division of the Middle District of Alabama. The facts of the case indicate that there is no connection between this case and the Northern Division of the Middle District of Alabama. As such, there are no justifiable grounds for the action being filed in the Northern Division of the Middle District of Alabama. Thus, the Plaintiffs' decision to file this case in the Northern Division seems to be a clear example of forum shopping.

10. Pursuant to 28 U.S.C. §1404(b), for the convenience of all interested parties and in the interest of justice, this action is due to be transferred to the Eastern Division of the Middle District of Alabama.

WHEREFORE, PREMISES CONSIDERED, Defendant Ford Motor Company respectfully requests this Court to enter an Order transferring this case to the Eastern Division of the Middle District of Alabama.

/s/ Bradley J. McGiboney
D. Alan Thomas (dat@hfsllp.com)
ASB-8351-T77D
Bradley J. McGiboney (bjm@hfsllp.com)
ASB-4434-B60M

**OF COUNSEL:**
Huie, Fernambucq & Stewart, LLP
Three Protective Center
2801 Highway 280 South, Suite 200
Birmingham, Alabama 35223
(205) 251-1193

ATTORNEYS FOR DEFENDANT,
FORD MOTOR COMPANY

**ORAL ARGUMENT REQUESTED**

**CERTIFICATE OF SERVICE**

      I hereby certify that I have this date electronically filed the foregoing document with the Clerk of Court using the CM/ECF system to the following CM/ECF participants:

D. Michael Andrews, Esq.
BEASLEY, ALLEN, CROW, METHVIN,
 PORTIS & MILES, P.C.
P. O. Box 4160
Montgomery, AL 36104

      This 3rd day of July, 2007.

                                      /s/ Bradley J. McGiboney
                                      Of Counsel

AST-27 REV. 1/91
RAY-00000001

— PRIVATE PROPERTY —

# ALABAMA UNIFORM TRAFFIC ACCIDENT REPORT

DPS Accident No.

Shaded Areas To Be Used By Data Processing Only    Sheet 1 of 1 Sheets    Microfilm No.    Local Case No. 06-003523

## LOCATION AND TIME

Date: 04 / 21 / 2006
Time: 1345 PM
Day of Week: F
County: 43
City: OPELIKA
Highway Classification: M—Municipal, Private Prop.
Local Zone: 01

On Street, Road or Highway: 1203 WEST END COURT PARKING LOT
At Intersection of or Between (Node 1): ACCEPTANCE INSURANCE

First Harmful Event: 15
Event Location: 5
Distance to Fixed Object: NA FT.

## UNIT 1

Driver Full Name: DRIVERLESS MOVING VEHICLE
Telephone No.: 334-642-0881

Liability Insurance Co.: ACCEPTANCE INS.

Maneuver: 01
Travel Road Name: 1203 WEST END COURT
Travel Direction: S
Other Contr Circumstances: 97
Prime Harm Event: 15
Event Loc: 5

Veh Year: 2002   Make: MERC   Model: MOU   Body: NA   VIN: 4M2ZU66W02UJ37911
License Tag Number: 12C651D   State: AL   Year: 2006

Owner's Name: MEREDITH RAY
Street: 1008 SOUTH 1ST AVENUE
City: LANETT   State: AL   ZIP: 36863

Type: 3 - Pick Up
Usage: 1 - Personal
Hazardous Cargo: 1 - None
Attachment: 1 - None
Contributing Defect: 97 - None

Speed Limit: NA MPH   Est Speed: 999 MPH
Citation Offense Charged: NONE
Damage Severity: 2 - Not Disabled
Vehicle Towed Away? No
Occupants in Unit: 2
Enter Point of Initial Impact: 1

Vehicle Towed By Whom: NA   To Where: NA

## UNIT 2

Driver/Pedestrian Full Name: MEREDETH CHADWICK RAY
Street Address: 1008 SOUTH 1ST AVENUE
City and State: LANETT, AL
ZIP: 36863
Telephone No.: 334-642-0881

DOB: 02/05/1974   Race: W   Sex: F   DL State: NA   Driver License No.: NA

Place of Employment: UNEMPLOYED
Liability Insurance Co.: ACCEPTANCE INSURANCE

Maneuver/Action: 98
Travel Road Name: 1203 WEST END COURT
Other Contr Circumstances: 97
Prime Harm Event: 20
Event Loc: 5

DEFENDANT'S EXHIBIT A

## SEATING

**Unit 1:** 1 | 44 | | 10 | | 5 | 6 | | | 81 | | 11
Other Involved Unit (Circle One):
12 - Pedestrian
13 - Rider of Domestic Animal
14 - Occ. of Non-Motorized Vehicle
15 - Victim of Other Circumstance/Codes Not Applicable
Other Involved Safety Equipment: [blank]

**Unit 2:** 2
Other Involved Unit (Circle One):
12 - Pedestrian
13 - Rider of Domestic Animal
14 - Occ. of Non-Motorized Vehicle
15 - Victim of Other Circumstance/Codes Not Applicable
Other Involved Safety Equipment: 91

