IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MEREDITH CHADWICK RAY and PHILLIP RAY, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civil Action No.: 3:07-CV-175-WHA ) |
| FORD MOTOR COMPANY, | ) ) |
| Defendant. | ) |

### ORDER ON MOTION AND QUALIFIED HIPAA PROTECTIVE ORDER

Upon consideration of Defendant's *Motion for Protective Order* (Doc. 16, filed June 27, 2007) and the proposed orders of both parties, it is

**ORDERED** that the *Motion for Protective Order* (Doc. 16) is **GRANTED**. Accordingly, the parties and all interested non-parties shall be governed as follows:

Upon compliance with Rule 45 of the Federal Rules of Civil Procedure, the attorneys for the parties to this lawsuit are permitted to obtain all health information, including charges thereto, relating to any individual who is a party to this cause and any other allegation in Plaintiff's Complaint or Defendant's Answer. This Order neither broadens nor restricts any party's ability to conduct discovery pursuant to the Federal Rules of Civil Procedure, the sole purpose hereof being only to permit compliance with the Health Insurance Portability and Accountability Act of 1996 (HIPAA).

This Order authorizes any third party who is provided with a subpoena requesting the production of documents or commanding attendance at a deposition or trial to disclose Protected Health Information in response to such request or subpoena. This Order is intended to authorize such disclosures under Section 164.512(e)(1) of the privacy regulations issued pursuant to the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104-191, 110 Stat. 1936 (1996) ("HIPAA").  This Protective Order is intended to help the parties who meet with counsel comply with the requirements of HIPAA Privacy Rules, 45 C.F.R. § 164.512(e), as a "Qualified Protective Order" under that regulation.  This Protective Order expressly authorizes disclosure (written and spoken) of "Protective Health Information" as defined in the Privacy Rules by the parties and third parties to counsel for the parties.

Counsel for all parties are hereby granted the right to obtain from any health care provider, health plan, or other entity covered by HIPAA any and all information relating to the past, present, or future medical condition including "Protected Health Information" of any individual who is a party to this action (or the decedent or ward of a party who sues in a representative capacity), as well as any and all information relating to the provision of health care to such individual and payment for the provision of such health care.

Nothing in this Order shall be deemed to relieve any party or attorney of the requirements of the Federal Rules of Civil Procedure.  Nothing in this Order permits disclosure of confidential communications, made for the purposes of diagnosis or treatment of a patient's mental or emotional condition, including alcohol or drug addiction, among the

patient, the patient's psychotherapist, and persons who are participating in the diagnosis or treatment under the direction of the psychotherapist, including members of the patient's family, nor does this Order permit disclosure of records or information relating to HIV testing or sexually transmitted disease.

Nothing in this Order shall be construed to authorize any party or attorney for any party to release, exchange, submit, disclose or share any Protected Health Information with any other person or any other entity, other than an agent, employee or business associate of the attorney or party, or other attorneys in this case.

At the conclusion of this action and at the written request of an individual whose Protected Health Information has been disclosed, or such individual's authorized representative, all recipients of the Protected Health Information shall return to the requesting party or individual all documents and all copies thereof containing the Protected Health Information received pursuant to this Order or to destroy the protected health information (including all copies made), immediately upon conclusion of this action, except that Protected Health Information, which is included in insurance claim files and law firm litigation files, may be retained to allow compliance to the extent and for the period that such retention is required by law. *See* 45 C.F.R. § 164.512(e)(1)(v).

DONE this 6th day of July, 2007.

                        /s/Terry F. Moorer
                        TERRY F. MOORER
                        UNITED STATES MAGISTRATE JUDGE