**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | | |
|---|---|---|
| **MEREDITH CHADWICK RAY and PHILLIP RAY,** | ) ) ) | |
| **Plaintiffs,** | ) ) | **CASE NO:  3:07-cv-175** |
| **vs.** | ) ) | |
| **FORD MOTOR COMPANY, et al.** | ) ) | |
| **Defendants.** | ) | |

**PLAINTIFFS' AMENDED MOTION FOR LEAVE TO AMEND COMPLAINT**

Plaintiffs move the Court for permission to amend the complaint to add as parties Defendants Pontiac Coil, Inc and Visteon Corporation.  Plaintiffs have attached the Amendment to the motion.  As grounds for Plaintiffs' Motion for Leave to Amend, Plaintiffs would show unto the Court that based on testimony obtained from Ford's corporate representative, Mark Taylor, on September 14, 2007, Plaintiffs have learned that Ford alleges that the brake transmission shift interlock (BTSI) component parts were designed and manufactured by outside manufacturers, that testing and documentation of the subject brake transmission shift interlock (BTSI) parts were performed at outside manufacturers, and that if the brake transmission shift interlock (BTSI) of the Plaintiffs' vehicle performs as alleged then it does not meet its design intent.

Because Ford has identified outside component manufacturers who may have liability and knowledge regarding the subject brake transmission shift interlock (BTSI) system, Plaintiffs will be unduly prejudiced if not allowed sufficient time to amend the

complaint and develop discovery regarding the newly discovered component part manufacturers. Further, and consequently, Plaintiffs request that the current scheduling order deadlines and trial setting be reset to allow sufficient time to develop this case against all proper parties. Plaintiffs' counsel has conferred with counsel for Ford who is in agreement with this motion.


                                                                     /s/ D. Michael Andrews

OF COUNSEL:
BEASLEY, ALLEN, CROW, METHVIN,
   PORTIS & MILES, P. C.
Post Office Box 4160
Montgomery, Alabama 36103-4160
(334) 269-2343
(334) 954-7555 – facsimile
mike.andrews@beasleyallen.com


## CERTIFICATE OF SERVICE

     I hereby certify that I have this date electronically filed the foregoing document with the Clerk of Court using the CM/ECF system to the following CM/ECF participants:

Bradley J. McGiboney
Huie, Fernambucq & Stewart, LLP
Three Protective Center
2801 Highway 280 South, Suite 200
Birmingham, Alabama 35223

     This **15th** day of **October**, **2007**.


                                                           /s/ D. Michael Andrews
                                                   Of Counsel

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | | |
|---|---|---|
| MEREDITH CHADWICK RAY and PHILLIP RAY, | ) ) ) | |
| Plaintiffs, | ) ) | CASE NO: 3:07-cv-175 |
| vs. | ) ) | DEMAND FOR JURY TRIAL |
| FORD MOTOR COMPANY, PONTIAC COIL, INC.; VISTEON CORPORATION, et al. | ) ) ) ) ) | |
| Defendants. | ) | |

**PLAINTIFFS' FIRST AMENDED COMPLAINT**

**STATEMENT OF THE PARTIES**

1.      Plaintiff, Meredith Chadwick Ray is over the age of nineteen (19) years and

is a resident citizen of Chambers County, Alabama.

2.      Plaintiff, Phillip Ray is over the age of nineteen (19) years and is a resident

citizen of Chambers County, Alabama.

3.      Defendant Ford Motor Company (hereinafter "Ford") is believed to be a foreign
corporation with its principal place of business in Detroit, Michigan, and does business by agent
in the State of Alabama.  Said Defendant has sufficient contacts with the State of Alabama to
invoke the jurisdiction of this Court.  Defendant Ford is believed to be the entity which was
responsible for the design, engineering, manufacturing, and marketing of the 2002 Mercury
Mountaineer, VIN # 4M2ZU66W02UJ37911, which is the subject matter of this lawsuit.

4.      Fictitious Defendant "A" is that person, corporation, or other legal entity

who designed, engineered, manufactured, installed, or marketed the 2002 Mercury

Mountaineer vehicle which is the subject matter of this lawsuit.

