## THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT ALABAMA
## EASTERN DIVISION

| | |
|---|---|
| **MEREDITH CHADWICK RAY and**<br>**PHILLIP RAY** | )<br>)<br>) |
| **Plaintiffs,** | )<br>) |
| **v.** | )  **CASE NO.: 3:07-CV-175-WHA-TFM**<br>) |
| **FORD MOTOR COMPANY, PONTIAC**<br>**COIL, INC., VISTEON CORPORATION,**<br>**et al.** | )<br>)<br>)<br>) |
| **Defendants.** | )<br>) |

## VISTEON CORPORATION'S ANSWER TO
## PLAINTIFF'S FIRST AMENDED COMPLAINT

NOW COMES, Visteon Corporation ("Visteon"), Defendant in the above styled cause and for its answer to Plaintiff's First Amended Complaint alleges as follows:

1.      Visteon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the complaint.

2.      Visteon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the complaint.

3.      Visteon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the complaint.

4.      Paragraph 4 of the complaint is not applicable to Visteon.

5.      To the extent that paragraph 5 of the complaint may be applicable to Visteon, Visteon denies the allegations contained therein.

6. To the extent that paragraph 6 of the complaint may be applicable to Visteon, Visteon denies the allegations contained therein.

7. To the extent that paragraph 7 of the complaint may be applicable to Visteon, Visteon denies the allegations contained therein.

8. Paragraph 8 of the complaint is not applicable to Visteon.

9. To the extent that paragraph 9 of the complaint applies to Visteon, Visteon denies the allegations contained therein.

10. Visteon denies the allegations contained in paragraph 10 of the complaint.

11. Visteon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the complaint.

12. Visteon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the complaint.

13. Visteon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the complaint.

14. Visteon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the complaint.

15. Visteon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the complaint.

16. Visteon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the complaint.

17. Visteon denies the allegations contained in paragraph 17 of the complaint.

18. Visteon denies the allegations contained in paragraph 18 of the complaint.

2

19.    The allegations contained in paragraph 19 of the complaint do not apply to Visteon.

20.    The allegations contained in paragraph 20 do require a response.

21.    To the extent that paragraph 21 may apply to Visteon, Visteon denies the allegations contained therein.

22.    Visteon denies the allegations contained in Paragraph 22 of the complaint.

23.    Visteon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the complaint.

24.    Visteon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the complaint.

25.    Visteon denies the allegations contained in paragraph 25 of the complaint.

26.    Visteon denies the allegations contained in paragraph 26 of the complaint.

27.    Visteon denies the allegations contained in paragraph 27 of the complaint.

28.    Visteon denies the allegations contained in paragraph 28 of the complaint.

29.    The allegations contained in paragraph 29 do not require a response.

30.    To the extent that paragraph 30 may apply to Visteon, Visteon denies the allegations contained therein.

31.    Visteon denies the allegations contained in paragraph 31 of the complaint.

32.    The allegations contained in paragraph 32 do not require a response.

33.    To the extent that paragraph 33 may apply to Visteon, Visteon denies the allegations contained therein.

34.    Visteon denies the allegations contained in paragraph 34 of the complaint.

35.    The allegations contained in paragraph 35 do not require a response.

36.     Visteon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the complaint.

37.     To the extent that paragraph 37 may apply to Visteon, Visteon denies the allegations contained therein.

38.     To the extent that paragraph 38 may apply to Visteon, Visteon denies the allegations contained therein.

39.     The allegations contained in paragraph 39 do not require a response.

40.     Visteon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the complaint.

41.     Visteon denies the allegations contained in paragraph 41 of the complaint. Visteon is a Delaware corporation with its principal place of business located at One Village Center Drive, Van Buren Township, Michigan.

42.     The allegations contained in paragraph 42 do not require a response.

43.     Visteon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the complaint.

44.     Visteon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the complaint.

45.     The allegations contained in paragraph 45 do not require a response.

46.     Visteon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the complaint.

47.     Visteon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the complaint.

48.     Visteon denies the allegations contained in paragraph 48 of the complaint.

49.    Visteon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the complaint.

50.    Visteon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the complaint.

51.    Visteon denies the allegations contained in paragraph 51 of the complaint.

52.    Visteon denies the allegations contained in paragraph 52 of the complaint.

53.    Visteon denies the allegations contained in paragraph 53 of the complaint.

54.    Visteon denies the allegations contained in paragraph 54 of the complaint.

55.    The allegations contained in paragraph 55 do not require a response.

56.    Paragraph 56 of the complaint does not apply to Visteon.

57.    Paragraph 57 of the complaint does not apply to Visteon.

58.    The allegations contained in paragraph 58 do not require a response.

59.    Visteon denies the allegations contained in paragraph 59 of the complaint.

60.    Visteon denies the allegations contained in paragraph 60 of the complaint.

61.    The allegations contained in paragraph 61 do not require a response.

62.    Visteon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the complaint.

63.    Visteon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of the complaint.

64.    Visteon denies the allegations contained in paragraph 64 of the complaint.

## GENERAL DENIAL

Visteon pleads the general denial and denies each and every material allegation of Plaintiff's complaint.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Visteon pleads the defense that the Court lacks subject matter jurisdiction without complete diversity and/or an amount in controversy exceeding $75,000.00.

