IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **MEREDITH CHADWICH RAY and PHILIP RAY,** | )<br>)<br>) |
| **Plaintiffs,** | )<br>) |
| v. | ) CIVIL ACTION NO. 3:07-CV-175<br>) |
| **FORD MOTOR COMPANY, PONTIAC COIL, INC.; VISTEON CORPORATION, et al.,** | )<br>)<br>) |
| **Defendants.** | ) |

**EVIDENTIARY SUBMISSION AND BRIEF IN SUPPORT
OF PONTIAC COIL, INC.'S MOTION TO DISMISS**

**COMES NOW** Pontiac Coil, Inc. ("Pontiac Coil" or "Defendant") and submits the following brief in support of its motion to dismiss for lack of personal jurisdiction and, in further support of that motion, submits the Affidavit of Michael Gidley.[1]  For the following reasons, Pontiac Coil's motion is due to be granted:

**I. Introduction of the Facts**

Plaintiffs Meredith Ray and Philip Ray's claims against Pontiac Coil are due to be dismissed because this Court does not have personal jurisdiction over Pontiac Coil.  There are insufficient contacts between Pontiac Coil and the State of Alabama to establish personal jurisdiction.

Pontiac Coil, Inc. is a Michigan corporation with its principle place of business in Clarkston, Michigan.  Pontiac Coil does not operate any facilities in the State of Alabama.

---

[1] Mr. Gidley's Affidavit is attached hereto as Exhibit A.

Pontiac Coil is in the business of manufacturing automobile component parts known as solonoid assemblies. Solonoid assemblies are a component of the brake transmission system lock. Pontiac Coil does not sell or market solonoid assemblies directly to Ford. Rather, the solonoid assemblies pass through additional intermediate suppliers prior to their purchase by Ford. (Aff. of Michael Gidley, ¶ 2). Without disassembling the column on the vehicle made the basis of this case and examining the solonoid assembly, it is impossible to determine whether or not the solonoid assembly in the vehicle was manufactured by Pontiac Coil. (Aff. of Michael Gidley, ¶ 3). Accordingly, the solonoid assembly has not been identified as one manufactured by Pontiac Coil.

Pontiac Coil has no agents or representatives located within the State of Alabama. Furthermore, Pontiac Coil does not have conduct business by agent in the State of Alabama. Pontiac Coil has no registered agent within the State of Alabama and Pontiac Coil does not conduct business with any Alabama entities. (Aff. of Michael Gidley, ¶ 4).

Pontiac Coil does not advertise nationally or within the State of Alabama. (Aff. of Michael Gidley, ¶ 5).

No person or entity authorized to accept service on behalf of Pontiac Coil resides or maintains an office in Alabama. Further, no officer, director, principal, or member of Pontiac Coil resides or maintains an office in Alabama. (Aff. of Michael Gidley, ¶ 8).

Pontiac Coil did not engage in any conduct, either persistent or occasional, with consumers in the State of Alabama. (Aff. of Michael Gidley, ¶ 9). Pontiac Coil did not transact, conduct, or solicit business in the State of Alabama, nor did it sell any products in the State of Alabama. (Aff. of Michael Gidley, ¶ 10). Pontiac Coil did not have any employees, officers,

servants, or agents in Alabama engaged in any conduct with the consumers of the State of Alabama.(Aff. of Michael Gidley, ¶ 16).

Pontiac Coil did not have an interest in, use or possess any real or personal property or any other asset located in Alabama. (Aff. of Michael Gidley, ¶ 17).

Pontiac Coil does not sell any products to the public nor does it sell products to customers in the State of Alabama. Moreover, Pontiac Coil does not sell products directly to Ford Motor Company. Rather, Pontiac Coil sells its products to intermediary suppliers. None of those suppliers are located in the State of Alabama. (Aff. of Michael Gidley, ¶ 18). Mr. Gidley's Affidavit further demonstrates the lack of any contacts between Pontiac Coil and the State of Alabama.

## II. Argument

When jurisdiction is challenged, the plaintiff has the burden of proving that jurisdiction exists. See Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A., 290 F.3d 42, 50 (1st Cir. 2002); see also Beasley v. Schuessler, 519 So. 2d 551, 553 (Ala. Civ. App. 1987); 5 C. Wright & A. Miller, *Federal Practice & Procedures*, § 1351 (2nd Ed. 1990). If a defendant makes a showing that the court has no personal jurisdiction, "the plaintiff is then required to substantiate the jurisdictional allegations in the complaint by affidavits or other competent proof, and he may not merely reiterate the factual allegations in the complaint." Future Tech Today, Inv. v. OSF Healthcare Sys., 218 F.3d 1247, 1449 (11th Cir. 2000); see also Mercantile Capital, LP v. Federal Transtel, Inc., 193 F. Supp. 2d 1243, 1247 (N.D. Ala. 2002).

