### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF ALABAMA
### EASTERN DIVISION

| | |
|---|---|
| MEREDITH CHADWICK RAY and PHILLIP RAY, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civil Action No.: 3:07CV175-WHA ) |
| FORD MOTOR COMPANY, | ) ) |
| Defendant. | ) |

### MOTION FOR ENTRY OF PROTECTIVE ORDER ON CONFIDENTIALITY

COMES NOW the Defendant, FORD MOTOR COMPANY ("Ford"), and moves this Court for a Protective Order concerning proprietary and confidential information and in support of this Motion, shows unto the Court as follows:

1. This litigation claims product defect in the design, assembly and manufacture of a 2002 Mercury Mountaineer.

2. It is anticipated that Defendant will be providing Plaintiffs with documents which are confidential, proprietary in nature in accordance with this Court's Order on Initial Disclosures. In addition, it is expected that Plaintiffs will serve certain separate discovery requests to Ford Motor Company requesting additional information, documents and things concerning the vehicle in question. Additionally, Ford produced certain documents during a FRCP 30(b)(6) corporate representative deposition that are confidential and proprietary in nature until an appropriate Protective Order has been entered.

3. Counsel for Ford has provided Plaintiffs' counsel a Joint Stipulated Protective Order on two separate occasions (*see* correspondence dated October 30, 2007 and November 9, 2007, attached as Exhibits "A" and "B"), and contacted Plaintiffs' counsel on December 19, 2007 attempting to come to an agreement regarding the Protective Order. As of

the filing of this Motion, counsel for Ford has received no response from counsel for Plaintiffs regarding the Joint Stipulated Protective Order.

4. Some of the documents and things requested and anticipated to be requested constitute confidential and proprietary materials and information which are the property of this Defendant and which materials and information were created or required by this Defendant as the result of the private, proprietary design research in the course of engineering, design, development and testing by engineers and employees of the Defendant. Such documents are confidential and proprietary in nature. They represent expensive and time-consuming efforts on the part of this Defendant, its engineering staff and personnel in the design and development of products manufactured, designed and marketed by the Defendant.

5. This Defendant is in competition with other manufacturers for the marketing of automobiles, and unrestricted production of such materials without some assurance of confidentiality would place this Defendant at a severe competitive disadvantage with respect to their competitors.

6. The documents requested and/or anticipated to be requested by the Plaintiffs in this case (i.e., design drawings, internal quality assurance procedures, pre-production testing, design protocol, internal communications, etc.) in and of themselves specifically identify highly-sensitive, confidential and proprietary information which is at the very heart of production, design and sale of automobiles and components by this Defendant.

7. Ford moves this Court to enter the Protective Order attached hereto requiring that such confidential, proprietary materials and information not be disclosed by Plaintiffs, Plaintiffs' counsel nor any other person; except as specified in said Order, that such materials be held as confidential by Plaintiffs and Plaintiffs' counsel and others to whom this material is disseminated pursuant to said Order; and that such confidential materials be used <u>only</u> as provided for in said Order. Ford does not seek to completely prevent discovery of such materials and information, to the extent that the requested materials and information are

relevant to this litigation or could reasonably lead to the discovery of admissible evidence and does not impose an undue burden on the Defendant. The Defendant does, however, seek to obtain assurances by this Court's Order that they will not be placed at a competitive disadvantage by the unrestricted dissemination of secret processes, development, research, design criteria, design drawings and other internal documentation.

8. Ford further moves this Court for an Order requiring that in the event that such materials are to be provided to or shown to consultants or potential expert witnesses by Plaintiffs or Plaintiffs' counsel, then such consultants or expert witnesses be instructed by the Plaintiffs or Plaintiffs' counsel that such documents and materials are confidential in nature and, that by Order of this Court, such materials are to be treated as confidential and are to be used only as provided for in said Protective Order. Ford would further move for an Order that, upon conclusion of this litigation, all such materials and all copies of such materials be returned to Ford. Such Orders by this Court are reasonable and necessary to protect the Defendant from the oppression and expense which would result by disclosing their secret processes, designs, developments and research.

