IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MEREDITH CHADWICK RAY and PHILLIP RAY, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Civil Action No.: 3:07-cv-175-WHA |
| FORD MOTOR COMPANY, | ) ) ) |
| Defendant. | ) |

**PROTECTIVE ORDER**

Upon consideration of Defendant's *Motion for Entry of Protective Order on Confidentiality* (Doc. 43, filed January 14, 2008), it is **ORDERED** that the motion is **GRANTED**. Accordingly, in order to preserve and maintain the confidentiality of certain confidential, commercial and proprietary documents to be produced by FORD MOTOR COMPANY, the parties and all interested non-parties shall be governed as follows:

1.  Documents to be produced by Ford in this litigation which contain confidential information shall hereafter be referred to as "Protected Documents." Any document or any information designated as "Subject to Protective Order," "Confidential," or other similar language in accordance with the provisions of this Order shall only be used, shown or disclosed as provided in this Order.

2.  As used in this Order, the term "documents" means all written material, videotapes and all other tangible items, produced in whatever format (e.g., hard copy,

electronic, digital, etc.) and on whatever media (e.g., hard copy, videotape, computer diskette, CD-ROM, DVD, hard drive or otherwise).

3. The burden of proving that a Protected Document contains confidential technical information is on Ford. Prior to designating any material as "Confidential," Ford must make a bona fide determination that the material is, in fact, a trade secret, confidential technical information or other commercially sensitive information, the dissemination of which would damage Ford's competitive position. If a party disagrees with the "Confidential" designation of any document, the party will so notify Ford in writing. Ford will timely apply to this Court to set a hearing for the purpose of establishing that said document is confidential. If the parties are unable to agree, Ford will then timely apply to this Court to set a hearing for the purpose of establishing that said document is confidential. Any document so marked as "Confidential" will continue to be treated as such pending determination by the Court as to its confidential status.

4. The designation of Protected Documents may be made by marking or placing the notice "Subject to Protective Order" or substantially similar notice, on the document, or, where a copy of the original document is to be produced, on that copy.

5. Protected Documents and any copies thereof received pursuant to paragraph 6 below shall be maintained confidential by the receiving party, his/her attorney, other representatives, and expert witnesses, and shall be used only for preparation for the trial of this matter, subject to the limitations set forth herein.

6. Protected Documents shall be disclosed only to "Qualified Persons." Qualified Persons are limited to:

   a. Counsel of Record for the parties, and the parties;

   b. Non-technical and clerical staff employed by Counsel of Record and involved in the preparation and trial of this action;

   c. Experts and non-attorney consultants retained by the parties for the preparation or trial of this case, provided that no disclosure shall be made to any expert or consultant who is employed by a competitor of Ford;

   d. The Court, the Court's staff, witnesses, and the jury in this case; and

   e. Attorneys representing Plaintiffs and the experts and consultants retained by Plaintiffs in other cases pending against Ford involving a 2002 Mercury Mountaineer and the same allegations asserted in this case, provided that no disclosure shall be made to any expert or consultant who is employed by a competitor of Ford.

7. Plaintiffs' Counsel must make reasonable efforts to insure the individuals described in paragraphs 6(b), 6(c) and 6(e) above are "Qualified Persons" and must provide to Ford advance notice of the names of such "Qualified Persons" with whom the Protected Documents will be shared.

8. Before receiving access to any Protected Document or the information contained therein, each person described in paragraphs 6(b), 6(c) and 6(e) above shall

execute a "Written Assurance" in the form contained in Exhibit A, attached hereto. Counsel for Plaintiffs shall retain each such executed "Written Assurance" and shall keep a list identifying (a) all persons described in paragraphs 6(b), 6(c) and 6(e) above to whom Protected Documents have been disclosed, and (b) all Protected Documents disclosed to such persons. Each such executed written assurance and list shall be submitted to counsel for Ford within seven (7) days of the disclosure of Protected Documents under this Order and at the termination of this litigation.

9.   As the Protected Documents may only be distributed to "Qualified Persons," Plaintiffs' Counsel, and all persons described in paragraph 6 above, may not post Protected Documents on any website or internet accessible document repository.

10.   To the extent that Protected Documents or information obtained therefrom are used in the taking of depositions and/or used as exhibits at trial, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony and/or trial testimony dealing with the Protected Documents or information.

11.   All documents that are filed with the Court that contain any portion of any Protected Document or information taken from any Protected Document shall be filed in a sealed envelope or other appropriate sealed container on which shall be endorsed the title of the action to which it pertains, an indication of the nature of the contents of such sealed envelope or other container, the phrase "Subject To Protective Order," and a statement substantially in the following form: "This envelope or container shall not be opened without

order of the Court, except by officers of the Court and counsel of record, who, after reviewing the contents, shall return them to the clerk in a sealed envelope or container."

12. Any court reporter or transcriber who reports or transcribes testimony in this action shall agree that all "confidential" information designated as such under this Order shall remain "confidential" and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

13. Counsel for the parties shall not be required to return the Protected Documents to Ford after the conclusion of this case and may retain the documents pursuant to the terms of this Order.

14. To the extent Ford is requested to produce documents it feels should not be subject to the sharing provisions of this protective order, Ford does not waive its right to subsequently request that the parties enter into a non-sharing protective order prior to the production of any such documents.

15. Inadvertent or unintentional production of documents or information containing information which should have been designated as "confidential" shall not be deemed a waiver in whole or in part of the party's claims of confidentiality.

16. This Protective Order may not be waived, modified, abandoned or terminated, in whole or part, except by an instrument in writing signed by the parties. If any provision of this Protective Order shall be held invalid for any reason whatsoever, the remaining provisions shall not be affected thereby.

17.     After termination of this litigation, the provisions of this Order shall continue to be binding. This Court retains and shall have jurisdiction over the parties and recipients of the Protected Documents for enforcement of the provisions of this Order following termination of this litigation.

18.     This Protective Order shall be binding upon the parties hereto, upon their attorneys, and upon the parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

19.     All persons described in paragraph 6 above shall not under any circumstance sell, offer for sale, advertise, or publicize either the Protected Documents and the Confidential information contained therein or the fact that such persons have obtained Ford's Protected Documents and Confidential information.

DONE this 25th day of January, 2008.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE