**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | |
|---|---|
| MEREDITH CHADWICK RAY and PHILLIP RAY, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civil Action No.: 3:07CV175-WHA ) |
| FORD MOTOR COMPANY, | ) ) |
| Defendant. | ) |

**OBJECTION, MOTION FOR PROTECTIVE ORDER,
AND MOTION TO QUASH PLAINTIFFS' NOTICES OF TAKING DEPOSITIONS**

COMES NOW the Defendant, FORD MOTOR COMPANY, and pursuant to Federal Rule of Civil Procedure 26(c), submits the following Objection, Motion for Protective Order and Motion to Quash Plaintiffs' Notice of the Videotaped Deposition of Melinda Earlywine and Notice of the Videotaped Deposition of Terry Earlywine:

**INTRODUCTION**

This product liability lawsuit was filed by Plaintiffs Meredith Chadwick Ray and Phillip Ray on February 27, 2007. According to the Complaint and applicable discovery, Mrs. Ray left Lauren Chadwick (approximately 3 years old) and Emily Grace Ray (approximately 10 months old) in the subject 2002 Mercury Mountaineer, with the key in the ignition and the vehicle running, while she exited the vehicle. While returning to the vehicle after a short period of time, she noticed Lauren climbing from the driver's seat into the back seat. According to Plaintiffs' claim, while the vehicle was running, Lauren shifted the transmission out of Park into Drive and pinned Mrs. Ray between the vehicle and the building. Plaintiffs allege a defect in the vehicle's brake shift interlock system allowed the vehicle to be shifted out of Park and into Drive without depressing the brake.

## **PROCEDURAL HISTORY**

Ford has attempted to schedule a disassembly and inspection of the steering column in order to examine the applicable components of the brake shift interlock system for some period of time. Ford has offered numerous dates to complete this vehicle inspection and disassembly; however, Plaintiffs have failed to respond with available dates. The scheduling of this vehicle inspection and disassembly has been hampered by the addition of two new Defendants, Pontiac Coil, Inc., and Visteon Corporation, in Plaintiffs' Amended Complaint filed on October 15, 2007.

Plaintiffs' counsel questioned Mr. Taylor, Ford's 30(b)(6) representative, about any other brake shift interlock cases involving a UN152 vehicle, the platform of the subject 2002 Mercury Mountaineer. Mr. Taylor testified during his deposition that he was aware of only one other claim involving an alleged defect with the brake shift interlock system of a UN152 vehicle. The one other UN152 brake shift interlock claim known by Mr. Taylor was made by Melinda and Terry Earlywine. However, as explained below, there is nothing else about these two (2) claims that are similar.

Plaintiffs' counsel sent correspondence to defense counsel on January 3, 2008, indicating that he planned to depose "OSI witness Melinda Earlywine the morning of Tuesday, February 5 in Burlingame, California." A copy of this correspondence is attached as Exhibit "A". In response to this letter, Ford's counsel sent a letter to Plaintiffs' counsel and all attorneys of record requesting that the disassembly and vehicle inspection which had previously been discussed on numerous occasions be completed prior to taking any purported other similar incident ("OSI") depositions. A copy of this correspondence is attached as Exhibit "B".

Without any further discussion, Plaintiffs' counsel sent correspondence to Ford's counsel on January 23, 2008, unilaterally scheduling the depositions of Mr. and Mrs. Earlywine on February 5. A copy of this correspondence is attached as Exhibit "C". Plaintiffs' counsel enclosed in this letter the Deposition Notices for the depositions of Mr. and Mrs. Earlywine. Id.

2

Specifically, this letter states, "As you know, I learned of the Earlywine incident during the deposition of Ford's corporate representative. It is my understanding that the Earlywine vehicle is essentially identical to the Ray vehicle, <u>that the circumstances of the incident are virtually identical (a child was able to move the gear shift lever from a parked position into a forward gear without depressing the brake)</u>, and <u>personal injuries resulted from the unintended movement of the vehicle</u>." <u>Id.</u> (emphasis added). Interestingly, Plaintiffs' counsel provides no evidence to support this claim.

