IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MEREDITH CHADWICK RAY and PHILLIP RAY, | ) ) ) |
| Plaintiffs, | ) ) CASE NO: 3:07-cv-175 |
| vs. | ) ) ) |
| FORD MOTOR COMPANY, et al. | ) ) |
| Defendants. | ) |

### PLAINTIFFS' OPPOSITION TO FORD MOTOR COMPANY'S OBJECTION, MOTION FOR PROTECTIVE ORDER AND MOTION TO QUASH DEPOSITIONS

Plaintiffs Meredith and Phillip Ray hereby respond to Defendant Ford Motor Company's Objection, Motion for Protective Order and Motion to Quash Plaintiffs' scheduled depositions of OSI witnesses Melinda and Terry Earlywine. Specifically, Plaintiffs hereby show cause why Ford's Motion is due to be denied. As grounds therefore, Plaintiffs aver that Defendant Ford is cherry-picking testimony in its self-serving motion and is attempting to mischaracterize the usefulness of the testimony to be obtained from Melinda and Terry Earlywine. Because their testimony is relevant to issues in this case and is expected to directly contradict Ford's defense in this case, and because their testimony is expected to directly contradict Ford's assertion that "the Earlywine claim involved only property damage, unlike the case at bar which involves a claim for personal injuries." (Ford Motion at 4), Ford's motion is due to be denied.

As the Court is aware, in addition to proffering testimony in support of substantive facts, deposition testimony may be used for the purpose of contradicting or impeaching the testimony of a witness at trial. Rather than accepting at face-value Ford's one-sided

characterization of the Earlywine product defect, Plaintiffs are entitled to discover the facts of that incident from the Earlywines themselves and offer their testimony at this trial. Ford will not be prejudiced in time or expense to allow Plaintiffs to depose Melinda and Terry Earlywine – in fact, Plaintiffs have offered for Ford to attend by phone. (See Attached Ex A)

In truth, Ford is attempting to preclude Plaintiffs from deposing the Earlywines because their testimony highlights inconsistencies in Ford's position in this case. Ford corporate representative Mark Taylor testified that the Earlywine vehicle is the "sister" vehicle for the Ray vehicle (Taylor, p. 38, lines 12-17), and that upon his inspection of the Earlywine vehicle he discovered manufacturing problems (Taylor, p. 39, lines 5-12). However in his deposition in the case at bar, Ford representative Taylor testified that "100 percent of these columns are checked prior to leaving the assembly plant, the column assembly plant, and then 100 percent of the columns are checked at the assembly plant..." (Taylor, p. 50, lines 13-17). The existence of an admitted manufacturing defect in the Earlywine vehicle (a sister vehicle to the Ray vehicle) directly contradicts Taylor's claim that the Ray vehicle cannot be defective because 100 percent of all columns are checked prior to sale to the public. Plaintiffs will be unfairly prejudiced at trial if Ford is allowed to offer unrebutted testimony that an alleged "100 percent" check of all columns somehow insures that the Ray vehicle cannot be defective when the Earlywine incident directly contradicts that claim.

Further, Plaintiffs expect Ford to defend the instant case by taking the position that Meredith Ray is at fault for leaving the ignition on – however, the Earlywine incident reveals that a child was able to shift the gear lever of a sister vehicle out of park without

depressing the brake pedal *while the ignition was in the off position*. (Ford motion at p. 4). Obviously the Earlywine incident directly refutes Ford's claim that Meredith Ray caused her own injuries by leaving the engine running; the Earlywine incident shows that Ford's brake-transmission-shift-interlock fails whether the engine is running or not. Finally, in scheduling the Earlywine deposition, Plaintiffs' counsel learned that the Earlywine incident resulted in leg injuries to Terry Earlywine – specifically that Terry Earlywine's leg was broken when his daughter was able to shift their vehicle from park and the vehicle began to move. As in the instant case (involving amputation of Meredith Ray's leg), personal injuries resulted from a failure of the brake-transmission-shift-interlock. Testimony from the Earlywines is expected to directly challenge Ford's credibility and truthfulness as to the facts and consequences of the Earlywine failure.

