IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MEREDITH CHADWICK RAY and PHILLIP RAY, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) CIVIL ACTION ) ) NO. 3:07-cv-175 |
| FORD MOTOR COMPANY, et al., | ) ) |
| Defendants. | ) |

**AMENDED REPORT OF PARTIES' PLANNING MEETING**

1. Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on <u>December 19, 2007</u>, by telephone and was attended by:

 D. Michael Andrews on behalf of the Plaintiff;

 J. Randolph Bibb, Jr. and Bradley J. McGiboney, on behalf of the Defendant Ford Motor Company;

 John C. Morrow and Geoffrey S. Bald on behalf of the Defendant Pontiac Coil, Inc.

 Robert H. Sprain, Jr., and Irene Elizabeth Blomenkamp on behalf of the Defendant Visteon Corporation.

2. **Pre-Discovery Disclosures:** The parties exchanged the information required by Fed.R.Civ.P. 26(a)(1) within thirty (30) days after the date of the parties' planning meeting, which was held on **December 19, 2007**, except Pontiac Coil, who has filed a Motion to Dismiss based on lack of personal jurisdiction. However, to the extent

any pre-discovery information is provided by Pontiac Coil, no waiver for lack of personal jurisdiction will be made.

The parties discussed generally the discovery of electronically stored information, but at the time of the conference, the parties had not exchanged any formal discovery requests. Plaintiffs' counsel believed that a detailed discussion of electronic discovery was premature as of the time of the conference. Counsel for Defendant advised that Plaintiffs should be specific in any requests for ESI so that Ford could appropriately respond. Should electronic discovery issues arise, the parties agreed to meet and confer as early in the case as possible and attempt to resolve any such issues prior to moving the Court for relief.

3.  **Discovery Plan:** The parties jointly propose to the Court the following discovery plan:

Discovery will be needed on at least the following subjects:

- Facts and circumstances surrounding the incident of April 21, 2006, which forms the basis of this action.

- Plaintiffs' driving experience and history, including their experience with the subject vehicle.

- Plaintiffs' marital history (based on Plaintiffs' loss of consortium claim).

- Facts or items necessary to establish or prove Plaintiffs' claims or the Defendants' defenses.

- Damages, injuries, medical history and medical records of the Plaintiffs and any other occupants of the vehicle at the time of the incident.

- The 2002 Mercury Mountaineer and relevant component parts and systems.

2

- The development of the 2002 Mercury Mountaineer relevant to the issues in this action.

- Testing of the 2002 Mercury Mountaineer relevant to the issues in this action.

- Research associated with the 2002 Mercury Mountaineer and its development which is relevant to the issues in this action.

- Feasible alternative designs relevant to the issues in this action.

- Warnings used or considered by Defendants relevant to the issues in this action.

- Complaints made and/or received with respect to the 2002 Mercury Mountaineer relevant to the claims in this action.

- Other incidents involving a 2002 Mercury Mountaineer alleged to be similar to the incident in this case.

All discovery commenced in time will be completed by **January 9, 2009**.

Maximum of **50** Interrogatories by each party to any other party. [Responses to additional Interrogatories due 30 days after service.]

Maximum of **50** Requests for Production by each party to any other party. [Responses to additional Requests for Production due 30 days after service.]

Maximum of **50** Requests for Admission by each party to any other party. [Responses due 30 days after service.]

Maximum of **20** depositions by each party.

Each deposition other than that of named parties and designated experts is limited to a maximum of **seven hours** unless extended by agreement of parties.

Reports from retained experts under Rule 26(a)(2) due from Plaintiffs by **September 9, 2008**, and any expert so identified shall be made available for deposition on or before **October 9, 2008**.

Reports from retained experts under Rule 26(a)(2) due from Defendants by **November 9, 2008**, and any expert so identified shall be made available for deposition on or before **December 9, 2008**.

Supplementations under Rule 26(e) are due within thirty (30) days of when a party learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to other parties in the discovery process or in writing.

