<u>THE UNITED STATES DISTRICT COURT</u>
<u>MIDDLE DISTRICT ALABAMA</u>
<u>EASTERN DIVISION</u>

| | |
|---|---|
| MEREDITH CHADWICK RAY and PHILLIP RAY, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) CASE NO.: 3:07-CV-175-WHA |
| VISTEON CORPORATON, | ) ) |
| Defendant and Third-Party Plaintiff, | ) *Third-Part Complaint* |
| v. | ) ) ) |
| ADMIRAL TOOL & MANUFACTURING CO. OF MICHIGAN, | ) ) ) |
| Third-Party Defendant. | ) |

<u>MOTION TO BRING IN</u>
<u>THIRD-PARTY DEFENDANT</u>

COMES NOW, Visteon Corporation, Defendant in the above styled causes and moves for leave, as Third-Party Plaintiff, to cause to be served upon Admiral Tool & Manufacturing Co. of Michigan a Summons and Third-Party Complaint, copies of which are hereto attached as Exhibit A.

s/Robert H Sprain<br>
Robert H. Sprain, Jr. (SPR013)<br>
Irene E. Blomenkamp (BLO016)<br>
Attorneys for Defendant, Visteon Corporation

<u>OF COUNSEL</u>
SPRAIN & MEIGHEN, P.C.
1707 29th Court South
Birmingham, Alabama 35209
205.437.3232  Phone
205.802.7083  Fax
rhs@sprainlaw.com
Irene@sprainmeighen.com

1

## THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT ALABAMA
## EASTERN DIVISION

| | |
|---|---|
| MEREDITH CHADWICK RAY and PHILLIP RAY, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) CASE NO.: 3:07-CV-175-WHA |
| VISTEON CORPORATON, | ) ) |
| Defendant and Third-Party Plaintiff, | ) *Third-Part Complaint* |
| v. | ) ) ) |
| ADMIRAL TOOL & MANUFACTURING CO. OF MICHIGAN, | ) ) ) |
| Third-Party Defendant. | ) ) |

### SUMMONS

*To the above-named Third-Party Defendant:*

Admiral Tool & Manufacturing Co. of Michigan
c/o CSC-Lawyers Incorporating Service Company
601 Abbott Rd.
East Lansing, MI 48823

You are hereby summoned and required to serve upon D. Michael Andrews, Plaintiffs', attorneys whose address is P. O. Box 4160 Montgomery, Alabama 36104, and upon, Robert H. Sprain, Jr. and Irene E. Blomenkamp, who are attorneys for Visteon Corporation, Defendant and Third-Party Plaintiff, and whose address is 1707 29th Court South, Birmingham, Alabama 35209, an answer to the Third-Party Complaint which is herewith served upon you within 20 days after the service of this Summons upon you exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Third-Party Complaint. There is also served upon you herewith a copy of the Complaint of the plaintiff which you may but are not required to answer.

_____
**Clerk of Court**

**Dated:** _____

EXHIBIT "A"

THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MEREDITH CHADWICK RAY and PHILLIP RAY, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>) CASE NO.: 3:07-CV-175-WHA |
| VISTEON CORPORATION, | )<br>) |
| Defendant and Third-Party Plaintiff, | ) *Third-Part Complaint* |
| v. | )<br>) |
| ADMIRAL TOOL & MANUFACTURING CO. OF MICHIGAN, | )<br>)<br>) |
| Third-Party Defendant. | ) |

### DEFENDANT, VISTEON CORPORATON'S THIRD-PARTY COMPLAINT AGAINST ADMIRAL TOOL & MANUFACTURING CO OF MICHIGAN

COMES NOW the Defendant, VISTEON CORPORATION, ("Visteon"), by and through its undersigned counsel, and files the following Third-Party Complaint against Admiral Tool & Manufacturing Co. of Michigan ("Admiral Tool") and as grounds for Visteon's Third-Party Complaint, the Defendant and Third-Party Claimant would show unto the Court as follows:

### PARTIES AND JURISDICTION

1. Defendant and Third-Party Claimant, Visteon Corporation is a Delaware corporation with its principal place of business located at One Village Center Drive, Van Buren Township, MI 48111. Visteon is a named Defendant in the underlying cause of action.

