**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **MEREDITH CHADWICK RAY and** | ) | |
| **PHILLIP RAY** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.:  3:07-cv-175-WHA** |
| | ) | |
| **FORD MOTOR COMPANY, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

<u>**ANSWER**</u>

      **COMES NOW,** the third party defendant, Admiral Tool & Manufacturing Company, and in response to the third party Complaint of Visteon Corporation responds as follows:

      1.     Admitted.

      2.     The defendant admits it is a corporation organized under the laws of the State of Michigan with its principal place of business located in Amrheim Livonia, Michigan.  The defendant denies it does business by agent within the State of Alabama.  Any and all work performed by the defendant occurs outside the State of Alabama, and any of its components and/or products would be placed into the stream of commerce by others.

      3.     The defendant admits said paragraph in so far as it accurately states the allegations contained within the plaintiffs' Complaint, however denies any action on its part contributed or caused the incident made the basis of the plaintiffs' Complaint or any injuries sustained therein.

      4.     Admitted.

5.      The defendant admits it provided certain work in assembly of the BSI, however denies any conduct on its part was negligent, wanton, in violation of the Alabama Extended Manufacturer Liability Doctrine or contrary to any contracts or design plan.

6.      The defendant admits it performed certain work in the preparation of BSI components installed on Ford vehicles, however denies its work constituted a completed product, and further denies it caused or contributed to any injuries claimed by the plaintiff.

7.      Admitted.

8.      The defendant admits said paragraph accurately states the language contained within the Global Terms Agreement, however denies the third party plaintiff's entitlement to indemnity or defense in this action and demands strict proof thereof.

9.      Denied.

<u>COUNT I</u>

10.     The defendant incorporates by reference thereto its responses to the preceding paragraphs.

11.     The defendant admits said paragraph accurately states language contained within the plaintiffs' Amended Complaint, however denies any action on its part constituted a violation of the Alabama Extended Manufacturer Liability Doctrine or that any action on its part proximately caused injury or damage to the plaintiff and demands strict proof thereof.

12.     Denied.

<u>COUNT II - Negligence</u>

13.     The defendant incorporates by reference thereto its responses to the preceding paragraphs.

14.    The defendant admits said paragraph accurately states the allegations contained within the plaintiffs' Complaint, however denies any action on its part constituted negligent conduct proximately resulting in injury or damage to the plaintiff and demands strict proof thereof.

15.    Denied.

COUNT III – Wantoness

16.    The defendant incorporates by reference thereto its responses to the preceding paragraphs.

17.    The defendant admits said paragraph accurately reflects the allegations contained within the plaintiffs' Complaint, however denies any action on its part constituted negligent or wanton conduct and demands strict proof thereof.

18.    Denied.

COUNT IV – Indemnification

19.    The defendant incorporates by reference thereto its responses to the preceding paragraphs.

20.    Admitted.  The defendant denies any action on its part constituted a violation of any terms and/or agreements existing between the parties and demands strict proof thereof.

21.    Denied.

22.    Denied.

AFFIRMATIVE DEFENSES

1.    The third party plaintiff's Complaint fails to state a cause of action upon which relief may be granted.

2.      The defendant denies any action on its part constituted negligent and/or wanton conduct and demands strict proof thereof.

3.      The defendant denies any action on its part constituted violation of the Alabama Extended Manufacturer Liability Doctrine and demands strict proof thereof.

4.      The defendant denies it designed, manufactured, installed, distributed, sold, or assembled any unreasonably dangerous product proximately resulting in injury or damage and demands strict proof thereof.

5.      The defendant denies any product and/or component made the basis of the plaintiffs' original Complaint was unreasonably dangerous and defective creating an unreasonable risk of injury or death and demands strict proof thereof.

6.      The defendant denies the product made the basis of the plaintiff's original Complaint was unreasonably dangerous by design and/or manufacturer and demands strict proof thereof.

7.      The defendant pleads the affirmative defense of contributory negligence.

8.      The defendant pleads the affirmative defense of no causal relation.

9.      The defendant pleads as an affirmative defense assumption of the risk.

10.     The defendant as an affirmative defense pleads a substantial alteration and/or modification.

11.     The defendant as an affirmative defense pleads an intervening and superceding cause.

12.     The defendant as an affirmative defense pleads the failure of Visteon to comply with all terms and conditions of any agreement existing between the parties.

13.    As an affirmative defense the defendant would show any work it performed would not constitute a completed product.

14.    The defendant as an affirmative defense pleads the constitutional protections afforded under the Constitution of the United States of America and the State of Alabama.

15.    The defendant reserves the right to assert additional defenses which are not currently known but which are learned through discovery.

Respectfully submitted this 13th day of June, 2008.

          /s/     Gerald C. Swann, Jr.
**GERALD C. SWANN, JR.**
Attorney for third party defendant,
Admiral Tool & Manufacturing Company

OF COUNSEL:

Ball, Ball, Matthews & Novak, P.A.
Post Office Box 2148
Montgomery, Alabama 36102-2148
334-387-7680
fax  334-387-3222
gswann@ball-ball.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 13th day of June 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Robert H. Sprain, Jr., Esq.
Irene E. Blomenkamp, Esq.
George Allen Meighen, Esq.
Sprain & Meighen, P.C.
1707 29th Court South
Birmingham, Alabama 35209

David Michael Andrews, Esq.
Benjamin E. Baker, Jr., Esq.
Beasley, Allen, Crow,
Methvin, Portis & Miles, P.C.
P. O. Box 4160
Montgomery, Alabama 36103-4160

Geoffrey Sean Bald, Esq.
John C. Morrow, Esq.
Burr & Forman LLP
420 North Twentieth Street
3400 Wachovia Tower
Birmingham, Alabama 35203

John Randolph Bibb, Jr., Esq.
Waller, Landsen, Dortch, & Davis, LLP
Nashville City Center
511 Union Street, Suite 2700
Nashville, Tennessee 37212

Bradley Jason McGiboney, Esq.
Donald Allen Thomas, Esq.
Huie Fernambucq & Stewart LLP
Three Protective Center
2801 Highway 280 South, Suite 200
Birmingham, Alabama 35223-2484

      /s/    Gerald C. Swann, Jr.
**OF COUNSEL**