IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MEREDITH CHADWICH RAY and PHILIP RAY, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) CIVIL ACTION NO. 3:07-CV-175 |
| FORD MOTOR COMPANY, PONTIAC COIL, INC.; VISTEON CORPORATION, et al., | ) ) ) ) |
| Defendants. | ) ) |

### DEFENDANT PONTIAC COIL, INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

**COMES NOW** Defendant Pontiac Coil, Inc. ("Defendant" or "Pontiac Coil"), and in answer to Plaintiffs' First Amended Complaint, states as follows:

### FIRST DEFENSE

Pontiac Coil denies that it has sufficient contacts with the State of Alabama to create personal jurisdiction over Pontiac Coil in the case. Furthermore, the Complaint fails to allege sufficient facts to establish personal jurisdiction over Pontiac Coil.

### STATEMENT OF THE PARTIES

1. Defendant Pontiac Coil is without sufficient information to either admit or deny the allegations contained in Paragraph 1 of Plaintiffs' First Amended Complaint and, therefore, denies the allegations contained in Paragraph 1 and demands strict proof thereof.

2. Defendant Pontiac Coil is without sufficient information to either admit or deny the allegations contained in Paragraph 2 of Plaintiffs' First Amended Complaint and, therefore, denies the allegations contained in Paragraph 2 and demands strict proof thereof.

1621529 v1

3. Defendant Pontiac Coil is without sufficient information to either admit or deny the allegations contained in Paragraph 3 of Plaintiffs' First Amended Complaint and, therefore, denies the allegations contained in Paragraph 3 and demands strict proof thereof.

4. The allegations contained in Paragraph 4 of Plaintiffs' First Amended Complaint pertain to fictitious parties. To the extent Paragraph 4 requires a response from Defendant Pontiac Coil, Defendant denies the allegations contained in Paragraph 4 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

5. The allegations contained in Paragraph 5 of Plaintiffs' First Amended Complaint pertain to fictitious parties. To the extent Paragraph 5 requires a response from Defendant Pontiac Coil, Defendant denies the allegations contained in Paragraph 5 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

6. The allegations contained in Paragraph 6 of Plaintiffs' First Amended Complaint pertain to fictitious parties. To the extent Paragraph 6 requires a response from Defendant Pontiac Coil, Defendant denies the allegations contained in Paragraph 6 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

7. The allegations contained in Paragraph 7 of Plaintiffs' First Amended Complaint pertain to fictitious parties. To the extent Paragraph 7 requires a response from Defendant Pontiac Coil, Defendant denies the allegations contained in Paragraph 7 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

8. The allegations contained in Paragraph 8 of Plaintiffs' First Amended Complaint pertain to fictitious parties. To the extent Paragraph 8 requires a response from Defendant Pontiac Coil, Defendant denies the allegations contained in Paragraph 8 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

9. The allegations contained in Paragraph 9 of Plaintiffs' First Amended Complaint pertain to fictitious parties. To the extent Paragraph 9 requires a response from Defendant Pontiac Coil, Defendant denies the allegations contained in Paragraph 9 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

10. Admitted.

## STATEMENT OF THE FACTS

11. Defendant Pontiac Coil is without sufficient information to either admit or deny the allegations contained in Paragraph 11 of Plaintiffs' First Amended Complaint and, therefore, denies the allegations of Paragraph 11 and demands strict proof thereof.

12. Defendant Pontiac Coil is without sufficient information to either admit or deny the allegations contained in Paragraph 12 of Plaintiffs' First Amended Complaint and, therefore, denies the allegations of Paragraph 12 and demands strict proof thereof.

13. Defendant Pontiac Coil is without sufficient information to either admit or deny the allegations contained in Paragraph 13 of Plaintiffs' First Amended Complaint and, therefore, denies the allegations of Paragraph 13 and demands strict proof thereof.

14. Defendant Pontiac Coil denies the allegations contained in Paragraph 14 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

15. Defendant Pontiac Coil denies the allegations contained in Paragraph 15 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

16. Defendant Pontiac Coil denies the allegations contained in Paragraph 16 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

17. Defendant Pontiac Coil denies the allegations contained in Paragraph 17 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

18.     Defendant Pontiac Coil denies the allegations contained in Paragraph 18 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

**COUNT ONE**

19.     The allegations contained in Paragraph 19 consist of Plaintiffs' original Complaint and are not directed to Pontiac Coil.  To the extent a response is required on the part of Pontiac Coil, Pontiac Coil denies the allegations contained in Paragraph 19 and demands strict proof thereof.

