IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MEREDITH CHADWICK RAY and PHILLIP RAY, ) ) ) | |
| Plaintiffs, ) ) | CASE NO: 3:07-cv-175 |
| vs. ) ) | |
| FORD MOTOR COMPANY, et al. ) ) | |
| Defendants. ) | |

### AMENDED REPORT OF PARTIES' PLANNING MEETING

1. Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on <u>September 2, 2008,</u> by telephone and was attended by:

>D. Michael Andrews on behalf of the Plaintiffs;

>J. Randolph Bibb, Jr. and Bradley J. McGiboney, on behalf of the Defendant Ford Motor Company;

>John C. Morrow and Geoffrey S. Bald on behalf of the Defendant Pontiac Coil, Inc.;

>Robert H. Sprain, Jr., and Irene Elizabeth Blomenkamp on behalf of the Defendant Visteon Corporation; and,

>Tabor R. Novak, Jr., and Gerald C. Swann, Jr., on behalf of the Defendant Admiral Tool & Manufacturing Company of Michigan.

2. **Pre-Discovery Disclosures:** The parties exchanged the information required by Fed.R.Civ.P.26(a)(1) within thirty (30) days after the date of the parties' planning meeting, which was held on **September 2, 2008**.

The parties discussed generally the discovery of electronically stored information, but at the time of the conference, the parties had not exchanged any formal discovery requests. Plaintiffs' counsel believed that a detailed discussion of electronic discovery was

premature as of the time of the conference. Counsel for Defendants advised that Plaintiffs should be specific in any requests for ESI so that the Defendants could appropriately respond. Should electronic discovery issues arise, the parties agreed to meet and confer as early in the case as possible and attempt to resolve any such issues prior to moving the Court for relief.

3.    **Discovery Plan:**  The parties jointly propose to the Court the following discovery plan:

Discovery will be needed on at least the following subjects:

- Facts and circumstances surrounding the incident of April 21, 2006, which forms the basis of this action.

- Plaintiffs' driving experience and history, including their experience with the subject vehicle.

- Plaintiffs' marital history (based on Plaintiffs' loss of consortium claim).

- Facts or items necessary to establish or prove Plaintiffs' claims or the Defendants' defenses.

- Damages, injuries, medical history and medical records of the Plaintiffs and any other occupants of the vehicle at the time of the incident.

- The 2002 Mercury Mountaineer and relevant component parts and systems.

- The development of the 2002 Mercury Mountaineer relevant to the issues in this action.

- Testing of the 2002 Mercury Mountaineer relevant to the issues in this action.

- Research associated with the 2002 Mercury Mountaineer and its development which is relevant to the issues in this action.

- Feasible alternative designs relevant to the issues in this action.

- Warnings used or considered by Defendants relevant to the issues in this action.

- Complaints made and/or received with respect to the 2002 Mercury Mountaineer relevant to the claims in this action.

- Other incidents involving a 2002 Mercury Mountaineer alleged to be substantially similar to the incident in this case.

All discovery commenced in time will be completed by **May 11, 2009.**

Maximum of **50** Interrogatories by each party to any other party. [Responses to additional Interrogatories due 30 days after service.]

Maximum of **50** Requests for Production by each party to any other party. [Responses to additional Requests for Production due 30 days after service.]

Maximum of **50** Requests for Admission by each party to any other party. [Responses due 30 days after service.]

Maximum of **20** depositions by each party.

Each deposition other than that of named parties and designated experts is limited to a maximum of **seven hours** unless extended by agreement of parties.

Reports from retained experts under Rule 26(a)(2) due from Plaintiffs by **January 9, 2009**, and any expert so identified shall be made available for deposition on or before **February 9, 2009.**

Reports from retained experts under Rule 26(a)(2) due from Defendants by **March 9, 2009**, and any expert so identified shall be made available for deposition on or before **April 9, 2009.**

Supplementations under Rule 26(e) are due within thirty (30) days of when a party learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to other parties in the discovery process or in writing.