### CODES — SAFETY EQUIPMENT
01 - None Installed
95 - Not Applicable
99 - Unknown (Any Type)
Lap Belt Only: 11 - Fastened, 12 - Not Fastened
Lap/Shoulder Harness: 21 - Lap Only Used, 22 - Neither Used, 23 - Shoulders Only Used, 24 - Both Used
Motorcycle Helmet: 31 - None Used, 32 - Used
Air Bags: 41 - Deployed, Belts Used; 42 - Not Deployed, Belts Used; 43 - Deployed, Belts Not Used; 44 - Not Deployed, Belts Not Used
Child Restraints: 51 - Child Restraint Used, 52 - Other Restraint Used, 53 - None Used

## VICTIMS

| Name | Address | Unit No | Seat Pos | Injury Type | Age | Sex | Ejection | First Aid By |
|---|---|---|---|---|---|---|---|---|
| MEREDITH CHADWICK RAY | 1404 1ST AVENUE LANETT, AL | 2 | 12 | A | 32 | F | N | A |

Taken To: EAST ALABAMA MEDICAL CENTER
Taken By: EMERGENCY MEDICAL SERVICES

N/A ☐

### CODES
Injury Type: K - Killed, A - Visible or Carried from Scene, B - Bruise/Abrasion/Swelling, C - Not Visible—Has Pain/Faint
Ejected: N - Not, F - Fully, P - Partially, T - Trapped, U - Unknown, A - Not Applicable
First Aid By: A - Ambulance Attended, D - Doctor, M - Paramedic, O - Other, P - Police, U - Unknown, N - None
Pedal Cycle/Pedestrian: 91 - Contrasting Clothing, 92 - Non-Contrasting Clothing

## NARRATIVE AND DIAGRAM

- NA -

RAY-00000002

**Officer's Opinion of What Happened:** MV1 WAS TRAVELING SOUTH IN THE PARKING LOT OF ACCEPTANCE INSURANCE. PEDESTRIAN WAS WALKING EAST IN THE PARKING LOT OF ACCEPTANCE INSURANCE. MV1 WAS KNOCKED OUT OF GEAR BY A TODDLER, AND MV1 STRUCK PEDESTRIAN, AND PUSHED PEDESTRIAN UP AGAINST THE WALL OF ACCEPTANCE INSURANCE BY MV1.

## ROADWAY ENVIRONMENT

Unit 1: N/A ☒
Unit 2: N/A ☒

Contributing Road Defects: 4 - None, 1 - Shoulders Low, 2 - Shoulders High, 3 - Holes, Bumps, Etc, 8 - Other
Surface Construction: 1 - Asphalt, 2 - Concrete, 3 - Brick, 4 - Unpaved, 8 - Other
Condition: 1 - Dry, 2 - Wet, 3 - Icy, 4 - Snowy/Slushy, 5 - Muddy, 8 - Other
Accident In Or Related To Road Construction Zone?: Yes / No
Material in Roadway (Contributing): 1 - None, 2 - Rocks, 3 - Trees/Limbs, 4 - Dirt, 5 - Gravel, 6 - Oil/Petrol, 8 - Other
Material Source: 1 - Not Applicable, 2 - Natural Environment, 3 - Dropped From Vehicle, 4 - Already in Road But Fell From Vehicle, 8 - Other, 9 - Unknown
Character: 3 - Straight—Level, 2 - Straight—Down Grade, 3 - Straight—Up Grade, 4 - Straight—Hillcrest, 5 - Curve—Level, 6 - Curve—Down Grade, 7 - Curve—Up Grade, 8 - Curve—Hillcrest

Vision Obscured By: 97 - Not Obscured, 1 - Buildings, 2 - Signboard, 3 - Trees, Crops, Bushes, 4 - Blowing Snow/Sand, 5 - Hillcrest, 6 - Curve in Road, 7 - Fog, 8 - Parked Vehicle, 9 - Moving Vehicle(s), 10 - Blinded by Sunlight, 11 - Fire/Smoke, 12 - Dust, 13 - Blinded by Headlights, 14 - Embankment, 15 - Rain on Windshield, 16 - Snow on Windshield, 98 - Other, 99 - Unknown

Traffic Control: 1 - Police Officer, 2 - R.R. Crossing Gates, 3 - R.R. Flashing Lights, 4 - R.R. Cross Bucks/Pave Mark, 5 - Pedestrian Control, 6 - Traffic Signal, 7 - Flashing Beacon, 8 - Stop Sign, 9 - Yield Sign, 10 - Lane Control Device, 11 - Flagger, 12 - No Passing Zone, 97 - None, 98 - Other
Traffic Control Functioning: Yes / No / N/A
007 Railroad Crossing No

Opposing Lanes Separated By: 97 - None, 1 - Paved Surface, 2 - Unpaved Surface, 3 - Broken Painted Line, 4 - Solid Painted Line, 5 - Concrete Barrier, 6 - Metal Guard Rail, 7 - Fence, 98 - Other Barrier
Trafficway Lanes: 1 - One Lane, 2 - Two Lanes, 3 - Three Lanes, 4 - Four Lanes, 5 - Five Lanes, 6 - Six Lanes or More
One-Way Street: Yes / No