5.      Fictitious Defendant "B" is that person, corporation, or other legal entity

who designed, engineered, manufactured, installed, or marketed the automatic

transmission and shift mechanism thereof for the vehicle which is the subject matter of this lawsuit.

6.    Fictitious Defendant "C" is that person, corporation or other legal entity who designed, engineered, manufactured, installed, or marketed the shift indicator for the subject vehicle.

7.    Fictitious Defendant "D" is that person, corporation, or other legal entity who designed, engineered, manufactured, installed, or marketed the brake transmission shift interlock for the subject vehicle.

8.    Fictitious Defendant "E" is that person, corporation or other legal entity who sold or participated in the distribution of the subject vehicle into the stream of commerce.

9.    Fictitious Defendant "F" is that person, corporation or other legal entity who's negligence or wantonness combined with the negligence or wantonness of others to cause the injuries to Meredith Chadwick Ray.

10.    This Court has subject matter jurisdiction of this civil action on the basis that the amount in controversy exceeds $ 75,000, and is between citizens of different states.  28 U.S.C.S. § 1332.

### Statement of the Facts

11.    This cause of action arises out of an incident that occurred on April 21, 2006 in Lee County, Alabama.

12.    On said date, Meredith Chadwick Ray was driving her 2002 Mercury Mountaineer and placed the vehicle into park.

13.    Meredith Chadwick Ray exited the vehicle with the transmission in park and the engine running.

14.     Because the park interlock (brake transmission shift interlock) failed to properly operate, the transmission shift lever was moved out of park and into gear.  As a result, the vehicle moved forward and struck Meredith Chadwick Ray and crushed her against a building wall.  She suffered numerous injuries, including the amputation of her leg.

15.     At the time of the incident the vehicle was in substantially the same condition at the time it left the Defendant's hands and placed the vehicle into the stream of commerce.

16.     The subject vehicle was being used as intended and in a manner reasonably foreseeable to Defendants.

17.     The Defendants knew or should have known that this vehicle was equipped with a defective transmission park/shift interlock (brake transmission shift interlock) yet failed to take steps to prevent this accident.

18.     As a direct and proximate result of the injuries to his wife, Phillip Ray has suffered mental anguish, emotional pain and suffering, and loss of society, marital care, and comfort to the detriment of his marital relationship.  Further, he has been injured and has been damaged by loss of consortium as to his right to his wife's company, fellowship, cooperation, and assistance in the marital relationship as a partner in the family unit.

## COUNT ONE
**(Alabama Extended Manufacturer's Liability Doctrine)**

19.     Plaintiffs reallege and incorporate by reference all of the allegations contained in paragraphs 1 through 18 of the Complaint as if set out here in full.

20.     This cause of action is brought pursuant to the Alabama Extended Manufacturer's Liability Doctrine (AEMLD).

21.     Defendant Ford and Fictitious Defendants "A" through "F" designed, manufactured, distributed and marketed the 2002 Mercury Mountaineer.

22.     Defendants expected that the subject vehicle would reach the user or consumer in the condition that it was at the time of incident.

23.     The subject vehicle was in substantially the same mechanical and design condition on the date of the incident as on the date of the original manufacture and sale.

24.     The subject vehicle was being used as it was intended to be used and in a manner reasonably foreseeable to Defendants.

25.     The incident was reasonably foreseeable to Defendants.

26.     The subject vehicle, including its component parts, was defective in its design, manufacture and/or the warnings that accompanied it.

27.     The defective or unreasonably dangerous condition of the vehicle subjected Plaintiff, Meredith Chadwick Ray, to an unreasonable risk of harm in that it contained a defective transmission shift interlock that allowed the vehicle to move from park into gear without requiring that the brake be depressed.

28.     As a direct and proximate result of the defective condition of the vehicle as alleged herein, Plaintiff, Meredith Chadwick Ray, suffered severe permanent physical injuries, including but not limited to the amputation of her leg.

WHEREFORE, Plaintiffs Meredith Chadwick Ray and Phillip Ray demand judgment against Defendants Ford Motor Company and Fictitious Defendants "A" through "F" in such amount as a jury may award, plus the cost of this action.