### THIRD DEFENSE

Visteon pleads the defense of intervening, efficient cause. An intervening, efficient cause between any activity on the part of this Defendant and Plaintiff's alleged injuries and damages breaks any causal connection and provides a complete defense.

### FOURTH DEFENSE

Visteon pleads the defense of contributory negligence. The Plaintiff's claims against this Defendant are barred because the Plaintiff was guilty of negligence, which was the proximate cause of her alleged injuries and damages.

### FIFTH DEFENSE

Visteon pleads the defense of assumption of risk.

### SIXTH DEFENSE

Visteon asserts the defense of product misuse.

### SEVENTH DEFENSE

Visteon asserts the defense of lack of causal relation.

### EIGHTH DEFENSE

Visteon pleads the defense of statute of limitations and asserts that Plaintiff's claims against this Defendant are barred by the applicable statute of limitation.

## NINTH DEFENSE

Visteon pleads the affirmative defense that as a manufacturer it did not have a duty to warn about dangers that were common knowledge in the industry.

## TENTH DEFENSE

Visteon pleads the defense that Plaintiff failed to mitigate damages.

## ELEVENTH DEFENSE

Visteon pleads the defense that it complied with and met all applicable laws, regulations and industry standards, including ANSI, with regard to its product referred to in Plaintiff's Complaint.

## TWELFTH DEFENSE

Visteon pleads the defense of open and obvious dangers to a claim based on failure to warn.

## THIRTEENTH DEFENSE

Visteon pleads the defense of State of Art, and avers that the product as alleged in the Complaint was manufactured in a manner consistent with existing state of the art.

## FOURTEENTH DEFENSE

Visteon pleads the defenses of waiver, estoppel and laches.

## FIFTEENTH DEFENSE

Visteon states that venue is improper in the Circuit Court of Coffee County, Alabama and pleads the defense of forum non convenience.

## SIXTEENTH DEFENSE

Visteon asserts that Plaintiff has failed to join indispensable parties to this civil action.

## SEVENTEENTH DEFENSE

Visteon reserves the right to assert other defenses and claims when and if it becomes appropriate during this civil action.

## EIGHTEENTH DEFENSE

After any product left the possession and control of this Defendant, and without this Defendant's knowledge or approval, the product was redesigned, modified, altered, or subjected to treatment that substantially changed its character. Any alleged defect in the product resulted, if at all, from the redesigned, modification, alteration, treatment, or other change of the product after this Defendant relinquished possession and control over such product.

## NINETEENTH DEFENSE

The Plaintiff's Complaint is, in its essential nature, a claim for damages under the Alabama Extended Manufacturer's Liability Doctrine. As such, that doctrine subsumes all other causes of action and there can be no recovery except under the Alabama Extended Manufacturer's Liability Doctrine.

## TWENTITH DEFENSE

To the extent that the Plaintiff has received payment from any alleged joint tortfeasor in full satisfaction of any of the alleged injuries and/or claims against this Defendant and/or other alleged joint tortfeasors, the Plaintiff's Complaint in each and every count and cause of action alleged therein is barred by the defenses of payment and accord and satisfaction. Visteon further asserts the defense of set off.

## TWENTY-FIRST DEFENSE

With respect to Plaintiff's claim for punitive damages, Plaintiff's action for and pursuit of punitive damages herein, separately and severally, this Defendant adds and separately and severally assigns the following grounds:

1.    Visteon denies that it is guilty of conduct referable to which punitive damages could or should be awarded, and denies that Plaintiff has produced clear and convincing evidence sufficient to support or sustain the imposition of punitive damages against Visteon.

2.    Plaintiff's claims for the recovery of punitive damages are barred by and/or subject to all applicable limitations established by the Alabama legislature including those set forth in § 6-11-21, *et seq.*, Code of Alabama.

3.    Visteon denies that it was or has engaged in a pattern or practice of intentional wrongful conduct, and denies that Plaintiff has produced evidence sufficient to support or sustain a pattern or practice of intentional wrongful conduct by Visteon so as to justify an award of punitive damages.