It is well established in the Eleventh Circuit that in a case predicated on diversity, "a federal district court adjudicating a motion to dismiss for lack of personal jurisdiction must determine whether the assertion of jurisdiction comports with both state law and the due process requirements of the United States Constitution". Morris v. SSE, Inc., 843 F.2d 489, 492, n. 3

(11th Cir. 1988). Accordingly, personal jurisdiction involves a two-part inquiry, whereby the trial court must examine whether the exercise of jurisdiction over the defendant falls within a state's long-arm statute and to next determine whether the defendant has sufficient minimum contacts with the state such that the exercise of jurisdiction is consistent with the due process clause of the 14th Amendment to the United States Constitution. Alabama's long-arm statute, Rule 4.2 of Alabama's Rules of Civil Procedure, collapses this inquiry as it provides:

> "[a]n appropriate basis exists for service of process outside of this state upon a person or entity in any action in this state when the person or entity has such contacts with this state that the prosecution of the action against the person or entity in this state is not inconsistent with the constitution of this state or the Constitution of the United States . . ."

Ala. R. Civ. P. 4.2; see also Ex parte John Bufkin, 936 So. 2d 1042, 1045 (Ala. 2006). Because Alabama's long-arm statute extends the personal jurisdiction of Alabama courts to the limits of due process permissible under the Fourteenth Amendment to the United States Constitution and Article I, § 13 of the Constitution of Alabama, it is only necessary for this Court to determine whether personal jurisdiction is consistent with the Due Process Clause of the Fourteenth Amendment to the United States Constitution. See Morris, 843 F.2d at 492, n. 3.

To satisfy due process, Plaintiffs must show that Pontiac Coil has constitutionally sufficient minimum contacts with the State of Alabama for this Court to exercise personal jurisdiction over it. See International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).

Two forms of contacts can form a basis for personal jurisdiction: general contacts and specific contacts. See Consolidated Development Corp. v. Sherrit, Inc., 216 F.2d 1286, 1291 (11th Cir. 2000). General jurisdiction applies where a defendant's activities in the forum state are "continuous and systematic," regardless of whether those activities gave rise to the lawsuit. See Id. at 1992; see also Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 n. 9,

415 (1984). By contrast, a court has specific jurisdiction when a defendant has had few contacts with the forum state, but those contracts gave rise to the lawsuit. See Consolidated Development, 216 F.3d at 1291; see also Burger King Corp. v. Rudzeqicz, 471 U.S. 462, 472-75. Regardless of whether jurisdiction is alleged to be general or specific, the nexus between the defendant and the forum state "must come about by an action of the defendant [that was] purposefully directed toward the forum State." Asahi Metal Indus. Co. v. Superior Court of California, 480 U.S. 102, 112 (1987).

As demonstrated by Michael Gidley's Affidavit, Pontiac Coil has not had any continuous or systemic contacts with the State of Alabama. Accordingly, there is no general jurisdiction over Pontiac Coil. In addition, as demonstrated by Michael Gidley's Affidavit, there are no contacts between Pontiac Coil and the State of Alabama that could justify the imposition of specific jurisdiction in this matter.

Pontiac Coil is not subject to general jurisdiction in Alabama. Pontiac Coil is a Michigan corporation with its principle place of business in Clarkston, Michigan. (Affidavit of Michael Gidley, ¶ 2). Pontiac Coil, Inc. is a Michigan corporation with its principle place of business in Clarkston, Michigan. Pontiac Coil does not operate any facilities in the State of Alabama. (Aff. of Michael Gidley, ¶ 2).

As evidenced by Mr. Gidley's Affidavit, there are not sufficient contacts between Pontiac Coil and the State of Alabama upon which this Court can exercise personal jurisdiction over Pontiac Coil. The only arguable point of contact between Pontiac Coil and Alabama is the fact that Pontiac Coil may have manufactured the solonoid assembly which then passed through additional suppliers and may eventually have been incorporated by Ford into the vehicle made the basis of this lawsuit. In other words, the sole connection between Pontiac Coil and the State

of Alabama is the stream of commerce by which the solonoid assembly could have been incorporated into a vehicle which was then driven in Alabama.