9. Ford further moves this Court for an Order as described above as the Defendant anticipates that it will be producing for discovery and for use in trial highly-sensitive, internal test protocol for automobile testing and test results.

WHEREFORE, PREMISES CONSIDERED, Ford respectfully requests that this Court enter the attached Protective Order on Confidentiality protecting all documents to be produced in this case.

/s/ Bradley J. McGiboney
D. Alan Thomas (dat@hfsllp.com)
Bradley J. McGiboney (bjm@hfsllp.com)

**OF COUNSEL:**
Huie, Fernambucq & Stewart, LLP
Three Protective Center
2801 Highway 280 South, Suite 200
Birmingham, Alabama 35223
(205) 251-1193

ATTORNEYS FOR DEFENDANT
FORD MOTOR COMPANY


**CERTIFICATE OF SERVICE**

      I hereby certify that I have this date electronically filed the foregoing document with the Clerk of Court using the CM/ECF system to the following CM/ECF participants:

D. Michael Andrews, Esq. (mike.andrews@beasleyallen.com)
BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.
P. O. Box 4160
Montgomery, AL 36104

John C. Morrow, Esq. (jmorrow@burr.com)
Geoffrey S. Bald, Esq. (gbald@burr.com)
BURR & FORMAN, LLP
420 North 20th Street
Suite 3400
Birmingham, AL 35203

Robert H. Sprain, Jr., Esq. (rhs@sprainlaw.com)
Irene Elizabeth Blomenkamp, Esq. (ireneblomenkamp@aol.com)
SPRAIN & MEIGHEN, P.C.
1707 29th Court South
Birmingham, AL 35209

      Dated January 14, 2008.

                                                /s/ Bradley J. McGiboney
                                                Of Counsel

# HUIE, FERNAMBUCQ & STEWART, LLP
### ATTORNEYS AT LAW

| | | | | |
|---|---|---|---|---|
| EUGENE D. MARTENSON<br>STANLEY A. CASH<br>JAMES R. SHAW<br>ROBERT M. GIRARDEAU<br>JOHN S. CIVILS, JR.<br>FRANK E. LANKFORD, JR.<br>M. KEITH GANN<br>CHARLES H. CLARK, JR.<br>JOHN D. HERNDON<br>J. ALLEN SYDNOR, JR.<br>D. ALAN THOMAS<br>WILLIAM G. GANTT<br>T. KELLY MAY<br>CHRISTOPHER S. RODGERS<br>WALTER J. PRICE, III<br>H. LANIER BROWN, II | GREGORY L. SCHUCK<br>PHILIP R. COLLINS<br>THOMAS E. BAZEMORE, III<br>R. GORDON SPROULE, JR.*<br>MARTHA LEACH THOMPSON<br>PAUL F. MALEK**<br>H. CANNON LAWLEY<br>ANNA-KATHERINE G. BOWMAN<br>JANE G. HALL<br>C. JEFFERY ASH<br>JENNIFER D. SEGERS<br>MICHELLE K. PIERONI<br>BRADLEY J. McGIBONEY<br>DAVID L. BROWN, JR.<br>J. PATRICK STRUBEL<br>GERALD C. BROOKS, JR.*** | THREE PROTECTIVE CENTER<br>2801 HIGHWAY 280 SOUTH<br>SUITE 200<br>BIRMINGHAM, ALABAMA 35223-2484<br>TELEPHONE (205) 251-1193<br>FACSIMILE (205) 251-1256<br>WWW.HFSLLP.COM<br><br>Direct Dial: 205/297-8820<br>Email: bjm@hfsllp.com | CHARLES J. FLEMING, JR.<br>S.A. BRADLEY BAKER, III<br>JASON M. KIRSCHBERG<br>M. JEREMY DOTSON<br>JOSEPH R. DUNCAN, JR.<br>DAVID M. FLEMING<br>JEFFREY N. WINDHAM<br>JAMES R. LAWRENCE, III<br>JOHN I. SOUTHERLAND<br>DOUGLAS R. KENDRICK<br>JACOB W. CRAWFORD<br>J. BRANNON MANER<br>GORDON J. BRADY, III<br>R. CADE PARIAN<br>MICHAEL T. SCIVLEY<br>LUCAS C. MONTGOMERY | ALSO MEMBER<br>*GEORGIA BAR<br>**KENTUCKY BAR<br>***MISSISSIPPI BAR<br><br>THOMAS B. HUIE<br>1915-1990<br>WILLIAM B. FERNAMBUCQ<br>1922-1997<br>CHARLES A. STEWART, JR.<br>1923-1983 |