## ARGUMENT

Plaintiffs' attempt to depose Mr. and Mrs. Earlywine at this early point in the discovery process is premature, unduly burdensome and expensive. According to <u>McDonald v. Cooper Tire & Rubber Co.</u>:

> If a party objects to opposing counsel's manner of conducting discovery, including depositions, the proper remedy is to seek a Protective Order. <u>Thomas v. Tenneco Packaging Co.</u>, 293 F. 3d 1306, 1325 (11th Cir. 2002). Federal Rule of Civil Procedure 26(c) specifically provides that a party may file a Motion for a Protective Order 'to protect a party or person from annoyance, embarrassment, oppression, or undue burdensome or expense, including. . . [(A) preventing the disclosure or discovery; (B) specifying terms, including <u>time</u> and place, for the disclosure or discovery. Fed.R.Civ.P. 26(c)(1)(A)&(B).']"

186 Fed. Appx. 930, 931-932 (C.A. 11 (Fla.) 2006).

According to FRCP 26(c), good cause must be shown to avoid annoyance, embarrassment, oppression or undue burden or expense. In addition to the "good cause" requirement provided by FRCP 26, the Eleventh Circuit "requires 'the district court to balance the interests of those requesting the order.' <u>McCarthy v. Barnett Bank of Polk County</u>, 876 F. 2d 89, 91 (11th Cir. 1989); *see also* <u>Farnsworth v. Proctor & Gamble Co.</u>, 758 F. 2d 1545, 1547 (11th Cir. 1985) ("while Rule 26(c) articulates a single standard for ruling on a protective order motion, that of 'good cause,' the federal courts have superimposed a somewhat more demanding balancing of interest approach to the rule. . .") <u>Peacock v. Merrill</u>, 2007 WL

1521642, *2 (S.D. Ala. 2007) (slip copy). As seen below, both good cause and a balancing test are present for the Court to quash Plaintiffs' Notices of Depositions of Mr. and Mrs. Earlywine.

Plaintiffs' attempt to couch the Earlywine claim as a similar incident is misguided and incorrect. While the Earlywine vehicle was a part of the same platform as the subject 2002 Mercury Mountaineer, the circumstances involved in the two cases are completely different.

Specifically, Mr. Taylor testified that the Earlywine claim involved a manufacturing problem (i.e., a problem with the individual vehicle, not a design problem) because there was a wire in the steering column that was improperly routed, precluding the brake shift interlock from ever functioning. *See* Deposition of Mr. Taylor, p. 38, ll. 5-19, Exhibit "D". The disassembly will provide clear evidence whether the wiring in the Ray vehicle is improperly routed like the Earlywine vehicle (a manufacturing issue), or whether it was properly routed (does not involve a manufacturing issue).

The Earlywine claim involved a situation where the engine was not running. *See* Deposition of Mark Taylor, p. 37, ll. 2-10, Exhibit "D". This is in contrast with the subject incident where the Plaintiff left the key in the ignition and the car running when the transmission was shifted from Park to Drive. See deposition of Meredith Ray, p. 55, ll 14-23, applicable portions attached as Exhibit "E". Finally, the Earlywine claim involved only property damage, unlike the case at bar which involves a claim for personal injuries. *See* Deposition of Mark Taylor, p. 36, ll. 20-23, applicable portions attached as Exhibit "D"; and Amended Complaint, ¶¶ 14, 18, and 28.

Based on the testimony of Mr. Taylor, the Earlywine claim is completely inconsistent and dissimilar to the present lawsuit. Specifically, Mrs. Ray testified during her deposition that she was never able to change the gear from Park to any other position without pressing the brake. *See* Deposition of Meredith Chadwick Ray, p. 105, ll. 18-22, Exhibit "E". As stated previously, Mr. Taylor testified the gear shift in the Earlywine vehicle could be moved out of Park without pressing the brake at any time, with or without the key in the ignition.