Because testimony sought from Melinda and Terry Earlywine is expected to contradict Ford's defense and question Ford's credibility (both purposes admissible at this trial), and because Ford's excuse of time and travel expense is without merit since Plaintiffs' counsel has offered to make arrangements for Ford to attend this deposition by phone, Ford's pending Motion to Quash the deposition of Melinda and Terry Earlywine is due to be denied. Plaintiffs have offered sufficient reasonable cause why the Court should deny Ford's motion and should allow Plaintiffs to move forward with discovery and conduct the Earlywine deposition next week as scheduled.

                                          /s/ D. Michael Andrews
                                          D. Michael Andrews (AND076)
                                          Attorney for Plaintiffs

OF COUNSEL:
BEASLEY, ALLEN, CROW, METHVIN,
    PORTIS & MILES, P. C.
Post Office Box 4160
Montgomery, Alabama 36103-4160
(334) 269-2343
(334) 954-7555 – facsimile
mike.andrews@beasleyallen.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this date electronically filed the foregoing document with the Clerk of Court using the CM/ECF system to the following CM/ECF participants:

Bradley J. McGiboney
D. Alan Thomas
Huie, Fernambucq & Stewart, LLP
Three Protective Center
2801 Highway 280 South, Suite 200
Birmingham, Alabama 35223
(205) 251-1193
(205) 251-1256 – Facsimile
bjm@hfsllp.com
dat@hsfllp.com
**Attorneys for Ford Motor Company**

John C. Morrow
Geoffrey S. Bald
Burr & Forman LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama 35203
(205) 251-3000
(205) 458-5100 – Facsimile
jmorrow@burr.com
gbald@burr.com
**Attorneys for Pontiac Coil, Inc.**

Robert H. Sprain, Jr.
Irene Elizabeth Blomenkamp
G. Allen Meighen, Jr.
Sprain & Meighen, P.C.
1707 29th Court South
Birmingham, Alabama 35209
(205) 437-3232
(205) 802-7083 – Facsimile
rhs@sprainlaw.com
ireneblomenkamp@aol.com
**Attorneys for Visteon Corporation**

This **31st** day of **January, 2008**.

/s/ D. Michael Andrews
Of Counsel

# Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.