4.  **Other Items.**

The parties do not request a conference with the Court before entry of the Scheduling Order, unless the Court plans on making substantial changes to the scheduled suggested by the parties.

This case is scheduled for a pretrial conference on **March 9, 2009**.

Plaintiffs were allowed until **January 30, 2008** to join additional parties and amend the pleadings.

Defendants were allowed until **January 30, 2008** to amend the pleadings.

All potentially dispositive motions should be filed by **December 9, 2008.**

Settlement cannot be evaluated prior discovery. Parties are ordered to mediate the case on or before **March 2, 2009**.

4

All Motions in Limine are to be filed no later than **forty-five (45) days** before the pre-trial conference. Responses to Motions in Limine are to be filed no later than **thirty (30) days** before the pre-trial conference.

If a party plans to call a witness at trial by reading his/her deposition in that party's case-in-chief, counsel shall advise opposing counsel of those portions of the deposition(s) to be read to the jury no later than **thirty (30) days before trial**. Opposing counsel shall offer to opposing counsel any counter designations as well as to make any objections to those portions of the deposition(s) designated by opposing counsel to be read with the originally offered portions no later than **twenty (20) days before trial**. Original designating counsel shall have until **ten (10) days before trial**, in which to make any objections to the counter designations.

Final lists of witnesses under Rule 26(a)(3) should be due by the parties **thirty (30) days** before trial.

Final lists of exhibits under Rule 26(a)(3) should be due by the parties **thirty (30) days** before trial.

Parties should have **fourteen (14) days** after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

The Court will schedule a hearing on Motions in Limine, Objections to Exhibits, and Objections to Deposition Designations prior to trial.

This case should be ready for trial by **April 6, 2009**, and is expected to last 6-7 trial days.

  .  .

|  |  |
|---|---|
| | _____ |
| | D. Michael Andrews |

**OF COUNSEL:**
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.
Post Office Box 4160
Montgomery, AL 36103-4160
(334) 269-2343
(334) 954-7555 – facsimile
mike.andrews@beasleyallen.com

_____
D. Alan Thomas
Bradley J. McGiboney

**OF COUNSEL:**
HUIE, FERNAMBUCQ & STEWART, LLP
Three Protective Center
2801 Highway 280 South, Suite 200
Birmingham, AL 35223-2484
(205) 251-1193
(205) 251-1256 – facsimile
dat@hfsllp.com
bjm@hfsllp.com

   - and –

J. Randolph Bibb, Jr.
Waller, Lansden, Dortch & Davis, LLP
Nashville City Center
511 Union Street, Suite 2700
Nashville, Tennessee 37219
(615) 244-6380

|  |  |
|---|---|
|  | _____<br>John C. Morrow<br>Geoffrey S. Bald |
| **OF COUNSEL:**<br>BURR & FORMAN LLP<br>420 North 20th Street, Suite 3400<br>Birmingham, Alabama 35203<br>(205) 251-3000<br>(205) 458-5100 – Facsimile<br>jmorrow@burr.com<br>gbald@burr.com |  |
|  | _____<br>Robert H. Sprain, Jr.<br>Irene Elizabeth Blomenkamp |
| **OF COUNSEL:**<br>SPRAIN & MEIGHEN, P.C.<br>1707 29th Court South<br>Birmingham, Alabama 35209<br>(205) 437-3232<br>(205) 802-7083 – Facsimile<br>rhs@sprainlaw.com<br>ireneblomenkamp@aol.com |  |

7

# HUIE, FERNAMBUCQ & STEWART, LLP
### ATTORNEYS AT LAW

EUGENE D. MARTENSON
STANLEY A. CASH
JAMES R. SHAW
ROBERT M. GIRARDEAU
JOHN S. CIVILS, JR.
FRANK E. LANKFORD, JR.
M. KEITH GANN
CHARLES H. CLARK, JR.
JOHN D. HERNDON
J. ALLEN SYDNOR, JR.
D. ALAN THOMAS
WILLIAM G. GANTT
T. KELLY MAY
CHRISTOPHER S. RODGERS
WALTER J. PRICE, III
H. LANIER BROWN, II