2. Third-Party Defendant, Admiral Tool, upon information and belief, is a Michigan corporation with its principal place of business located at 38010 Amrhein Livonia, MI 48150 and at all times relevant to this Complaint was doing business in the State of Alabama. Personal

1

jurisdiction over Admiral Tool is proper because Admiral Tool purposefully places its partially assembled products, including the product that it is the subject matter of this action, into the stream of commerce in conjunction with other products causing personal injury within the State of Alabama.

## FACTS

3. On or about April 21, 2006, the Plaintiff, Meredith Chadwick Ray was injured when her 2002 Mercury Mountaineer struck her and pinned her against a building. In her Complaint the Plaintiff alleges that Brake Interlock System ("BSI") of the Mountaineer failed thereby causing her injuries.

4. Plaintiff originally filed her Complaint sometime in 2007 against Ford Motor Company. Later Plaintiff amended her Complaint to include two new Defendants, Visteon and Pontiac Coil. According the Amended Complaint, Visteon and Pontiac Coil designed, manufactured and/or distributed BSI components installed in the Mountaineer that were designed and/or manufactured in a faulty manner. *See Amended Complaint*.

5. Through the initial discovery process it was discovered that Third-Party Plaintiff, Visteon, contracted with Third-Party Defendant, Admiral Tool, to partially assemble BSIs using solenoids purchased from Defendant, Pontiac Coil.

6. As such, Admiral Tool acted as one of the manufacturers and/or distributors for BSI components that were installed in Ford vehicles during the time the plaintiff's Mountaineer was manufactured.

7. Component parts manufactured and/or assembled in part by Admiral Tool were purchased by Visteon pursuant to Purchase Orders and the Global Terms for Production Parts and Non-Production Goods and Services ("Global Terms") referenced therein.

8. Said Global Terms contains an indemnification agreement clause in which Admiral Tool as the seller " . . .agrees, to indemnify, hold harmless and defend buyer and its affiliated companies. . . from and against any loss, liabilities, costs, expenses, suits, actions, claims and all other obligations." The agreement further states that "[s]eller's obligation to defend and indemnify under this Section will apply regardless of the whether the claim arises in tort, negligence, contract, warranty, strict liability or otherwise. . ."

9. As part of the manufacture/distribution chain, Admiral Tool, is a proper and indispensible party to this action.

## COUNT I – ALABAMA EXTENDED MANUFACTURE'S LIABILITY DOCTRINE

10. The Defendant and Third-Party Claimant reavers each and every allegation contained in paragraphs 1-9 as if fully set forth herein.

11. The Amended Complaint filed by Plaintiffs alleges that the Defendants are subject to liability under the Alabama Extended Manufacturer's Liability Doctrine ("AEMLD") and that the Plaintiffs' were damaged as a proximate result of said liability.

12. Visteon denies each of Plaintiffs' allegations contained in Count I of the Complaint but asserts that in the event it becomes liable for Plaintiffs' claims that Visteon is entitled to recover from Admiral Tool any amount that may be recovered by Plaintiffs against Visteon, as well as the costs associated with the Visteon's defense of Plaintiffs' claims

**WHEREFORE, PREMISES CONSIDERED**, the Defendant and Third-Party Claimant, Visteon demands judgment against the Third-Party Defendant, Admiral Tool, and requests that Visteon recover any amounts associated with its defense in this matter, as well as for any amounts that it may be required to pay Plaintiffs as a result of their allegations against Defendants.

3

## COUNT II – NEGLIGENCE

13. The Defendant and Third-Party Claimant reavers each and every allegation contained in paragraphs 1-12 as if set out herein.

14. According to the Amended Complaint Defendants were negligent in the design, manufacture, testing, inspection, distribution and/or sale maintenance or repair, and the failure to recall the 2002 Mountaineer that is the subject of this lawsuit and that the Plaintiffs' were injured as a proximate result.