20.     The allegations contained in Paragraph 20 consist of Plaintiffs' original Complaint and are not directed to Pontiac Coil.  To the extent a response is required on the part of Pontiac Coil, Pontiac Coil denies the allegations contained in Paragraph 20 and demands strict proof thereof.

21.     The allegations contained in Paragraph 21 consist of Plaintiffs' original Complaint and are not directed to Pontiac Coil.  To the extent a response is required on the part of Pontiac Coil, Pontiac Coil denies the allegations contained in Paragraph 21 and demands strict proof thereof.

22.     The allegations contained in Paragraph 22 consist of Plaintiffs' original Complaint and are not directed to Pontiac Coil.  To the extent a response is required on the part of Pontiac Coil, Pontiac Coil denies the allegations contained in Paragraph 22 and demands strict proof thereof.

23.     The allegations contained in Paragraph 23 consist of Plaintiffs' original Complaint and are not directed to Pontiac Coil.  To the extent a response is required on the part of Pontiac Coil, Pontiac Coil denies the allegations contained in Paragraph 23 and demands strict proof thereof.

24. The allegations contained in Paragraph 24 consist of Plaintiffs' original Complaint and are not directed to Pontiac Coil. To the extent a response is required on the part of Pontiac Coil, Pontiac Coil denies the allegations contained in Paragraph 24 and demands strict proof thereof.

25. The allegations contained in Paragraph 25 consist of Plaintiffs' original Complaint and are not directed to Pontiac Coil. To the extent a response is required on the part of Pontiac Coil, Pontiac Coil denies the allegations contained in Paragraph 25 and demands strict proof thereof.

26. The allegations contained in Paragraph 26 consist of Plaintiffs' original Complaint and are not directed to Pontiac Coil. To the extent a response is required on the part of Pontiac Coil, Pontiac Coil denies the allegations contained in Paragraph 26 and demands strict proof thereof.

27. The allegations contained in Paragraph 27 consist of Plaintiffs' original Complaint and are not directed to Pontiac Coil. To the extent a response is required on the part of Pontiac Coil, Pontiac Coil denies the allegations contained in Paragraph 27 and demands strict proof thereof.

28. The allegations contained in Paragraph 28 consist of Plaintiffs' original Complaint and are not directed to Pontiac Coil. To the extent a response is required on the part of Pontiac Coil, Pontiac Coil denies the allegations contained in Paragraph 28 and demands strict proof thereof.

**COUNT TWO**

29. The allegations contained in Paragraph 29 consist of Plaintiffs' original Complaint and are not directed to Pontiac Coil. To the extent a response is required on the part

of Pontiac Coil, Pontiac Coil denies the allegations contained in Paragraph 29 and demands strict proof thereof.

30. The allegations contained in Paragraph 30 consist of Plaintiffs' original Complaint and are not directed to Pontiac Coil. To the extent a response is required on the part of Pontiac Coil, Pontiac Coil denies the allegations contained in Paragraph 30 and demands strict proof thereof.

31. The allegations contained in Paragraph 31 consist of Plaintiffs' original Complaint and are not directed to Pontiac Coil. To the extent a response is required on the part of Pontiac Coil, Pontiac Coil denies the allegations contained in Paragraph 31 and demands strict proof thereof.

## COUNT THREE

32. The allegations contained in Paragraph 32 consist of Plaintiffs' original Complaint and are not directed to Pontiac Coil. To the extent a response is required on the part of Pontiac Coil, Pontiac Coil denies the allegations contained in Paragraph 32 and demands strict proof thereof.

33. The allegations contained in Paragraph 33 consist of Plaintiffs' original Complaint and are not directed to Pontiac Coil. To the extent a response is required on the part of Pontiac Coil, Pontiac Coil denies the allegations contained in Paragraph 33 and demands strict proof thereof.

34. The allegations contained in Paragraph 34 consist of Plaintiffs' original Complaint and are not directed to Pontiac Coil. To the extent a response is required on the part of Pontiac Coil, Pontiac Coil denies the allegations contained in Paragraph 34 and demands strict proof thereof.