4. **Other Items.**

The parties do not request a conference with the Court before entry of the Scheduling Order, unless the Court plans on making substantial changes to the scheduled suggested by the parties.

This case is scheduled for a pretrial conference on **August 7, 2009.**

Plaintiffs were allowed until **January 30, 2008** to join additional parties and amend the pleadings.

Defendants were allowed until **January 30, 2008** to amend the pleadings.

All potentially dispositive motions should be filed by **April 9, 2009.**

Settlement cannot be evaluated prior to discovery. Parties are ordered to mediate the case on or before **July 2, 2009.**

All Motions in Limine are to be filed no later than **forty-five (45) days** before the pre-trial conference. Responses to Motions in Limine are to be filed no later than **thirty (30) days** before the pre-trial conference.

If a party plans to call a witness at trial by reading his/her deposition in that party's case-in-chief, counsel shall advise opposing counsel of those portions of the deposition(s) to be read to the jury no later than **thirty (30) days before the trial.** Opposing counsel shall offer to opposing counsel any counter designations as well as to make any objections to those portions of the deposition(s) designated by opposing counsel to be read with the originally offered portions no later than **twenty (20) days before trial**. Original designating counsel shall have until **ten (10) days before trial**, in which to make any objections to the counter designations.

Final lists of witnesses under Rule 26(a)(3) and Exhibit Lists should be due by the parties **thirty (30) days before trial**.

Final lists of exhibits under Rule 26(a)(3) should be due by the parties **thirty (30) days before trial**.

Parties should have **fourteen (14) days** after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

The Court will schedule a hearing on Motions in Limine, Objections to Exhibits, and Objections to Deposition Designations prior to trial.

This case should be ready for trial by **August 31, 2009**, and is expected to last 6-7 trial days.

  /s/ D. Michael Andrews
D. Michael Andrews

**Of Counsel:**
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.
Post Office Box 4160
Montgomery, Alabama 36103-4160
(334) 269-2343
(334) 954-7555 – facsimile
mike.andrews@beasleyallen.com

                                            /s/ Bradley J. McGiboney
                                            D. Alan Thomas
                                            Bradley J. McGiboney

**Of Counsel:**
HUIE, FERNAMBUCQ & STEWART, LLP
Three Protective Center
2801 Highway 280 South, Suite 200
Birmingham, Alabama 35223-2484
(205) 251-1193
(205) 251-1256 - facsimile
dat@hfsllp.com
bjm@hfsllp.com


      – and –

J. Randolph Bibb, Jr.
Waller, Lansden, Dortch & Davis, LLP
Nashville City Center
511 Union Street, Suite 2700
Nashville, Tennessee 37219
(615) 244-6380



                                            /s/ Geoffrey S. Bald
                                            John C. Morrow
                                            Geoffrey S. Bald

**Of Counsel:**
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama 35203
(205) 251-3000
(205) 458-5100 – facsimile
jmorrow@burr.com
gbald@burr.com

                                                 /s/ Irene E. Blomenkamp
                                                 Robert H. Sprain, Jr.
                                                 Irene Elizabeth Blomenkamp

**Of Counsel:**
SPRAIN & MEIGHEN, P.C.
1707 29th Court South
Birmingham, Alabama 35209
(205) 437-3232
(205) 802-7083 – facsimile
rhs@sprainlaw.com
ireneblomenkamp@sprainlaw.com

                                                 /s/ Gerald C. Swann, Jr.
                                                 Tabor R. Novak, Jr.
                                                 Gerald C. Swann, Jr.

**Of Counsel:**
BALL, BALL, MATTHEWS & NOVAK, P.A.
2000 Interstate Park Drive, Suite 204
Post Office Box 2148
Montgomery, Alabama 36102-3148
(334) 387-7680
(334) 387-3222 – Facsimile
tnovak@ball-ball.com
gswann@ball-ball.com