## INVESTIGATION

Light: 1 - Daylight, 2 - Dawn, 3 - Dusk, 4 - Darkness—Road Not Lit, 5 - Darkness—Road Lit
Weather: 0 - Clear, 2 - Cloudy, 3 - Rain, 4 - Snow, 5 - Sleet/Hail, 6 - Crosswind, 7 - Fog, 8 - Other
Locale: 1 - Open Country, 2 - Residential, 3 - Shop'g or Business, 4 - Mfg. or Industrial, 5 - School, 6 - Playground, 8 - Other
Non-Vehicular Property Damage: 0 - None Visible, 2 - Light, 3 - Moderate, 4 - Severe
Description: NA
Owner: NA
Address:

Time Police Notified: 1350 PM
Time Police Arrived: 1302 PM
Time EMS Arrived: 1305 PM
Name of Photographer: NA

Witness Full Name: NA
Witness Full Name: NA

Name of Investigating Officer: D.J. PRAGGINS
Officer ID: 0204
Agency ORI: 0430200
Name of Other Investigating Officer(s) at Scene: NA
Officer ID: NA

Supervisor Reviewed: [signature]

The data on this report reflects my best knowledge, opinion and belief covering the accident, but no warrant as to the factual accuracy thereof.

```
                            DEALER      26U 017 | VIN 4M2ZU66W02UJ37911
                                        SUGGESTED RETAIL PRICE    AMOUNT

        U665 MOUNTAINEER 4X2 4DR/114    28950 00       26386 00
        2002 MODEL YEAR
    YZ  OXFORD WHITE CLEARCOAT
    GP  MED PARCHMNT LTHR SPT BKT
        .OVERHEAD CONSOLE
    58K .AM/FM CASSETTE CD
        .3RD ROW SEAT PACKAGE
    99W 4.6L SOHC V8 ENGINE              695 00          591 00
    44V AUTOMATIC OVERDRIVE TRANS
    T44 .P245/70R16 BSW A/S TIRES
    X45 3.55 RATIO REGULAR AXLE
    153 FRONT LICENSE PLATE BRACKET         NC              NC
    186 RUNNING BOARDS                   395 00          336 00
        PREM CAST ALUM WHEELS 16X7
    66A CONVENIENCE GROUP                595 00          506 00
        .ILLUM VISORS & APPROACH LAMPS
        .ADJUSTABLE PEDALS
        .HOMELINK
        .AUTO LAMP HEADLAMPS
    G   SPT BKT LEATHER TRIMMED          655 00          557 00
        TOTAL VEHICLE & OPTIONS        31290 00        28376 00
        DESTINATION & DELIVERY           625 00          625 00
        SCHEDULE A (MEMO)                   .00

        TOTAL FOR VEHICLE              31915 00

        13 U.S. GAL GAS FACTORY                            24 57
        PRICED DORA
        BATCH-ID 2H08112943 N RC 2X
        PRICE LEVEL         255230U66
        VIN: 4M2ZU66W02UJ37911
        SHIPPING WEIGHT       4343 LBS.

*************** REINVOICED PRIOR TO PLANT RELEASE ********
```

| THIS INVOICE MAY NOT REFLECT THE FINAL COST OF THE VEHICLE IN VIEW OF THE POSSIBILITY OF FUTURE REBATES, ALLOWANCES, DISCOUNTS AND INCENTIVE AWARDS FROM FORD MOTOR COMPANY TO THE DEALER. | | | | | |
|---|---|---|---|---|---|
| FDAF/LMDA ASSESSMENT | INVOICE TOTAL | LESS HOLDBACK FOR DEALER ACCOUNT | LESS APPROX. FINANCING COST FOR DEALER ACCOUNT | MEMO: INVOICE LESS HOLDBACK & FIN. COST | A & D PLAN 27827.57 |
| 335.00 | 29360.57 | 940.00 | 285.00 | 28135.57 | X PLAN 29090.67 |
| 940.00 | 71.00 | 1990.00 | .00 | 869.00 | 26101.00 |

```
SOLD TO
   Tallapoosa Ford              26U017            T.O.  76  STATE
   P.O. BOX 340                                    2    6   AL    CS02
   Alexander City               AL 35011
SHIP TO (IF OTHER THAN ABOVE)                  DATE INV. PREPARED  ITEM NUMBER  TRIM  TRANSIT
                                                 08  08  02        26-0607      GP    09
                               SHIP THROUGH

INVOICE & UNIT IDENTIFICATION NO.   FINAL ASSEMBLY POINT   FINAL COMPANY AND/OR BANK
4M2ZU66W02UJ37911    LOUISVILLE          Ford Motor Credit      000001
2UJ37911  4M  U66  20020808  020808  2H081  N  255  26U017                    2   2360.57 KUI
                THIS INVOICE TO BE USED FOR THE BILLING OF VEHICLES ONLY     DEALER'S COPY
```



DEFENDANT'S EXHIBIT 13