## COUNT TWO
### (Negligence)

29.     Plaintiffs reallege and incorporate by reference all of the allegations contained in paragraphs 1 through 28 of the Complaint as if set out here in full.

30.     Defendants Ford and Fictitious Defendants "A" through "F" were negligent in the design, manufacture, testing, inspection, distribution and/or sale, maintenance or repair, and failure to recall of the 2002 Mercury Mountaineer vehicle which is the subject matter of this lawsuit.

31.     As a proximate result of the negligence of Defendants, Meredith Chadwick Ray was severely injured as described herein.

WHEREFORE, Plaintiffs Meredith Chadwick Ray and Phillip Ray demand such judgment against Defendants Ford Motor Company and Fictitious Defendants "A" through "F" in such amount as a jury may award, plus the cost of this action.

## COUNT THREE
### (Wantonness)

32.     Plaintiffs reallege and incorporate by reference all of the allegations contained in paragraphs 1 through 31 of the Complaint as if set out here in full.

33.     Defendants Ford and Fictitious Defendants "A" through "F" were wanton in the design, manufacture, testing, inspection, distribution and/or sale, maintenance or repair, and failure to recall of the 2002 Mercury Mountaineer vehicle which is the subject matter of this lawsuit.

34.    As a proximate result of the wantonness of Defendants, Meredith Chadwick Ray was severely injured.

WHEREFORE, Plaintiffs Meredith Chadwick Ray and Phillip Ray demand such judgment against Defendants Ford Motor Company and Fictitious Defendants "A" through "F" in such amount as a jury may award, plus the cost of this action.

## COUNT FOUR
### (LOSS OF CONSORTIUM)

35.    Plaintiffs reallege and incorporate by reference all of the allegations contained in paragraphs 1 through 34 of the Complaint as if set out here in full.

36.    Plaintiff Phillip Ray is the husband and marriage partner of Meredith Chadwick Ray.

37.    Plaintiff Phillip Ray was injured and damaged as alleged herein as a result of the negligence and/or wantonness of Defendants.

38.    As a proximate result of Defendants' negligence and/or wantonness, Plaintiff Phillip Ray lost the love, affection, and services of his wife, Meredith Chadwick Ray.

WHEREFORE, Plaintiff Phillip Ray demands judgment against Defendants in such an amount of compensatory damages as a jury may award, a separate amount of punitive damages, and his costs of this action.

## AMENDING COMPLAINT

## STATEMENT OF THE PARTIES

39.    Plaintiff re-alleges and incorporates by reference the allegations contained in

paragraphs 1 through 38 of the original complaint as if set out here in full.

40.     Defendant, Pontiac Coil, Inc., (hereinafter referred to as "Pontiac Coil") is a foreign corporation with its principal place of business in Clarkston, Michigan, and does business by agent in the State of Alabama.  Said Defendant has sufficient contacts with the State of Alabama to invoke the jurisdiction of this Court.  Defendant Pontiac Coil is believed to be the entity who designed, engineered, manufactured, installed, or marketed the brake transmission shift interlock for the subject vehicle.

41.     Defendant, Visteon Corporation, (hereinafter referred to as "Visteon") is a foreign corporation with its principal place of business in East Lansing, Michigan, and does business by agent in the State of Alabama.  Said Defendant has sufficient contacts with the State of Alabama to invoke the jurisdiction of this Court.  Defendant Visteon is believed to be the entity who designed, engineered, manufactured, installed, or marketed the column for the subject vehicle.

## STATEMENT OF THE FACTS

42.     Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 41 of the complaint as if set out here in full.

43.     The brake transmission shift interlock is believed to be designed, engineered, manufactured, installed or marketed by Pontiac Coil.

44.     The column for the subject vehicle is believed to be designed, engineered, manufactured, installed or marketed by Visteon Corporation.

## COUNT FIVE
### (Alabama Extended Manufacturer's Liability Doctrine)

45.    Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 44 of the complaint as if set out here in full.

46.    Defendant Pontiac Coil designed, manufactured, distributed and marketed the brake transmission shift interlock component for the 2002 Mercury Mountaineer.

47.    Defendant Visteon designed, manufactured, distributed and marketed the column component parts for the 2002 Mercury Mountaineer.