4.    Plaintiff cannot recover punitive damages against Visteon because such an award, which is penal in nature, would violate Visteon's constitutional rights protected under the Alabama Constitution of 1901, as amended (the "Alabama Constitution"), and the Constitution of the United States (the 'United States Constitution"), unless Visteon is afforded the same procedural safeguards as are criminal defendants, including, but not limited to, the right to avoid self-incrimination, the right to forego production and disclosure of incriminating documents, and the right to the requirement of a level of proof beyond a reasonable doubt.

5.    Subjecting or affirming an award of punitive damages against Visteon in this case would amount to and constitute a denial of due process as afforded by the due process clause of

9

the Fourteenth Amendment to the United States Constitution, and by the due process clause of Art. I, Section 13 of the Alabama Constitution, as a deprivation of property without due process, or standards or criteria of due process, based upon the following grounds and circumstances, separately and severally assigned:

a)    Any award of punitive damages against Visteon under the evidence in this case would necessarily be based upon an evidentiary standard no higher or more than a standard of simple negligence, and not upon a standard of evidence beyond a reasonable doubt;

b)    There is a lack of reasonable standards necessary to instruct the jury on the propriety and amount of any punitive damage award, and such an award is subject to no predetermined limit;

c)    Use of the Alabama Pattern Jury Instructions *11.03* in instructing the jury as to the award of punitive damages, and the amount of such an award, does not provide sufficient guidance or standards for the award or amount of punitive damages;

d)    Any punitive damage award would not be subject to post- trial and judicial review on the basis of objective standards and criteria;

e)    The power and authority imposed upon the jury under Alabama law as to the amount of a punitive damage award is so relatively unfettered that there is lacking any reasonable or logical standard, uniformity, criteria or guidance in the assessment of the amount of the award of punitive damages;

f)    Under Alabama law and procedure, there is no objective, logical or rational relationship between the award, or the amount of the award, of punitive damages and Visteon's alleged wrongful or culpable conduct;

g)    Under Alabama law and procedure, there is no objective, logical or

10

rational relationship between the award, or the amount of the award, of punitive damages and the interests or goals of the State of Alabama referable to the imposition or allowance of punitive damages;

        h)      Under Alabama law and procedure, there is no objective or rational criteria for the amount of the award of punitive damages as relates or compares to the assessment of compensatory damages, or amount of compensatory damages;

        i)      In the event that a single verdict be mandated against all defendants herein for an award of punitive damages in this case, such a single verdict would be imposed regardless of the degree of culpability of a particular defendant, and such a non-apportionment rule could result in a joint and several verdict against all defendants whereby punitive damages could be assessed against one defendant based in part upon culpability of another defendant, and such a joint verdict in a single amount could be enforced against Visteon for any portion of that judgment regardless of Visteon's culpability, or relative culpability;

        j)      Should the Court require the award of punitive damages in a single joint and several verdict of one amount, an adoption of this non-apportionment rule would be contrary to the objective of punishing specific misconduct, and would be contrary to the objective of assessing punitive damages according to culpability of conduct;

        k)      Where a joint and several punitive damage award is mandated to be in a single amount, against each defendant, such a rule additionally violates a defendant's right to trial by jury as the jury would be prohibited from apportioning damages against the defendants according to the culpability of the conduct of the respective defendants;

        l)      An award of punitive damages would constitute an arbitrary and capricious taking of property of Visteon without due process of law;

m)      An award of punitive damages may be assessed against Visteon for unauthorized acts of its agent or agents without any additional requirement of knowledge or fault on the part of Visteon;

n)      An award of punitive damages may be assessed against Visteon "vicariously" as a principal without any further proof of independent wrongful conduct or ratification by Visteon;

o)      Alabama procedures, pursuant to which amounts of punitive damages are awarded, permit the imposition of different penalties for the same or similar acts;

p)      Under Alabama law and procedures governing the award and assessment of punitive damages, there is no objective, logical or reasonable standard or criteria, which governs the award, or the amount of the award, of punitive damages;

q)      The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Visteon;

r)      The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

s)      The procedures pursuant to which punitive damages are awarded fail to provide a clear post-trial or appellate standard of review for an award of punitive damages; and

t)      The procedures pursuant to which punitive damages are awarded may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined.

6.      To award punitive damages against Visteon in this case would violate the excessive fines provision of the Eighth Amendment to the United States Constitution and Art. I, Section 15 of the Alabama Constitution.