The Eleventh Circuit addressed the question of personal jurisdiction in Morris v. SSE, Inc., 843 F.2d 489 (11th Cir. 1988). In Morris, the Eleventh Circuit addressed the question of whether sufficient minimum contacts existed to justify personal jurisdiction over the defendant. The claims in Morris arose out of a skydiving accident in which the decedent used equipment manufactured by the defendant and incorporated into the parachute system the decedent was using at the time of her death. The court noted that the defendant, SSE, sold the equipment it manufactured through distributors and dealers located in California, Illinois, and New York. The court noted that the test articulated by the plurality opinion in Asahi Metal Industry Co., Ltd. v. Superior Court of California, Selano County, 107 S. Ct. 1026 (1987) held that "merely placing a product into the stream of commerce, even with an awareness that the stream of commerce may or will sweep the product into the forum state is not enough to establish jurisdiction." (internal quotations omitted.) 843 F.2d at 493. The plurality opinion in Asahi required additional conduct to indicate an intent or purpose to serve the market in the forum state. Id. The Eleventh Circuit found that the defendant in Morris had repaired the component parts used in the parachute at issue in the case at the specific request of a company located in Theodore, Alabama. In addition, the court found that there was a reasonable inference that the defendant advertised in the State of Alabama. Accordingly, the court in Morris held that the defendant had sufficient minimum contacts to justify personal jurisdiction. In contrast, Pontiac Coil has no contacts with the State of Alabama. Pontiac Coil did not advertise or deal with customers within the State of Alabama.

In contrast to the facts before the Eleventh Circuit in Morris, the facts in this case establish that there was no purposeful availment or minimal contacts between Pontiac Coil and

the State of Alabama. Rather, the facts in this case establish that this is a case of pure stream of commerce by which a product manufactured by Pontiac Coil was incorporated into an automobile eventually used and operated in the State of Alabama. Furthermore, Pontiac Coil did not sell its product directly to Ford Motor Corporation, rather, the product was sold to an intermediate supplier.

In the Eleventh Circuit, the stream of commerce, standing alone, is insufficient to establish personal jurisdiction. In this case, the stream of commerce is the only connection between Pontiac Coil and Alabama. As evidenced by Mr. Gidley's Affidavit, Pontiac Coil has no offices, assets, facilities, agents, or employees in Alabama. Nor does Pontiac Coil advertise in Alabama or otherwise have any contacts with customers, banks, companies. or other entities in the State of Alabama. Unlike Morris, there is no additional conduct that could justify the imposition of personal jurisdiction over Pontiac Coil.[2] The Eleventh Circuit established in Morris that additional conduct on the part of a defendant is required in order to create personal jurisdiction within the state of Alabama. In this case, there is no additional conduct that could justify the exercise of personal jurisdiction. Pontiac Coil's motion to dismiss for lack of personal jurisdiction is, therefore, due to be granted.

WHEREFORE, Premises Considered, Pontiac Coil respectfully requests the Court to enter an Order dismissing it from this case for lack of personal jurisdiction.

---

[2] The Morris court also addressed the alternative test articulated by Justice Stevens in Asahi, and concluded that because skydiving was a hazardous activity, and because the defendant in Morris knew that it was sending a parachute component to Alabama, the imposition of personal jurisdiction was justified. Unlike Morris, the solonoid assembly in a vehicle is not a hazardous product. Moreover, unlike Morris, Pontiac Coil did not knowingly send any product directly to a consumer in Alabama.

Respectfully submitted,

s/Geoffrey S. Bald
John C. Morrow ASB-9424-O77J
Geoffrey S. Bald ASB-0768-D46G

Attorneys for Defendant
PONTIAC COIL, INC.

OF COUNSEL:
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email on this the 19th day of December, 2007:

D. Michael Andrews, Esq.
Beasley, Allen, Crow, Methvin,
Portis & Miles, P.C.
P.O. Box 4160
Montgomery, Alabama 36103-4160

Bradley J. McGiboney, Esq.
Huie, Fernambucq & Stewart L.L.P.
2801 Highway 280 South, Suite 200
Birmingham, Alabama 35223

Irene E. Blomenkamp, Esq.
Sprain & Meighen, P.C.
1707 29th Court South
Birmingham, Alabama 35209

s/Geoffrey S. Bald
Of Counsel

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MEREDITH CHADWICH RAY and PHILIP RAY, <br><br> Plaintiffs, <br><br> v. <br><br> FORD MOTOR COMPANY, PONTIAC COIL, INC.; VISTEON CORPORATION, et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION NO. 3:07-CV-175 <br> ) <br> ) <br> ) <br> ) <br> ) |

## AFFIDAVIT OF MICHAEL GIDLEY

STATE OF MICHIGAN   )
COUNTY OF OAKLAND )

Before me appeared the undersigned who, being duly sworn, deposes and says as follows:

1. My name is Michael Gidley. I am the Executive Vice President of Pontiac Coil, Inc. I am over the age of nineteen and I have personal knowledge of the facts and matters stated herein.