October 30, 2007

D. Michael Andrews, Esq.
BEASLEY, ALLEN, CROW, METHVIN,
 PORTIS & MILES, P.C.
P. O. Box 4160
Montgomery, AL 36104

    RE:    *Meredith Chadwick Ray and Phillip Ray v. Ford Motor Company*

Dear Mike:

I am enclosing a Stipulated Protective Order for your review. Please review it and, if it meets with your approval, return the executed document to me at your earliest convenience.

Should you have any questions or comments, do not hesitate to contact me at the above number. With best regards, I am

          Sincerely yours,

          HUIE, FERNAMBUCQ & STEWART, LLP

          By:    *Bradley J. McGiboney*
                 Bradley J. McGiboney

BJM/jct
Enclosure

# HUIE, FERNAMBUCQ & STEWART, LLP

ATTORNEYS AT LAW

EUGENE D. MARTENSON
STANLEY A. CASH
JAMES R. SHAW
ROBERT M. GIRARDEAU
JOHN S. CIVILS, JR.
FRANK E. LANKFORD, JR.
M. KEITH GANN
CHARLES H. CLARK, JR.
JOHN D. HERNDON
J. ALLEN SYDNOR, JR.
D. ALAN THOMAS
WILLIAM G. GANTT
T. KELLY MAY
CHRISTOPHER S. RODGERS
WALTER J. PRICE, III
H. LANIER BROWN, II

GREGORY L. SCHUCK
PHILIP R. COLLINS
THOMAS E. BAZEMORE, III
R. GORDON SPROULE, JR.*
MARTHA LEACH THOMPSON
PAUL F. MALEK**
H. CANNON LAWLEY
ANNA-KATHERINE G. BOWMAN
JANE G. HALL
C. JEFFERY ASH
JENNIFER D. SEGERS
MICHELLE K. PIERONI
BRADLEY J. McGIBONEY
DAVID L. BROWN, JR.
J. PATRICK STRUBEL
GERALD C. BROOKS, JR.***

THREE PROTECTIVE CENTER
2801 HIGHWAY 280 SOUTH
SUITE 200
BIRMINGHAM, ALABAMA 35223-2484
TELEPHONE (205) 251-1193
FACSIMILE (205) 251-1256
WWW.HFSLLP.COM

Direct Dial: 205/297-8820
Email: bjm@hfsllp.com

CHARLES J. FLEMING, JR.
S.A. BRADLEY BAKER, III
JASON M. KIRSCHBERG
M. JEREMY DOTSON
JOSEPH R. DUNCAN, JR.
DAVID M. FLEMING
JEFFREY N. WINDHAM
JAMES R. LAWRENCE, III
JOHN I. SOUTHERLAND
DOUGLAS R. KENDRICK
JACOB W. CRAWFORD
J. BRANNON MANER
GORDON J. BRADY, III
R. CADE PARIAN
MICHAEL T. SCIVLEY
LUCAS C. MONTGOMERY

ALSO MEMBER
*GEORGIA BAR
**KENTUCKY BAR
***MISSISSIPPI BAR

THOMAS B. HUIE
1915-1990
WILLIAM B. FERNAMBUCQ
1922-1997
CHARLES A. STEWART, JR.
1923-1983

November 9, 2007

D. Michael Andrews, Esq.
BEASLEY, ALLEN, CROW, METHVIN,
 PORTIS & MILES, P.C.
P. O. Box 4160
Montgomery, AL 36104

    RE:    *Meredith Chadwick Ray and Phillip Ray v. Ford Motor Company*

Dear Mike:

On October 30, 2007 I forwarded to you a Stipulated Protective Order for your review. Please let me know if you will agree to this Protective Order or if I need to file a motion with the Court.