This Court held oral arguments relating to co-Defendant Pontiac Coil's Motion to Dismiss based on a lack of personal jurisdiction, and Plaintiffs' opposition to Pontiac Coil's motion on January 28, 2008. Based on the Court's ruling, the Court will allow discovery regarding the personal jurisdiction issue of Pontiac Coil, including specifically (1) the disassembly of the steering column and brake shift interlock system, (2) Interrogatories and Request for Production to Pontiac Coil regarding jurisdiction, and (3) the deposition of a corporate representative of Pontiac Coil. Based on the Court's ruling, this limited discovery must be completed by March 17, 2008. The depositions of the Earlywines do not relate in any way to the issue of personal jurisdiction of Pontiac Coil. As such, these depositions should be precluded at least until the completion of the disassembly and other discovery relating to the personal jurisdiction of Pontiac Coil.

It is clear from these depositions that the Earlywine claim is not similar or relevant to the present lawsuit. However, Ford is not requesting that Plaintiffs be precluded from deposing the Earlywines at a later time if the disassembly provides evidence that the wiring in the steering column is improperly routed (similar to the Earlywine claim) and if it is determined that the gear shift lever can be moved out of Park without the key in the ignition or the engine running (similar to the Earlywine claim). Simply put, waiting until after a vehicle inspection and disassembly of the brake shift interlock system will provide conclusive evidence as to whether the Earlywine claim is related and relevant to the claims alleged in the subject lawsuit. At least requiring the completion of the disassembly of the subject 2002 Mercury Mountaineer will prevent the parties from wasting time and resources associated with the preparation, travel and attendance at Mr. and Mrs. Earlywine's depositions which, at this point, are clearly irrelevant and dissimilar. The time and resources associated with the depositions of Mr. and Mrs. Earlywine at such a premature time outweighs Plaintiffs' need to develop testimony which, without more, is clearly unrelated based on the evidence available to date. Waiting until after the disassembly further outweighs the time and resources to attend depositions in California because Ford is not

5

requesting the Court preclude the depositions; instead, Ford is merely requesting the Court enter an Order requiring the disassembly to be completed first to determine whether the Earlywine claim is related.

WHEREFORE, PREMISES CONSIDERED, Ford respectfully requests this Court to quash Plaintiffs' Notices of Videotaped Depositions of Melinda Earlywine and Terry Earlywine until a joint vehicle inspection and disassembly of the applicable brake shift interlock components is completed.

/s/ Bradley J. McGiboney
D. Alan Thomas (dat@hfsllp.com)
Bradley J. McGiboney (bjm@hfsllp.com)

**OF COUNSEL:**
Huie, Fernambucq & Stewart, LLP
Three Protective Center
2801 Highway 280 South, Suite 200
Birmingham, Alabama 35223
(205) 251-1193

ATTORNEYS FOR DEFENDANT
FORD MOTOR COMPANY

**CERTIFICATE OF SERVICE**

I hereby certify that I have this date electronically filed the foregoing document with the Clerk of Court using the CM/ECF system to the following CM/ECF participants:

D. Michael Andrews, Esq. (mike.andrews@beasleyallen.com)
BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.
P. O. Box 4160
Montgomery, AL 36104

John C. Morrow, Esq. (jmorrow@burr.com)
Geoffrey S. Bald, Esq. (gbald@burr.com)
BURR & FORMAN, LLP
420 North 20th Street
Suite 3400
Birmingham, AL 35203

Robert H. Sprain, Jr., Esq. (rhs@sprainlaw.com)
G. Allen Meighen, Jr., Esq. (meighen@aol.com)
Irene Elizabeth Blomenkamp, Esq. (ireneblomenkamp@aol.com)
SPRAIN & MEIGHEN, P.C.
1707 29th Court South
Birmingham, AL 35209

Dated January 29, 2008.