| | | | | |
|---|---|---|---|---|
| JERE LOCKE BEASLEY | C. LANCE GOULD | *Attorneys at Law* | D. MICHAEL ANDREWS | AZ  ALSO ADMITTED IN ARIZONA |
| J. GREG ALLEN | JOSEPH H. AUGHTMAN | | BENJAMIN L. LOCKLAR | AR  ALSO ADMITTED IN ARKANSAS |
| MICHAEL J. CROW | DANA G. TAUNTON | 218 COMMERCE STREET | LARRY A. GOLSTON, JR. FL DC | FL  ALSO ADMITTED IN FLORIDA |
| THOMAS J. METHVIN | J. MARK ENGLEHART TX | POST OFFICE BOX 4160 | MELISSA A. PRICKETT | GA  ALSO ADMITTED IN GEORGIA |
| J. COLE PORTIS | CLINTON C. CARTER AR KY MS MO PA TN | MONTGOMERY, ALABAMA | ALYCE S. ROBERTSON | KY  ALSO ADMITTED IN KENTUCKY |
| W. DANIEL MILES, III | BENJAMIN E. BAKER, JR. GA NY OK TN DC | 36103-4160 | RUSSELL T. ABNEY NLIA GA TX | LA  ALSO ADMITTED IN LOUISIANA |
| R. GRAHAM ESDALE, JR. | DAVID B. BYRNE, III | (334) 269-2343 | NAVAN WARD, JR. MS | MN  ALSO ADMITTED IN MINNESOTA |
| JULIA ANNE BEASLEY | TED G. MEADOWS MN MS TX DCWV | | WESLEY CHADWICK COOK | MS  ALSO ADMITTED IN MISSISSIPPI |
| RHON E. JONES | FRANK WOODSON | TOLL FREE | ------------------- | MO  ALSO ADMITTED IN MISSOURI |
| LABARRON N. BOONE | KENDALL C. DUNSON GA | (800) 898-2034 | JOHN E. TOMLINSON | NY  ALSO ADMITTED IN NEW YORK |
| ANDY D. BIRCHFIELD, JR. | SCARLETTE M. TULEY | | WILLIAM H. ROBERTSON, V | OH  ALSO ADMITTED IN OHIO |
| RICHARD D. MORRISON MS | ROMAN ASHLEY SHAUL AR LA MS SC TN WV | TELECOPIER | H. CLAY BARNETT, III MS | OK  ALSO ADMITTED IN OKLAHOMA |
| C. GIBSON VANCE | W. ROGER SMITH, III AZ MN MS TN WV | (334) 954-7555 | MARY PAT CROOK | PA  ALSO ADMITTED IN PENNSYLVANIA |
| J. P. SAWYER MS OH | P. LEIGH O'DELL | | | SC  ALSO ADMITTED IN SOUTH CAROLINA |
| | | WWW.BEASLEYALLEN.COM | | TN  ALSO ADMITTED IN TENNESSEE |
| | | | | TX  ALSO ADMITTED IN TEXAS |
| | | | | DC  ALSO ADMITTED IN WASHINGTON, D.C. |
| | | | | WV  ALSO ADMITTED IN WEST VIRGINIA |
| | | | | NLIA NOT LICENSED IN ALABAMA |

JAMES W. TRAEGER
1953-1987

RONALD AUSTIN CANTY
1963-2004

January 23, 2008

Mr. Bradley J. McGiboney
HUIE, FERNAMBUCQ & STEWART, LLP
Three Protective Center
2801 Highway 280 South, Suite 200
Birmingham, Alabama 35223-2484

EXHIBIT A

  Re: **Ray v. Ford**

Dear Brad:

  I am in receipt of your letter regarding my intention to depose Melinda Earlywine, and her husband, in Burlingame, California on February 5, 2008. Enclosed find notices for these depositions. As you know, I learned of the Earlywine incident during the deposition of Ford's corporate representative. It is my understanding that the Earlywine vehicle is essentially identical to the Ray vehicle, that the circumstances of the incident are virtually identical (a child was able to move the gear shift lever from a parked position into a forward gear without depressing the brake), and personal injuries resulted from the unintended movement of the vehicle. I anticipate the depositions will be brief and Ford is welcome to attend by phone in order to avoid travel expenses. If you have any questions, please call me. Thanks.

        Sincerely,

        BEASLEY, ALLEN, CROW, METHVIN,
        PORTIS & MILES, P.C.

        */s/ D. Michael Andrews*

        D. MICHAEL ANDREWS

DMA:tn
Enc.

cc:   Mr. John C. Morrow
      Mr. Geoffrey S. Bald
      Mr. Robert H. Sprain, Jr.
      Ms. Irene Elizabeth Blomenkamp

MERRILL LEGAL SOULTIONS
Court Reporting*Legal Videography*Trial Services

Page 1

```
 1           IN THE UNITED STATES DISTRICT COURT
 2              FOR THE DISTRICT OF ALABAMA
 3                    NORTHERN DIVISION
 4
 5   MEREDITH CHADWICK RAY
 6   and PHILLIP RAY,                      ORIGINAL
 7              Plaintiffs,
 8        vs.                    Case No. 3:07-cv-175
 9   FORD MOTOR COMPANY, ET AL,
10              Defendants.
11   _____
12
13
14        The Videotaped Deposition of MARK KIMBERLY TAYLOR,
15        Taken at 2501 Worldgateway Place,
16        Romulus, Michigan,
17        Commencing at 9:03 a.m.,
18        Friday, September 14, 2007,
19        Before Mary Jo Power, CSR-1404, RMR.
20
21
22
23
24
25
```