GREGORY L. SCHUCK
PHILIP R. COLLINS
THOMAS E. BAZEMORE, III
R. GORDON SPROULE, JR.*
MARTHA LEACH THOMPSON
PAUL F. MALEK**
H. CANNON LAWLEY
ANNA-KATHERINE G. BOWMAN
JANE G. HALL
C. JEFFERY ASH
JENNIFER D. SEGERS
MICHELLE K. PIERONI
BRADLEY J. McGIBONEY
DAVID L. BROWN, JR.
J. PATRICK STRUBEL
GERALD C. BROOKS, JR.***

THREE PROTECTIVE CENTER
2801 HIGHWAY 280 SOUTH
SUITE 200
BIRMINGHAM, ALABAMA 35223-2484
TELEPHONE (205) 251-1193
FACSIMILE (205) 251-1256
WWW.HFSLLP.COM


Direct Dial: 205/297-8820
Email: bjm@hfsllp.com

CHARLES J. FLEMING, JR.
S.A. BRADLEY BAKER, III
JASON M. KIRSCHBERG
M. JEREMY DOTSON
JOSEPH R. DUNCAN, JR.
DAVID M. FLEMING
JAMES R. LAWRENCE, III
JOHN I. SOUTHERLAND
DOUGLAS R. KENDRICK
JACOB W. CRAWFORD
J. BRANNON MANER
GORDON J. BRADY, III
MICHAEL T. SCIVLEY
LUCAS C. MONTGOMERY
STEWART W. McCLOUD
LAUREN E. DAVIS
JENNIFER H. REID

ALSO MEMBER
*GEORGIA BAR
**KENTUCKY BAR
***MISSISSIPPI BAR


THOMAS B. HUIE
1915-1990
WILLIAM B. FERNAMBUCQ
1922-1997
CHARLES A. STEWART, JR.
1923-1983

April 4, 2008


Hon. William H. Albritton, III
United States District Court
Post Office Box 629
Montgomery, AL 36101-0629

    RE:    *Meredith Chadwick Ray and Phillip Ray v. Ford Motor Company, et al.*
            U.S. District Court, Middle District of Alabama; No. 3:07-CV-175

Dear Judge Albritton:

      Please find enclosed a copy of the Amended Report of Parties' Planning Meeting for your review. I have attempted on numerous occasions to obtain an agreement from each of the parties for this Report, or information regarding any changes requested by any parties. However, to date, I have yet to receive a response from Plaintiffs. Defendants Visteon Corporation and Pontiac Coil do not have an objection to the Amended Report of Parties' Planning Meeting and are in agreement with the information contained within the Report submitted herewith. My last letter indicated that if I did not hear anything from each of the parties by Noon on April 4, 2008, I would submit this Amended Report of Parties' Planning Meeting to the Court for approval. As such, I am now submitting this Report of Parties' Planning Meeting for the Court's consideration.

01227635.1/1269-0272

Hon. William H. Albritton, III
April 4, 2008
Page 2

---

     If the Court has questions or would otherwise like to discuss this matter, I will be glad to contact each of the parties to schedule a conference at the Court's convenience.

                                  Sincerely yours,

                                  HUIE, FERNAMBUCQ & STEWART, LLP

                        By: *[signature]*
                                  Bradley J. McGiboney

BJM/mab
Enclosure
cc:    D. Michael Andrews, Esq.
       John C. Morrow, Esq.
       Geoffrey S. Bald, Esq.
       Robert H. Sprain, Jr., Esq.
       Irene Elizabeth Blomenkamp, Esq.
       D. Alan Thomas, Esq.
       J. Randolph Bibb, Jr., Esq.