15. Visteon denies each and every allegation contained in Count II of the Complaint, but asserts that that in the event it becomes liable for Plaintiffs' claims that Visteon is entitled to recover from Admiral Tool any amount that may be recovered by Plaintiffs against Visteon, as well as the costs associated with the defense of Plaintiffs' claims.

**WHEREFORE, PREMISES CONSIDERED**, the Defendant and Third-Party Claimant, Visteon demands judgment against the Defendant, Admiral Tool, and requests that Visteon recover requests that Visteon recover any amounts associated with its defense in this matter, as well as for any amounts that it may be required to pay Plaintiffs as a result of their allegations against Defendants.

## COUNT III – WANTONESS

16. The Defendant and Third-Party Claimant reavers each and every allegation contained in paragraphs 1-15 as if set out herein.

17. The Amended Complaint filed by Plaintiffs in this cause also alleges that Plaintiffs were injured by the wanton, design, manufacture, testing, inspection, distribution and/or sale maintenance or repair, and failure to recall of the 2002 Mercury Mountaineer vehicle which is the subject of this lawsuit, by the Defendants.

18. Visteon denies each of Plaintiffs' allegations contained in Count III of the Complaint but asserts that in the event it becomes liable for Plaintiffs' claims that Visteon is entitled to recover from Admiral Tool any amount associated with the defense of this matter as well as any amounts that may be recovered by Plaintiffs against Visteon

**WHEREFORE, PREMISES CONSIDERED**, the Defendant and Third-Party Claimant, Visteon demands judgment against the Third-Party Defendant, Admiral Tool and requests that Visteon recover any amounts associated with its defense in this matter, as well as for any amounts that it may be required to pay Plaintiffs as a result of their allegations against Defendants.

### COUNT IV INDEMNIFICATION

19. The Defendant and Third-Party Claimant reavers each and every allegation contained in paragraphs 1-18 as if set out herein.

20. Component parts manufactured and/or assembled in part by Admiral Tool were purchased by Visteon pursuant to Purchase Orders and the Global Terms for Production Parts and Non-Production Goods and Services ("Global Terms") referenced therein.

21. Said Global Terms contains an indemnification agreement in which Admiral Tool as the seller " . . .agrees, to indemnify, hold harmless and defend buyer and its affiliated companies. . . from and against any loss, liabilities, costs, expenses, suits, actions, claims and all other obligations." Under the agreement Admiral Tool's obligation " . . to defend and indemnify under this Section will apply regardless of the whether the claim arises in tort, negligence, contract, warranty, strict liability or otherwise. . ."

22. According to the indemnification agreement Admiral Tool must defend and indemnify Visteon with regard to all of the Plaintiffs' claims in the original Complaint.

**WHEREFORE PREMISES CONSIDERED,** the Defendant and Third-Party Claimant, Visteon demands judgment against the Third-Party Defendant, Admiral Tool Admiral Tool and requests that Visteon recover any amounts associated with its defense in this matter, as well as for any amounts that it may be required to pay Plaintiffs as a result of their allegations against Defendants..

Respectfully Submitted,

/s/ Robert H. Sprain, Jr.
Robert H. Sprain, Jr. (SPR013)
Irene E. Blomenkamp (BLO016)
Attorneys for the Defendant and Third-Party
Plaintiff Visteon Corporation

**OF COUNSEL:**
**SPRAIN & MEIGHEN, P.C.**
1707 29th Court South
Birmingham, Alabama  35209
(205) 437-3232  Phone
(205) 802-7083  Fax
Email: rhs@sprainlaw.com

Please serve the Third-Party Defendants by Certified Mail at the following address:

Admiral Tool & Manufacturing Co. of Michigan
c/o CSC-Lawyers Incorporating Service Company
601 Abbott Rd.
East Lansing, MI 48823

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of April 2008, the foregoing was electronically filed with the Clerk of the Court and all counsel of record using the CM/ECF system.

/s/ Irene E. Blomenkamp
Of Counsel