## COUNT FOUR

35. The allegations contained in Paragraph 35 consist of Plaintiffs' original Complaint and are not directed to Pontiac Coil. To the extent a response is required on the part of Pontiac Coil, Pontiac Coil denies the allegations contained in Paragraph 35 and demands strict proof thereof.

36. The allegations contained in Paragraph 36 consist of Plaintiffs' original Complaint and are not directed to Pontiac Coil. To the extent a response is required on the part of Pontiac Coil, Pontiac Coil denies the allegations contained in Paragraph 36 and demands strict proof thereof.

37. The allegations contained in Paragraph 37 consist of Plaintiffs' original Complaint and are not directed to Pontiac Coil. To the extent a response is required on the part of Pontiac Coil, Pontiac Coil denies the allegations contained in Paragraph 37 and demands strict proof thereof.

38. The allegations contained in Paragraph 38 consist of Plaintiffs' original Complaint and are not directed to Pontiac Coil. To the extent a response is required on the part of Pontiac Coil, Pontiac Coil denies the allegations contained in Paragraph 38 and demands strict proof thereof.

## AMENDING COMPLAINT

## STATEMENT OF THE PARTIES

39. Defendant Pontiac Coil realleges all of its prior responses as if set forth fully herein.

40. Pontiac Coil admits that it is a foreign corporation headquartered in Clarkston, Michigan. Pontiac Coil denies the remaining allegations in Paragraph 40 of Plaintiffs' First

Amended Complaint and demands strict proof thereof. Pontiac Coil denies that it has sufficient contacts with the State of Alabama to create personal jurisdication.

41. The allegations contained in Paragraph 41 of Plaintiffs' First Amended Complaint do not call for a response from Defendant Pontiac Coil. To the extent that the allegations of Paragraph 41 require a response from this Defendant, Pontiac Coil denies the allegations and demands strict proof thereof.

## STATEMENT OF THE FACTS

42. Defendant Pontiac Coil realleges all of its prior responses as if set forth fully herein.

43. Pontiac Coil denies the allegations of Paragraph 43 and demands strict proof thereof.

44. Pontiac Coil is without sufficient information to either admit or deny the allegations contained in Paragraph 44 of Plaintiffs' First Amended Complaint and, therefore, denies the allegations of Paragraph 44 and demands strict proof thereof.

## COUNT FIVE

45. Defendant Pontiac Coil realleges all of its prior responses as if set forth fully herein.

46. Pontiac Coil denies the allegations of Paragraph 46 and demands strict proof thereof.

47. Pontiac Coil is without sufficient information to either admit or deny the allegations contained in Paragraph 47 of Plaintiffs' First Amended Complaint and, therefore, denies the allegations of Paragraph 47 and demands strict proof thereof.

48. Defendant Pontiac Coil denies the allegations contained in Paragraph 48 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

49. Defendant Pontiac Coil denies the allegations contained in Paragraph 49 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

50. Defendant Pontiac Coil denies the allegations contained in Paragraph 50 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

51. Defendant Pontiac Coil denies the allegations contained in Paragraph 51 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

52. Defendant Pontiac Coil denies the allegations contained in Paragraph 52 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

53. Defendant Pontiac Coil denies the allegations contained in Paragraph 53 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

54. Defendant Pontiac Coil denies the allegations contained in Paragraph 54 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

Defendant Pontiac Coil denies that Plaintiffs are entitled to any judgment, either compensatory or punitive, nor the costs of this action.

## **COUNT SIX**

55. Defendant Pontiac Coil realleges all of its prior responses as if set forth fully herein.

56. Defendant Pontiac Coil denies the allegations contained in Paragraph 56 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

57. Defendant Pontiac Coil denies the allegations contained in Paragraph 57 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

Defendant Pontiac Coil denies that Plaintiffs are entitled to any judgment, either compensatory or punitive, nor the costs of this action.

## COUNT SEVEN

58. Defendant Pontiac Coil realleges all of its prior responses as if set forth fully herein.

59. Defendant Pontiac Coil denies the allegations contained in Paragraph 59 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

60. Defendant Pontiac Coil denies the allegations contained in Paragraph 60 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

Defendant Pontiac Coil denies that Plaintiffs are entitled to any judgment, either compensatory or punitive, nor the costs of this action.

## COUNT EIGHT

61. Defendant Pontiac Coil realleges all of its prior responses as if set forth fully herein.

62. Pontiac Coil is without sufficient information to either admit or deny the allegations contained in Paragraph 62 of Plaintiffs' First Amended Complaint and, therefore, denies the allegations of Paragraph 62 and demands strict proof thereof.