48.    Defendants expected that the subject vehicle, including component parts, would reach the user or consumer in the condition that it was at the time of incident.

49.    The subject vehicle was in substantially the same mechanical and design condition on the date of the incident as on the date of the original manufacture and sale.

50.    The subject vehicle was being used as it was intended to be used and in a manner reasonably foreseeable to Defendants.

51.    The incident was reasonably foreseeable to Defendants.

52.    The subject vehicle, including its component parts, was defective in its design, manufacture and/or the warnings that accompanied it.

53.    The defective or unreasonably dangerous condition of the vehicle subjected Plaintiff, Meredith Chadwick Ray, to an unreasonable risk of harm in that it contained a defective transmission shift interlock that allowed the vehicle to move from park into gear without requiring that the brake be depressed.

54.    As a direct and proximate result of the defective condition of the vehicle as alleged herein, Plaintiff, Meredith Chadwick Ray, suffered severe permanent physical injuries, including but not limited to the amputation of her leg.

WHEREFORE, Plaintiffs Meredith Chadwick Ray and Phillip Ray demand judgment against Defendants Ford Motor Company, Pontiac Coil, Inc., and Visteon Corporation in such amount as a jury may award, plus the cost of this action.

## COUNT SIX
### (Negligence)

55.    Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 54 of the complaint as if set out here in full.

56.    Defendants Pontiac Coil, Inc., and Visteon Corporation were negligent in the design, manufacture, testing, inspection, distribution and/or sale, maintenance or repair, and failure to recall of the 2002 Mercury Mountaineer vehicle which is the subject matter of this lawsuit.

57.    As a proximate result of the negligence of Defendants, Meredith Chadwick Ray was severely injured as described herein.

WHEREFORE, Plaintiffs Meredith Chadwick Ray and Phillip Ray demand such judgment against Defendants Ford Motor Company, Pontiac Coil, Inc., and Visteon Corporation in such amount as a jury may award, plus the cost of this action.

## COUNT SEVEN
### (Wantonness)

58.    Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 57 of the complaint as if set out here in full.

59.    Defendants Pontiac Coil, Inc. and Visteon Corporation were wanton in the design, manufacture, testing, inspection, distribution and/or sale, maintenance or repair, and failure to recall of the component parts of the 2002 Mercury Mountaineer vehicle which is the subject matter of this lawsuit.

60.    As a proximate result of the wantonness of Defendants, Meredith Chadwick Ray was severely injured.

WHEREFORE, Plaintiffs Meredith Chadwick Ray and Phillip Ray demand such judgment against Defendants Ford Motor Company, Pontiac Coil, Inc. and Visteon Corporation in such amount as a jury may award, plus the cost of this action.

## COUNT EIGHT
### (LOSS OF CONSORTIUM)

61.    Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 60 of the complaint as if set out here in full.

62.    Plaintiff Phillip Ray is the husband and marriage partner of Meredith Chadwick Ray.

63.    Plaintiff Phillip Ray was injured and damaged as alleged herein as a result of the negligence and/or wantonness of Defendants.

64.    As a proximate result of Defendants' negligence and/or wantonness, Plaintiff Phillip Ray lost the love, affection, and services of his wife, Meredith Chadwick Ray.

WHEREFORE, Plaintiff Phillip Ray demands judgment against Defendants in such an amount of compensatory damages as a jury may award, a separate amount of punitive damages, and his costs of this action.

_____/s/ D. Michael Andrews_____

OF COUNSEL:
BEASLEY, ALLEN, CROW, METHVIN,
    PORTIS & MILES, P. C.
Post Office Box 4160
Montgomery, Alabama 36103-4160
(334) 269-2343
(334) 954-7555 – facsimile
mike.andrews@beasleyallen.com


## CERTIFICATE OF SERVICE

    I hereby certify that I have this date electronically filed the foregoing document with the Clerk of Court using the CM/ECF system to the following CM/ECF participants:

Bradley J. McGiboney
Huie, Fernambucq & Stewart, LLP
Three Protective Center
2801 Highway 280 South, Suite 200
Birmingham, Alabama 35223

    This **15**th day of **October**, **2007**.


               /s/ D. Michael Andrews
              Of Counsel