12

7.     To award punitive damages against Visteon in this case would have a chilling effect upon Visteon's rights to open access to the courts of this State, in violation of the United States Constitution and the Alabama Constitution, separately and severally.

8.     To award punitive damages against Visteon in this case would violate the commerce clause of the United States Constitution by chilling and impeding Visteon from engaging in interstate commerce, and such an award, if imposed, would constitute an undue and unreasonable burden on interstate commerce.

9.     Plaintiff is not entitled to punitive damages from Visteon pursuant to the facts as alleged in Plaintiff's complaint.

10.    Plaintiff's claims for punitive damages against Visteon are barred by the Fourteenth Amendment to the United States Constitution and by the Constitution of the State of Alabama.

11.    Based upon Alabama procedures relative to punitive damages, which provide no objective, logical, or reasonable standards or criteria which govern the award, and the amount of the award, of punitive damages, this defendant is denied equal protection of the laws as guaranteed by the Fourteenth Amendment to the United States Constitution, and Article 1, Sections 1, 6, and 22 of the Alabama Constitution, separately and severally.

12.    Plaintiff's complaint seeks to make this Defendant liable for punitive damages. The Supreme Court of the United States has issued opinions in the cases styled *BMW of North America, Inc.* v. *Gore,* 116 S.Ct 1589, 134 L.Ed. 2d 809 (1996), *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.,* 121 S.Ct 1678, 149 L.Ed 2d 674 (2001), and *State Farm Mutual Automobile Insurance Co. v. Campbell,* 123 S.Ct. 1513 (2003), on the issue of punitive damages. Defendant adopts by reference whatever defenses, criteria, limitations, standards, and

constitutional protections that are mandated or provided by the decisions of the Supreme Court of the United States in those cases.

13.    Plaintiff's claim for punitive damages violate the rights of this Defendant to due process and equal protection of the law as guaranteed by the Constitution of the United States and the Alabama Constitution in that the procedure for post-trial review of punitive damages set forth in *Hammond* v. *City of Gadsden* and *Green Oil Company v. Hornsby* is unconstitutionally vague and inadequate in the following respects:

(a) The *Hammond* and *Green Oil* procedure provides no clearly defined standard for courts to apply in reviewing punitive damages;

(b) The *Hammond* and *Green Oil* procedure provides inadequate review as to the need to deter, whether deterrence has been accomplished, and whether punishment is appropriate for this defendant;

(c) The *Hammond* and *Green Oil* procedure provides inadequate review and a vague standard regarding the relationship of the punitive damage award to the harm;

(d) The *Hammond* and *Green Oil* procedure does not address nor cure the lack of guidelines given the jury in the assessment of punitive damages;

(e) This procedure is inadequate in that the trial court according to *Hammond* and *Green Oil* "may" take certain factors into account and these procedures lack predictable and objective standards of review, allow for inconsistent application of the factors, and allow for unpredictable and inconsistent results; and

(f) The *Hammond* and *Green Oil* procedure fails to provide definite and meaningful constraints on jury discretion in awarding punitive damages.

Case 3:07-cv-00175-WHA-TFM    Document 33    Filed 11/26/2007    Page 15 of 16

14.     Defendant avers that Alabama Code § 8-8-10 (1975) is unconstitutional as it applies to the imposition of post-judgment interest to a punitive damages award.

15.     Defendant has acted at all times in compliance with all regulatory requirements under State and Federal law applicable to the phase of its operations complained of by Plaintiff so punitive damages cannot be awarded to Plaintiff.

16.     In the event, and to the extent that, the award of punitive damages, or the amount of the award of punitive damages under Alabama practice and procedure, is deemed to be governed by § 6-11-20, Ala. Code 1975, then, and to that extent, said section violates the Alabama Constitution and the United States Constitution, separately and severally, based upon the grounds enumerated and set forth in the foregoing paragraphs.

Robert H. Sprain, Jr. (ASB-4177-A38R)
Attorney for Visteon Corporation

*OF COUNSEL:*
*Sprain & Shires, P.C.*
*1707 29th Court South*
*Birmingham, Alabama 35209*
*Phone:        205-437-3232*
*Fax:          205-802-7083*
*Email: rhs@sprainlaw.com*

15

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing pleading on counsel by electronic filing with the Clerk through the CM/ECF system such that the counsel listed below will subsequently be served via email.

D. Michael Andrews, Esq.
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.
P.O. Box 4160
Montgomery, Alabama 36103-4160

Bradley J. McGiboney, Esq.
HUIE, FERNAMBUCQ 7 STEWART L.L.P.
2801 Highway 280 South, Suite 200
Birmingham, Alabama 35223

This the 26th day of November, 2007.

_____
Of Counsel