2. Pontiac Coil, Inc. ("Pontiac Coil") is a Michigan corporation with its principle place of business in Clarkston, Michigan. Pontiac Coil does not operate any facilities in the State of Alabama. Pontiac Coil does not have any assets located in Alabama. Pontiac Coil is in the business of manufacturing automobile component parts. Specifically, with respect to the allegations in this case, Pontiac Coil manufactures a component part known as a solonoid assembly, which is a part of the brake transmission system lock. Pontiac Coil does not sell or market solonoid assemblies directly to Ford. Rather, the solonoid assemblies pass through two

1622434 v1

additional intermediate suppliers prior to their purchase by Ford. This includes Visteon Corporation, another party defendant in this case.

3. Without disassembling the column on the vehicle made the basis of this case and directly examining the solonoid assembly, it is impossible to determine whether or not the solonoid assembly in the vehicle was manufactured by Pontiac Coil.

4. Pontiac Coil has no agents or representatives located within the State of Alabama. Furthermore, Pontiac Coil does not conduct business by agent in the State of Alabama. Pontiac Coil has no registered agent within the State of Alabama and Pontiac Coil does not conduct business with any Alabama entities.

5. Pontiac Coil does not advertise nationally or within the State of Alabama.

6. Pontiac Coil is not qualified, authorized, or registered to conduct business in Alabama. Pontiac Coil has never entered into any contract in Alabama, has never entered into a contract with an Alabama resident, and has never entered into a contract to be performed in Alabama.

7. Pontiac Coil has never paid taxes in Alabama, has never owned, rented, purchased, or leased any real or personal property in Alabama.

8. No person or entity authorized to accept service on behalf of Pontiac Coil resides or maintains an office in Alabama. Further, no officer, director, principal, or member of Pontiac Coil resides or maintains an office in Alabama.

9. Pontiac Coil did not engage in any conduct, either persistent or occasional, with consumers in the State of Alabama.

10. Pontiac Coil did not transact, conduct, or solicit business in the State of Alabama, nor did it sell any products in the State of Alabama.

11. Pontiac Coil does not provide advice or service, including repairs, to customers in Alabama.

12. Pontiac Coil has never applied for a loan or acted as a guarantee or co-signor on a bank loan in Alabama.

13. Pontiac Coil has never maintained any records, bank accounts, payroll records, books of account, or any other business record in Alabama.

14. Pontiac Coil has never initiated litigation in Alabama and has never consented to personal jurisdiction of a court in Alabama.

15. Pontiac Coil did not install any component parts into the automobile made the basis of this action and did not service, maintain, or repair the automobile made the basis of this action.

16. Pontiac Coil did not have any employees, officers, servants, or agents in Alabama engaged in any conduct with the consumers of the State of Alabama. Pontiac Coil does not have any distributors in the State of Alabama.

17. Pontiac Coil did not have an interest in, use or possess any real or personal property or any other asset located in Alabama.

18. Pontiac Coil does not sell any products to the public nor does it sell products to customers in the State of Alabama. Moreover, Pontiac Coil does not sell products directly to Ford Motor Company. Rather, Pontiac Coil sells its products to intermediary suppliers. None of those suppliers are located in the State of Alabama.

**FURTHER AFFIANT SAYETH NAUGHT.**

_____
MICHAEL GIDLEY

STATE OF _MICHIGAN_    )

COUNTY OF _OAKLAND_    )

I, _Cynthia Mood_, a Notary Public in and for said County in said State, hereby certify that Michael Gidley, whose name is signed to the foregoing Affidavit, and who is known to me, acknowledged before me on this day that, being informed of the contents of such instrument, he, as such officer and with full authority, executed the same voluntarily for and as the act of said corporation.

Given under my hand and seal, this ___19th___ day of December, 2007.

_Cynthia Mood_
NOTARY PUBLIC

[SEAL]

My Commission Expires: _April 5, 2013_

1622434 v1                                4