Thank you for your attention to this matter. With best regards, I am

    Sincerely yours,

    HUIE, FERNAMBUCQ & STEWART, LLP

    By: *Bradley J. McGiboney*
         Bradley J. McGiboney

BJM/mab

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | |
|---|---|
| MEREDITH CHADWICK RAY and PHILLIP RAY, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Civil Action No.: 3:07CV175-WHA |
| FORD MOTOR COMPANY, | ) ) ) |
| Defendant. | ) |

**PROTECTIVE ORDER ON CONFIDENTIALITY**

In order to preserve and maintain the confidentiality of certain confidential, commercial and proprietary documents to be produced by FORD MOTOR COMPANY ("Ford") in this action, it is ordered that:

1. Documents to be produced by Ford in this litigation which contain confidential information shall hereafter be referred to as "Protected Documents." Any document or any information designated as "Subject to Protective Order," "Confidential," or other similar language in accordance with the provisions of this Order shall only be used, shown or disclosed as provided in this Order.

2. As used in this Order, the term "documents" means all written material, videotapes and all other tangible items, produced in whatever format (e.g., hard copy, electronic, digital, etc.) and on whatever media (e.g., hard copy, videotape, computer diskette, CD-ROM, DVD, hard drive or otherwise).

3. The burden of proving that a Protected Document contains confidential technical information is on Ford. Prior to designating any material as "Confidential," Ford must make a bona fide determination that the material is, in fact, a trade secret, confidential technical information or other commercially sensitive information, the dissemination of which would damage Ford's competitive position. If a party disagrees with the "Confidential" designation of

1

any document, the party will so notify Ford in writing. Ford will timely apply to this Court to set a hearing for the purpose of establishing that said document is confidential. If the parties are unable to agree, Ford will then timely apply to this Court to set a hearing for the purpose of establishing that said document is confidential. Any document so marked as "Confidential" will continue to be treated as such pending determination by the Court as to its confidential status.

4. The designation of Protected Documents may be made by marking or placing the notice "Subject to Protective Order" or substantially similar notice, on the document, or, where a copy of the original document is to be produced, on that copy.

5. Protected Documents and any copies thereof received pursuant to paragraph 6 below shall be maintained confidential by the receiving party, his/her attorney, other representatives, and expert witnesses, and shall be used only for preparation for the trial of this matter, subject to the limitations set forth herein.

6. Protected Documents shall be disclosed only to "Qualified Persons." Qualified Persons are limited to:

    a. Counsel of Record for the parties, and the parties;

    b. Non-technical and clerical staff employed by Counsel of Record and involved in the preparation and trial of this action;

    c. Experts and non-attorney consultants retained by the parties for the preparation or trial of this case, provided that no disclosure shall be made to any expert or consultant who is employed by a competitor of Ford;

    d. The Court, the Court's staff, witnesses, and the jury in this case; and

    e. Attorneys representing Plaintiffs and the experts and consultants retained by Plaintiffs in other cases pending against Ford involving a 2002 Mercury Mountaineer and the same allegations asserted in this case, provided that no disclosure shall be made to any expert or consultant who is employed by a competitor of Ford.

7. Plaintiffs' Counsel must make reasonable efforts to insure the individuals described in paragraphs 6(b), 6(c) and 6(e) above are "Qualified Persons" and must provide to Ford advance notice of the names of such "Qualified Persons" with whom the Protected Documents will be shared.