/s/ Bradley J. McGiboney
Of Counsel

## Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.

*Attorneys at Law*

| | | | |
|---|---|---|---|
| JERE LOCKE BEASLEY | DANA G. TAUNTON | JOHN E. TOMLINSON | AZ ALSO ADMITTED IN ARIZONA |
| J. GREG ALLEN | J. MARK ENGLEHART TX | NAVAN WARD, JR. MS | AR ALSO ADMITTED IN ARKANSAS |
| MICHAEL J. CROW | CLINTON C. CARTER AR KY MS MO PA TN | WESLEY CHADWICK COOK | FL ALSO ADMITTED IN FLORIDA |
| THOMAS J. METHVIN | BENJAMIN E. BAKER, JR. GA NY OK TN DC | WILLIAM H. ROBERTSON, V | GA ALSO ADMITTED IN GEORGIA |
| J. COLE PORTIS | DAVID B. BYRNE, III | H. CLAY BARNETT, III MS | KY ALSO ADMITTED IN KENTUCKY |
| W. DANIEL MILES, III | TED G. MEADOWS MN MS TX DCWV | | LA ALSO ADMITTED IN LOUISIANA |
| R. GRAHAM ESDALE, JR. | FRANK WOODSON | | MN ALSO ADMITTED IN MINNESOTA |
| JULIA ANNE BEASLEY | KENDALL C. DUNSON GA | OF COUNSEL: | MS ALSO ADMITTED IN MISSISSIPPI |
| RHON E. JONES | SCARLETTE M. TULEY | ALYCE S. ROBERTSON | MO ALSO ADMITTED IN MISSOURI |
| LABARRON N. BOONE | ROMAN ASHLEY SHAUL AR LA MS SC TN WV | RUSSELL T. ABNEY NLIA GA TX | NY ALSO ADMITTED IN NEW YORK |
| ANDY D. BIRCHFIELD, JR. | W. ROGER SMITH, III AZ MN MS TN WV | | OH ALSO ADMITTED IN OHIO |
| RICHARD D. MORRISON MS | P. LEIGH O'DELL | | OK ALSO ADMITTED IN OKLAHOMA |
| C. GIBSON VANCE | D. MICHAEL ANDREWS | | PA ALSO ADMITTED IN PENNSYLVANIA |
| J. P. SAWYER MS OH | BENJAMIN L. LOCKLAR | | SC ALSO ADMITTED IN SOUTH CAROLINA |
| C. LANCE GOULD | LARRY A. GOLSTON, JR. FL DC | | TN ALSO ADMITTED IN TENNESSEE |
| JOSEPH H. AUGHTMAN | MELISSA A. PRICKETT | | TX ALSO ADMITTED IN TEXAS |
| | | | DC ALSO ADMITTED IN WASHINGTON, D.C. |
| | | | WV ALSO ADMITTED IN WEST VIRGINIA |
| | | | NLIA NOT LICENSED IN ALABAMA |

218 COMMERCE STREET
POST OFFICE BOX 4160
MONTGOMERY, ALABAMA
36103-4160
(334) 269-2343

TOLL FREE
(800) 898-2034

TELECOPIER
(334) 954-7555

BEASLEYALLEN.COM

January 3, 2008

JAMES W. TRAEGER
1953-1987
RONALD AUSTIN CANTY
1963-2004

Mr. Bradley J. McGiboney
HUIE, FERNAMBUCQ & STEWART, LLP
Three Protective Center
2801 Highway 280 South, Suite 200
Birmingham, Alabama 35223-2484

Mr. John C. Morrow
Mr. Geoffrey S. Bald
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama 35203

Mr. Robert H. Sprain, Jr.
Ms. Irene Elizabeth Blomenkamp
SPRAIN & MEIGHEN, P.C.
1707 29th Court South
Birmingham, Alabama 35209

    **Re:    Ray v. Ford**

Dear Counsel:

    I plan to depose OSI witness Melinda Earlywine the morning of Tuesday, February 5th in Burlingame, California. I will forward a deposition notice shortly.