MERRILL LEGAL SOULTIONS
Court Reporting*Legal Videography*Trial Services

Page 38

1      plates, you can see the -- the column --
2  Q.  All right.
3  A.  -- the key. You can see lots of things a lot better
4      with that -- with that shroud removed.
5  Q.  So once you removed the clamshell shroud from the
6      steering column, what did you do?
7              MR. McGIBONEY: Object to the form.
8              To the extent discusses attorney-client
9      privileged work product or work involving anticipation
10     of litigation, I instruct you not to answer.
11 BY MR. ANDREWS:
12 Q.  Because I anticipate this will be an issue to take up
13     with the judge, just for purposes of clarification, am
14     I correct that the 2002 Explorer that you evaluated
15     was, for all intents and purposes, the sister vehicle
16     of the 2002 Mercury Mountaineer involved in this case?
17 A.  Correct.
18 Q.  All right. So with that said, what did you do after
19     you removed the clamshell?
20             THE WITNESS: I --
21             MR. McGIBONEY: Same objection.
22             THE WITNESS: I reviewed the strategy of
23     the brake transmission shift interlock mechanism on
24     this particular vehicle.
25 BY MR. ANDREWS:

MERRILL LEGAL SOULTIONS
Court Reporting*Legal Videography*Trial Services

Page 39

1  Q.   And when you say, "strategy," you just mean how -- how
2       the park capture and the BTSI was implemented?
3  A.   Correct, and to ensure that all the components were
4       appropriately installed.
5  Q.   Did you find any manufacturing problems?
6  A.   Yes.
7  Q.   What did you find?
8  A.   I found a wire --
9            MR. McGIBONEY:  Same objection.
10           THE WITNESS:  I found a wire in the brake
11      transmission shift interlock which precluded the brake
12      shift interlock from functioning.
13 BY MR. ANDREWS:
14 Q.   All right.  Did it preclude it from functioning in all
15      cases?
16 A.   Correct.
17 Q.   In other words, you couldn't have a situation where
18      you had intermittent performance failure?
19 A.   Correct.
20 Q.   Now, was this a wire that was part of the original
21      structure, or was this some sort of foreign body?
22 A.   It was --
23           MR. McGIBONEY:  And my -- just for the
24      record, could I have a standing objection regarding
25      this line of questioning?  And that way I won't have

MERRILL LEGAL SOULTIONS
Court Reporting*Legal Videography*Trial Services

Page 50

1      relationship of the P, R, N, D, 3, 2, 1 on this
2      transmission.
3           But the spatial relationship -- I think
4      that you're trying to ask me is that it is important
5      that -- in the park latch position that the BTSI
6      solenoid appropriately holds the gear selector lever
7      in the park latch position.
8  Q.  And without trying to be too simplistic, if the BTSI
9      solenoid were improperly aligned, and say for instance
10     it was a little too far to the left, that could allow
11     the park to be engaged in the transmission but not to
12     engage the BTSI?
13  A.  It potentially could, but being that 100 percent of
14     these columns are checked prior to leaving the
15     assembly plant, the column assembly plant, and then
16     100 percent of the columns are checked at the assembly
17     plant, the likelihood is extremely low that that would
18     get out into the public's hands.
19  Q.  All right. And that's -- that leads me to the
20     question that I wanted to ask you.
21          Tell me about the testing. You said it's a
22     100 percent test?
23  A.  Correct.
24  Q.  Each -- each is tested to ensure what?
25  A.  I think I just mentioned, to ensure that they stay

2100 3rd Avenue North, Suite 960*Birmingham, AL 35203*www.merrillcorp.com
1-800-888-DEPO