63. Defendant Pontiac Coil denies the allegations contained in Paragraph 63 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

64. Defendant Pontiac Coil denies the allegations contained in Paragraph 64 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

Defendant Pontiac Coil denies that Plaintiffs are entitled to any judgment, either compensatory or punitive, nor the costs of this action.

**SECOND DEFENSE**

Plaintiffs' Complaint fails to state a claim upon which relief may be granted against this Defendant.

**THIRD DEFENSE**

Unless specifically admitted herein, this Defendant denies each and every material allegation made against it by the Plaintiffs in the First Amended Complaint and demands strict proof therein.

**FOURTH DEFENSE**

This Defendant avers that at the time and place of the incident in question, Plaintiffs were guilty of negligence which directly contributed to cause the injuries in question.

**FIFTH DEFENSE**

This Defendant affirmatively pleads assumption of the risk.

**SIXTH DEFENSE**

This Defendant affirmatively pleads misuse of the vehicle involved in this case.

**SEVENTH DEFENSE**

This Defendant avers that all of Plaintiffs' claims fail because the conditions alleged to be the source of Plaintiffs' injuries were an open and obvious hazard.

**EIGHTH DEFENSE**

This Defendant denies that there is any causal relationship between the conduct of this Defendant and the injuries and damages of Plaintiffs alleged in the First Amended Complaint.

**NINTH DEFENSE**

This Defendant affirmatively pleads efficient intervening cause of third persons that caused or contributed to cause the accident and injuries in question, thereby barring Plaintiffs from recovery from this Defendant.

**TENTH DEFENSE**

This Defendant affirmatively pleads any and all pro tanto settlements or other monies paid to Plaintiffs as a result of the injuries sustained in the accident made the basis of this suit.

**ELEVENTH DEFENSE**

This Defendant affirmatively pleads modification and substantial alteration of the vehicle involved in this case which may have caused or contributed to the accident and injuries in question, thereby barring Plaintiffs from recovering from this Defendant.

**TWELFTH DEFENSE**

As concerns any claims for breach of express and implied warranties, this Defendant pleads specific disclaimer, limitation of warranty, lack of privity of contract between Plaintiffs and this Defendant and failure to comply with the notice provisions of the Alabama Uniform Commercial Code prior to the filing of this action, and thus Plaintiffs' remedies are barred for any claim for breach of warranties.

**THIRTEENTH DEFENSE**

Plaintiffs' claims are barred by the applicable statute of limitations.

**FOURTEENTH DEFENSE**

This Defendant reserves the right to assert that venue is improper and the defense of forum non conveniens.

### FIFTEENTH DEFENSE

Plaintiffs' claims are barred by estoppel and waiver.

### SIXTEENTH DEFENSE

Plaintiffs' claims, in while or in part, are or may be expressly or impliedly preempted by federal law including but not limited to the Motor Vehicle Safety Act and the Federal Motor Vehicle Safety Standards.

### SEVENTEENTH DEFENSE

Plaintiffs have failed to exhaust or appropriately pursue all administrative prerequisites and/or remedies before filing this lawsuit.

### EIGHTEENTH DEFENSE

Some of all of the claims alleged in the First Amended Complaint and/or relief sought are foreclosed because the Plaintiffs have not done equity.

### NINETEENTH DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrines of *res judicata*, collateral estoppel, and/or issue preclusion.

### TWENTIETH DEFENSE

Plaintiffs' claims are barred by the doctrine of *in pari delicto*.

### TWENTY-FIRST DEFENSE

Plaintiffs' claims are barred by the doctrine of last clear chance or subsequent negligence.

### TWENTY-SECOND DEFENSE

Plaintiffs suffered from pre-existing injuries or conditions that were not proximately caused by any act or omission of Pontiac Coil or any product manufactured or sold by Pontiac Coil.

### TWENTY-THIRD DEFENSE

Plaintiffs' claims are barred by the rule or statute of repose.

### TWENTY-FOURTH DEFENSE

Pontiac Coil asserts that to the extent any evidence has been altered or destroyed, such has been prejudicial to this Defendant.

### TWENTY-FIFTH DEFENSE

Plaintiffs' claims are barred in whole or in part by their failure to read or heed warnings.

### TWENTY-SIXTH DEFENSE

Pontiac Coil hereby adopts and incorporates herein any and all affirmative defenses pleaded by all other defendants.