8. Before receiving access to any Protected Document or the information contained therein, each person described in paragraphs 6(b), 6(c) and 6(e) above shall execute a "Written Assurance" in the form contained in Exhibit A, attached hereto. Counsel for Plaintiffs shall retain each such executed "Written Assurance" and shall keep a list identifying (a) all persons described in paragraphs 6(b), 6(c) and 6(e) above to whom Protected Documents have been disclosed, and (b) all Protected Documents disclosed to such persons. Each such executed written assurance and list shall be submitted to counsel for Ford within seven (7) days of the disclosure of Protected Documents under this Order and at the termination of this litigation.

9. As the Protected Documents may only be distributed to "Qualified Persons," Plaintiffs' Counsel, and all persons described in paragraph 6 above, may not post Protected Documents on any website or internet accessible document repository.

10. To the extent that Protected Documents or information obtained therefrom are used in the taking of depositions and/or used as exhibits at trial, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony and/or trial testimony dealing with the Protected Documents or information.

11. All documents that are filed with the Court that contain any portion of any Protected Document or information taken from any Protected Document shall be filed in a sealed envelope or other appropriate sealed container on which shall be endorsed the title of the action to which it pertains, an indication of the nature of the contents of such sealed envelope or other container, the phrase "Subject To Protective Order," and a statement substantially in the following form: "This envelope or container shall not be opened without

order of the Court, except by officers of the Court and counsel of record, who, after reviewing the contents, shall return them to the clerk in a sealed envelope or container."

12. Any court reporter or transcriber who reports or transcribes testimony in this action shall agree that all "confidential" information designated as such under this Order shall remain "confidential" and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

13. Counsel for the parties shall not be required to return the Protected Documents to Ford after the conclusion of this case and may retain the documents pursuant to the terms of this Order.

14. To the extent Ford is requested to produce documents it feels should not be subject to the sharing provisions of this protective order, Ford does not waive its right to subsequently request that the parties enter into a non-sharing protective order prior to the production of any such documents.

15. Inadvertent or unintentional production of documents or information containing information which should have been designated as "confidential" shall not be deemed a waiver in whole or in part of the party's claims of confidentiality.

16. This Protective Order may not be waived, modified, abandoned or terminated, in whole or part, except by an instrument in writing signed by the parties. If any provision of this Protective Order shall be held invalid for any reason whatsoever, the remaining provisions shall not be affected thereby.

17. After termination of this litigation, the provisions of this Order shall continue to be binding. This Court retains and shall have jurisdiction over the parties and recipients of the Protected Documents for enforcement of the provisions of this Order following termination of this litigation.

18. This Protective Order shall be binding upon the parties hereto, upon their attorneys, and upon the parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

19. All persons described in paragraph 6 above shall not under any circumstance sell, offer for sale, advertise, or publicize either the Protected Documents and the Confidential information contained therein or the fact that such persons have obtained Ford's Protected Documents and Confidential information.

So Ordered, this ____ day of _____, 200__.

_____
Judge

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | |
|---|---|
| MEREDITH CHADWICK RAY and PHILLIP RAY, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>FORD MOTOR COMPANY, )<br>)<br>Defendant. ) | Civil Action No.: 3:07CV175-WHA |

**AFFIDAVIT OF** _____, being duly sworn and personally appearing before the undersigned attesting officer, duly authorized by law to administer oaths, deposes and says that the within statements are true and correct:

1.

I have read the Stipulated Protective Order attached hereto and I understand its terms and meanings.

2.

I agree that my signature below submits me to the jurisdiction of the United States District Court for the Middle District of Alabama in which the action of Meredith Chadwick Ray and Phillip Ray v. Ford Motor Company, Case No. 3:07CV175-WHA, is pending, and binds me to the provisions of the Stipulated Protective Order, including to all promises undertaken in the Order, as if originally agreed by me.

Further Affiant sayeth not.

This _____ day of _____, 200__.

_____
AFFIANT


SUBSCRIBED AND SWORN to before me
this _____ day of _____,
200___.

_____
NOTARY PUBLIC

My Commission Expires: _____