                                    Sincerely,

                                    BEASLEY, ALLEN, CROW, METHVIN,
                                    PORTIS & MILES, P.C.

                                  D. MICHAEL ANDREWS

DMA:tn



# HUIE, FERNAMBUCQ & STEWART, LLP
### ATTORNEYS AT LAW

| | | | | |
|---|---|---|---|---|
| EUGENE D. MARTENSON | GREGORY L. SCHUCK | THREE PROTECTIVE CENTER | CHARLES J. FLEMING, JR. | ALSO MEMBER |
| STANLEY A. CASH | PHILIP R. COLLINS | 2801 HIGHWAY 280 SOUTH | S.A. BRADLEY BAKER, III | *GEORGIA BAR |
| JAMES R. SHAW | THOMAS E. BAZEMORE, III | SUITE 200 | JASON M. KIRSCHBERG | **KENTUCKY BAR |
| ROBERT M. GIRARDEAU | R. GORDON SPROULE, JR.* | BIRMINGHAM, ALABAMA 35223-2484 | M. JEREMY DOTSON | ***MISSISSIPPI BAR |
| JOHN S. CIVILS, JR. | MARTHA LEACH THOMPSON | TELEPHONE (205) 251-1193 | JOSEPH R. DUNCAN, JR. | |
| FRANK E. LANKFORD, JR. | PAUL F. MALEK** | FACSIMILE (205) 251-1256 | DAVID M. FLEMING | |
| M. KEITH GANN | H. CANNON LAWLEY | WWW.HFSLLP.COM | JAMES R. LAWRENCE, III | THOMAS B. HUIE |
| CHARLES H. CLARK, JR. | ANNA-KATHERINE G. BOWMAN | | JOHN I. SOUTHERLAND | 1915-1990 |
| JOHN D. HERNDON | JANE G. HALL | | DOUGLAS R. KENDRICK | WILLIAM B. FERNAMBUCQ |
| J. ALLEN SYDNOR, JR. | G. JEFFERY ASH | | JACOB W. CRAWFORD | 1922-1997 |
| D. ALAN THOMAS | JENNIFER D. SEGERS | | J. BRANNON MANER | CHARLES A. STEWART, JR. |
| WILLIAM G. GANTT | MICHELLE K. PIERONI | | GORDON J. BRADY, III | 1923-1983 |
| T. KELLY MAY | BRADLEY J. MCGIBONEY | Direct Dial: 205/297-8820 | MICHAEL T. SCIVLEY | |
| CHRISTOPHER S. RODGERS | DAVID L. BROWN, JR. | Email: bjm@hfsllp.com | LUCAS C. MONTGOMERY | |
| WALTER J. PRICE, III | J. PATRICK STRUBEL | | STEWART W. MCCLOUD | |
| H. LANIER BROWN, II | GERALD C. BROOKS, JR.*** | | LAUREN E. DAVIS | |
| | | | JENNIFER H. REID | |

January 4, 2008

D. Michael Andrews, Esq.
BEASLEY, ALLEN, CROW, METHVIN,
 PORTIS & MILES, P.C.
P. O. Box 4160
Montgomery, AL 36104

John C. Morrow, Esq.
Geoffrey S. Bald, Esq.
BURR & FORMAN, LLP
420 North 20th Street
Suite 3400
Birmingham, AL 35203

Robert H. Sprain, Jr., Esq.
Irene Elizabeth Blomenkamp, Esq.
SPRAIN & MEIGHEN, P.C.
1707 29th Court South
Birmingham, AL 35209

    RE:   *Meredith Chadwick Ray and Phillip Ray v. Ford Motor Company, et al.*

Dear Counsel:

    I am in receipt of Mike Andrews' January 3, 2008 correspondence indicating he intends to take the deposition of an alleged OSI witness, Melinda Earlywine, the morning of Tuesday, February 5 in Burlingame, California. Prior to spending the time and money to take Ms. Earlywine's deposition in California, I suggest we first complete the inspection and disassembly that was previously discussed during the Parties' Planning Meeting. This should provide a cost-effective way to determine if the Earlywine claim is even arguably relevant.