### TWENTY-SEVENTH DEFENSE

There is no basis of law or fact for Plaintiffs' claims for punitive damages asserted in the Complaint.

### TWENTY-EIGHTH DEFENSE

The imposition of punitive damages, with insufficient guidelines as to the proper circumstances for such an award or as to the amount of such award, would violated the due process clause of the Constitution of the United States and the Alabama Constitution.

### TWENTY-NINTH DEFENSE

The imposition of punitive damages under the circumstances of this case would violate the prohibitions against excessive fines contained in the Constitution of the United States and the Alabama Constitution.

**THIRTIETH DEFENSE**

The imposition of punitive damages would violate the United States Constitution and the Alabama Constitution on each of the following separate and several grounds:

(a) The procedures pursuant to which punitive damages are awarded permit the award of punitive damages upon satisfaction of a standard of proof less than the applicable standard of proof required for the imposition of criminal sanctions.

(b) The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing.

(c) The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against this Defendant.

(d) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the award of punitive damages.

(e) The procedures pursuant to which punitive damages are awarded are unconstitutionally vague.

(f) The procedures pursuant to which punitive damages are awarded fail to provide a mains for awarding separate judgments against alleged joint tortfeasors.

(g) The procedures pursuant to which punitive damages are awarded fail to provide a clear and consistent appellate standard of review of an award of punitive damages.

(h) The procedures pursuant to which punitive damages are awarded may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined.

(i) An award of punitive damages would constitute an arbitrary and capricious taking of property of this Defendant without due process of law.

### THIRTY-FIRST DEFENSE

An award of punitive damages will violate this Defendant's rights to due process of law under the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of Alabama:

(a) The standard for an award of punitive damages is so vague and indefinite that it does not give this Defendant adequate notice of the kind of conduct for which they may be liable for punitive damages or the extent of their possible liability;

(b) The procedures pursuant to which punitive damages are awarded may result in an award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing;

(c) The judge or jury is not provided with constitutionally adequate standards of sufficient clarity, objectivity, and uniformity for determining either the appropriate imposition of an award of punitive damages or the appropriate size of an award of punitive damages.

(d) The judge or jury is not instructed in a constitutionally adequate manner on the limits of punitive damages awards imposed by the applicable principles of punishment and deterrence;

(e) The judge or jury is not expressly prohibited from awarding punitive damages, or from determining the amount of an award of punitive damages, in whole or in part, on the basis of individually discriminatory characteristics, including without limitation, the residence, wealth, and corporate status of this Defendant;

(f) This Defendant may be subjected to punishment based upon the same course of conduct in more than one action;

(g) The judge or jury is permitted to award punitive damages under standards of determining liability for, and the amount of, punitive damages that are vague and arbitrary and that do not define with sufficient clarity the culpable conduct or mental state that makes an award of punitive damages permissible; and

(h) An award of punitive damages is not subject to judicial review for reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate standards of sufficient clarity, objectivity, and uniformity.

## **THIRTY-SECOND DEFENSE**

Any claim for punitive damages against this Defendant cannot be sustained because an award of punitive damages subject to no predetermined limit, such as the maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose and providing no protection against multiple awards of punitive damages for the same course of conduct, will violate this Defendant's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of Alabama.

## **THIRTY-THIRD DEFENSE**

The law of Michigan applies to punitive damages. Pursuant to that law, no punitive damages can be awarded.

## **THIRTY-FOURTH DEFENSE**

Defendant reserves the right to assert any additional defenses based upon the discovery to be conducted in this matter.

1621529 v1                                            17

/s/ Geoffrey S. Bald_____
John C. Morrow ASB-9424-O77J
Geoffrey S. Bald ASB-0768-D46G
Dow A. Davidson ASB-1585-W81D

Attorneys for Defendant
PONTIAC COIL, INC.

**OF COUNSEL:**
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email on this the \_\_\_ day of July, 2008:

D. Michael Andrews
Beasley, Allen, Crow, Methvin,
Portis & Miles, P.C.
P.O. Box 4160
Montgomery, Alabama  36103-4160

Bradley J. McGiboney
Huie, Fernambuq & Stewart, LLP
Three Protective Center
2801 Highway 280 South, Suite 200
Birmingham, Alabama  35223


/s/ Geoffrey S. Bald_____
Of Counsel