EXHIBIT B

January 4, 2008
Page 2

_____

On a similar note, I am available for the vehicle inspection and disassembly on the following dates: February 6-7, March 3- 5, 11-14, 20-21 and 24-28. Please let me know as soon as possible which dates each of you are available so that we can move forward with this disassembly.

If you have any questions or comments, do not hesitate to contact me at the above number. With best regards, I remain

                                      Sincerely yours,

                                      HUIE, FERNAMBUCQ & STEWART, LLP

                                      By: *[signature]*
                                              Bradley J. McGiboney

BJM/mab
cc:   D. Alan Thomas, Esq.

# Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.

JERE LOCKE BEASLEY
J. GREG ALLEN
MICHAEL J. CROW
THOMAS J. METHVIN
J. COLE PORTIS
W. DANIEL MILES, III
R. GRAHAM ESDALE, JR.
JULIA ANNE BEASLEY
RHON E. JONES
LABARRON N. BOONE
ANDY D. BIRCHFIELD, JR.
RICHARD D. MORRISON
C. GIBSON VANCE
J. P. SAWYER

C. LANCE GOULD
JOSEPH H. AUGHTMAN
DANA G. TAUNTON
J. MARK ENGLEHART
CLINTON C. CARTER
BENJAMIN E. BAKER, JR.
DAVID B. BYRNE, III
TED G. MEADOWS
FRANK WOODSON
KENDALL C. DUNSON
SCARLETTE M. TULEY
ROMAN ASHLEY SHAUL
W. ROGER SMITH, III
P. LEIGH O'DELL

*Attorneys at Law*
218 COMMERCE STREET
POST OFFICE BOX 4160
MONTGOMERY, ALABAMA
36103-4160
(334) 269-2343

TOLL FREE
(800) 898-2034

TELECOPIER
(334) 954-7555

WWW.BEASLEYALLEN.COM

D. MICHAEL ANDREWS
BENJAMIN L. LOCKLAR
LARRY A. GOLSTON, JR.
MELISSA A. PRICKETT
ALYCE S. ROBERTSON
RUSSELL T. ABNEY
NAVAN WARD, JR.
WESLEY CHADWICK COOK
-----
JOHN E. TOMLINSON
WILLIAM H. ROBERTSON, V
H. CLAY BARNETT, III
MARY PAT CROOK

ALSO ADMITTED IN ARIZONA
ALSO ADMITTED IN ARKANSAS
ALSO ADMITTED IN FLORIDA
ALSO ADMITTED IN GEORGIA
ALSO ADMITTED IN KENTUCKY
ALSO ADMITTED IN LOUISIANA
ALSO ADMITTED IN MINNESOTA
ALSO ADMITTED IN MISSISSIPPI
ALSO ADMITTED IN MISSOURI
ALSO ADMITTED IN NEW YORK
ALSO ADMITTED IN OHIO
ALSO ADMITTED IN OKLAHOMA
ALSO ADMITTED IN PENNSYLVANIA
ALSO ADMITTED IN SOUTH CAROLINA
ALSO ADMITTED IN TENNESSEE
ALSO ADMITTED IN TEXAS
ALSO ADMITTED IN WASHINGTON, D.C.
ALSO ADMITTED IN WEST VIRGINIA
NOT LICENSED IN ALABAMA

JAMES W. TRAEGER
1953-1987

RONALD AUSTIN CANTY
1963-2004

January 23, 2008

Mr. Bradley J. McGiboney
HUIE, FERNAMBUCQ & STEWART, LLP
Three Protective Center
2801 Highway 280 South, Suite 200
Birmingham, Alabama 35223-2484

    Re:    *Ray v. Ford*

Dear Brad:

    I am in receipt of your letter regarding my intention to depose Melinda Earlywine, and her husband, in Burlingame, California on February 5, 2008. Enclosed find notices for these depositions. As you know, I learned of the Earlywine incident during the deposition of Ford's corporate representative. It is my understanding that the Earlywine vehicle is essentially identical to the Ray vehicle, that the circumstances of the incident are virtually identical (a child was able to move the gear shift lever from a parked position into a forward gear without depressing the brake), and personal injuries resulted from the unintended movement of the vehicle. I anticipate the depositions will be brief and Ford is welcome to attend by phone in order to avoid travel expenses. If you have any questions, please call me. Thanks.

                            Sincerely,

                            BEASLEY, ALLEN, CROW, METHVIN,
                            PORTIS & MILES, P.C.

                            D. MICHAEL ANDREWS

DMA:tn
Enc.



cc: Mr. John C. Morrow
    Mr. Geoffrey S. Bald
    Mr. Robert H. Sprain, Jr.
    Ms. Irene Elizabeth Blomenkamp

MERRILL LEGAL SOULTIONS
Court Reporting*Legal Videography*Trial Services

Page 1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALABAMA

NORTHERN DIVISION

MEREDITH CHADWICK RAY

and PHILLIP RAY,

        Plaintiffs,

vs.                         Case No. 3:07-cv-175

FORD MOTOR COMPANY, ET AL,

        Defendants.

_____

The Videotaped Deposition of MARK KIMBERLY TAYLOR,

Taken at 2501 Worldgateway Place,

Romulus, Michigan,

Commencing at 9:03 a.m.,

Friday, September 14, 2007,

Before Mary Jo Power, CSR-1404, RMR.

2100 3rd Avenue North, Suite 960*Birmingham, AL 35203*www.merrillcorp.com
1-800-888-DEPO

EXHIBIT D

```
                    MERRILL LEGAL SOULTIONS
         Court Reporting*Legal Videography*Trial Services
                                                            Page 38

  1           plates, you can see the -- the column --
  2     Q.    All right.
  3     A.    -- the key.  You can see lots of things a lot better
  4           with that -- with that shroud removed.
  5     Q.    So once you removed the clamshell shroud from the
  6           steering column, what did you do?
  7                     MR. McGIBONEY:  Object to the form.
  8                     To the extent discusses attorney-client
  9           privileged work product or work involving anticipation
 10           of litigation, I instruct you not to answer.
 11     BY MR. ANDREWS:
 12     Q.    Because I anticipate this will be an issue to take up
 13           with the judge, just for purposes of clarification, am
 14           I correct that the 2002 Explorer that you evaluated
 15           was, for all intents and purposes, the sister vehicle
 16           of the 2002 Mercury Mountaineer involved in this case?
 17     A.    Correct.
 18     Q.    All right.  So with that said, what did you do after
 19           you removed the clamshell?
 20                     THE WITNESS:  I --
 21                     MR. McGIBONEY:  Same objection.
 22                     THE WITNESS:  I reviewed the strategy of
 23           the brake transmission shift interlock mechanism on
 24           this particular vehicle.
 25     BY MR. ANDREWS:
```

MERRILL LEGAL SOULTIONS
Court Reporting*Legal Videography*Trial Services

Page 36

1  A.  Correct.
2  Q.  Have you investigated any U152 platform vehicles for
3      brake transmission shift interlock allegations?
4           MR. McGIBONEY:  Object to the form.
5           THE WITNESS:  Yes.
6  BY MR. ANDREWS:
7  Q.  Tell me about that.
8  A.  I investigated one vehicle for -- a 2002 Explorer for
9      unintended vehicle movement.
10 Q.  Okay.  Tell me -- tell me what you did.
11 A.  Well, I flew out to San Francisco, I went to the
12     claimants' -- it was a claim -- went to the claimants'
13     house in Burlingame, I met with them and reviewed the
14     vehicle.
15 Q.  What were the allegations in that instance?
16 A.  The allegation was:  A young girl was sitting in the
17     driver's seat and moved the gear selector lever.
18 Q.  What was the age of the child?
19 A.  I believe around five.
20 Q.  What were the allegations of what happened?
21 A.  The vehicle moved and went down this road and hit one
22     of the neighbor's trees.
23          It was a property damage case.
24 Q.  Was the vehicle damaged?
25 A.  There was approximately 5,000 -- less than $5,000

MERRILL LEGAL SOULTIONS
Court Reporting*Legal Videography*Trial Services

Page 37

```
 1           damage between the vehicle and the tree.
 2    Q.     All right.  Vehicle was running, I assume.
 3    A.     No, sir.
 4    Q.     It was off.
 5    A.     Correct.
 6    Q.     Okay.  And the child had shifted from a park position
 7           into some position that would allow it to move?
 8    A.     Correct.  Once you move the gear selector lever out of
 9           park when a vehicle's not running, any gear selector
10           position would be the equivalent of neutral.
11    Q.     And given the appropriate incline, the vehicle could
12           move?
13    A.     Correct.
14    Q.     How did you go about evaluating the BTSI in that 2002
15           Explorer?
16    A.     I took the shroud off that vehicle.
17    Q.     And the shroud being the column cover underneath the
18           sheer -- the steering column?
19    A.     Right.  It's basically like a cam shell.  It's two
20           components that go together and mount ar -- around --
21           between the steering wheel and the dash panel.
22           There's a piece of -- two pieces of plastic-type
23           material that hide the innards of the column.
24    Q.     The wiring and --
25    A.     The wiring, the brake shift interlock, the insert
```

Page 1

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

CIVIL ACTION NO. 3:07CV175-WHA

MEREDITH CHADWICK RAY and PHILLIP RAY,
    Plaintiffs,
vs.
FORD MOTOR COMPANY,
    Defendant.

DEPOSITION
OF
MEREDITH CHADWICK RAY
OCTOBER 4, 2007

TAKEN BEFORE:    JULIE A. CARROLL
                  Court Reporter and
                  Notary Public



EXHIBIT E

Page 55

1    Q. Okay. When you did that, is this
2    the type of vehicle where you have to pull
3    the column -- Let me back up and start
4    over.
5        Is this the type of vehicle where
6    you have to pull the shift lever toward
7    you in order to push it up into park?
8        MR. ANDREWS: If you remember.
9    A. I'm really not certain.
10    Q. Okay. You don't recall if you had
11    to pull the shift lever toward you to move
12    it in any direction?
13    A. I can't -- I don't remember.
14    Q. Okay. When you got out of the
15    vehicle, the vehicle was obviously still
16    running?
17    A. Yes.
18    Q. You left the key in the ignition?
19    A. Correct.
20    Q. And the engine was on?
21    A. Correct. It was hot, so I needed
22    to leave the air conditioner on for the
23    kids.

1   responses in this case.  We may be able to
2   do this fairly quickly.  If you could,
3   just flip through there.  Have you ever
4   seen these photographs before?
5       **A.** No.
6       **Q.** Do you know who made those
7   photographs?
8       **A.** No.
9       **Q.** Okay.  And these of the accident
10  site, you don't know who made those
11  photographs either?
12      **A.** No.
13      **Q.** Are you aware of anybody that you
14  know of, other than your attorneys, making
15  photographs of either the vehicle or the
16  accident site?
17      **A.** No.
18      **Q.** Okay.  Prior to this accident, were
19  you ever able to change the gear from park
20  to any other position without pressing the
21  brake?
22      **A.** No.
23      **Q.** Okay.  What about after the