IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| **MEREDITH CHADWICK RAY and** | ) | |
| **PHILLIP RAY,** | ) | |
| | ) | |
| Plaintiffs, | ) | **CASE NO: 3:07-cv-175** |
| | ) | |
| vs. | ) | |
| | ) | |
| **FORD MOTOR COMPANY,** | ) | |
| | ) | |
| Defendant. | ) | |

### FORD MOTOR COMPANY'S OMNIBUS MOTION *IN LIMINE*

COMES NOW the Defendant, FORD MOTOR COMPANY ("Ford"), and submits this, its Consolidated Motions *in Limine* which incorporate Ford's Motions *in Limine* Nos. 1 to 18. Pursuant to Federal Rules of Evidence 103 and 104, Ford requests a pretrial ruling excluding certain evidence. Ford moves *in limine*, before the voir dire examination of the jury panel has begun, before any opening statements are made to the jury, and before the introduction of any evidence, for an order instructing Plaintiffs and all of Plaintiffs' witnesses to refrain from making any mention, through interrogation, voir dire examination, opening statement, arguments or otherwise, either directly or indirectly, of any of the matters hereinafter set forth, without first approaching the bench and obtaining a ruling from the Court, outside the presence and hearing of all prospective jurors and the jurors ultimately selected to try this case. Ford respectfully seeks leave to supplement this Motion upon receipt and review of the parties' exhibit and witness lists.

### I. INTRODUCTION

This is a product liability action in which Plaintiffs contend that the transmission in their 2002 Mercury Mountaineer (the "Subject Vehicle") was defective. The incident that is the subject of this lawsuit occurred when Plaintiff Meredith Ray stopped at a business to pay a bill.

When she arrived at the business, she placed the Subject Vehicle's transmission in Park, but she did not turn off the engine or set the parking brake. She also left her one year old daughter and three year old niece in the Subject Vehicle with the doors unlocked and the engine running. Ms. Ray's niece moved from her seating position to the driver's seat where she shifted the Subject Vehicle's transmission out of park. Ms. Ray was pinned between the Subject Vehicle and the wall of a building causing the injuries of which she complains.

## II.  EVIDENCE TO BE EXCLUDED

### 1.

### Excluding Evidence Concerning NHTSA Investigation No. C8-02

Ford anticipates that Plaintiffs may attempt to introduce evidence concerning the investigation conducted by the Office of Defects Investigation ("ODI") of the National Highway Traffic Safety Administration ("NHTSA"), NO. C8-02 ("the C8-02 investigation"), including the NHTSA preliminary Investigative Report, Phase I, dated June 1980. Ford moves to exclude this evidence on the grounds that (1) the C8-02 investigation did not involve the alleged defect at issue in the instant litigation and, therefore, is irrelevant to any issue in this case; (2) its introduction will confuse the issues, mislead the jury and unfairly prejudice Ford; and (3) the C8-02 investigation report is hearsay.

**Ford has filed a Memorandum of Law on this Motion and incorporates it herein.**

Granted: _____          Denied:_____

### 2.

### Excluding Evidence concerning Settlement of C8-02 Investigation

In conjunction with the matters discussed in Motion *in Limine* No. 1, Plaintiffs may try to introduce evidence of the settlement of the C8-02 Investigation. Ford requests that the Court exclude any evidence concerning this settlement. The settlement, which occurred almost 30

2

years ago, is irrelevant to any matter at issue in this action and, even if it is marginally relevant, the dangers of undue prejudice, confusing of the issues and misleading the jury far outweigh its probative value.

**Ford has filed a Memorandum of Law on this Motion and incorporates it herein.**

Granted: _____     Denied:_____

**3.**

**Excluding Evidence of Memoranda
Prepared by former NHTSA Administrator Joan Claybrook**

Former NHTSA Administrator Joan Claybrook prepared certain memoranda related to the C8-02 Investigation that is the subject if Motions *in Limine* Nos. 1 and 2. These memoranda are inadmissible for the same reasons that the preliminary June 1980 NHTSA C8-02 Investigative Report is inadmissible and for several additional reasons unique to the circumstances of the preparation of the Claybrook memoranda. They are hearsay not within any exception, they are irrelevant and they may confuse the jury or cause undue prejudice against Ford.

**Ford has filed a Memorandum of Law on this Motion and incorporates it herein.**

Granted: _____     Denied:_____

**4.**

**Excluding Other Incident Evidence**

Ford anticipates that Plaintiffs may attempt to introduce evidence of other allegedly similar incidents involving Mercury Mountaineers, Ford Explorers, other Ford vehicles or other vehicles manufactured by other manufacturers in an effort to prove circumstantially that the Subject Vehicle was defective. This effort must fail. "Other Incident" evidence is inadmissible for at least three reasons: (1) allegations made in other accidents, actions, and claims constitute inadmissible hearsay; (2) details of other accidents, actions, and claims are irrelevant and

3

immaterial to the issues in this case; and (3) introduction of evidence of other accidents, claims, and actions would cause prejudice, confusion, and waste of time that would substantially outweigh its minimal probative value.

**Ford has filed a Memorandum of Law on this Motion and incorporates it herein.**

Granted: _____    Denied: _____

### 5.

### Excluding Evidence of Defects and Recalls other than the Alleged Defect at issue in this Case

Ford anticipates that Plaintiffs may attempt to introduce or comment upon evidence concerning Ford vehicles other than the subject 2002 Mercury Mountaineer at issue in this case, including, but not limited to various versions of the Ford F-150, Ford Explorer Sport Trac, Expedition, Excursion, Navigator and/or Aviator.

As a preliminary matter, any evidence concerning other automotive products should be excluded from the trial of this case as such evidence is irrelevant to whether the subject vehicle is defective and may be unfairly prejudicial. "Evidence which is not relevant is not admissible." Fed. R. Evid. 401. Evidence is not relevant unless it has some "tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." *Id.* Thus, evidence regarding vehicles <u>not</u> at issue in this case that neither tends to prove nor disprove any issue for the jury's determination here, and should be excluded. Fed. R. Evid. 401, 402.

In Alabama, to hold a manufacturer liable on a theory of strict liability, the user must establish that the product was in a defective condition, which rendered it unreasonably dangerous *at the time it left the manufacturer's control. Casrell v. Altec Industries, Inc.* 355 So. 2d 128 (Ala. 1976). Generally, evidence of subsequent design changes is inadmissible. Fed. R. Evid 407

Under this standard, only evidence related to the 2002 Mercury Mountaineer – the product at issue – is relevant. Plaintiffs may attempt to introduce exhibits and may elicit testimony from their experts that have nothing to do with the alleged defects of the production-level 2002 Mercury Mountaineer. The vehicles Plaintiffs may seek to discuss, as compared to the 2002 Mercury Mountaineer, have different transmissions, shifters, steering columns, pedal configurations, suspensions, tires, weights, etc. These distinctions are significant in light of Plaintiffs' specific defect allegations.

Further, in the case of the vehicles designed and/or manufactured after 2002, such evidence amounts to inadmissible evidence of post-manufacture design. Federal Rule of Evidence 407 bars the admission of evidence that a defendant, subsequent to an accident, took action that could have, if taken earlier, prevented the injuries:

> When, after an injury or harm allegedly caused by an event, measures are taken that, if taken previously, would have made the injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove negligence, culpable conduct, a defect in a product, a defect in a product's design, or a need for a warning or instruction. This rule does not require the exclusion of evidence of subsequent measures when offered for another purpose, such as proving ownership, control, or feasibility of precautionary measures, if controverted, or impeachment.

Fed. R. Evid. 407. Additionally, any reference to any safety or design implementations analyzed or made by Ford, or other vehicle manufacturers or agencies (such as NHTSA), which post-date the manufacture of the subject vehicle would similarly be irrelevant and immaterial to any issues involved in this matter. Fed. R. Evid 401, 402, 403, 407.

Finally, Ford anticipates that Plaintiffs will attempt to admit evidence regarding alleged defects in other vehicles. Evidence of other purported defects in different vehicles is inadmissible to prove that the Mercury Mountaineer at issue here was in a defective condition or unreasonably dangerous. See *Morales v. Am. Honda Motor Co.*, 151 F.3d 500, 511 (6th Cir. 1998) (upholding exclusion of evidence regarding larger all-terrain vehicles when the vehicle at

5

issue was a small motorbike).

Any evidence of defect must involve the <u>same alleged malfunction or defect</u>. *See Rye v. Black & Decker Mfg. Co.*, 889 F.2d 100, 102 (6th Cir. 1989) (trial court properly excluded evidence of prior accidents involving the same product where complaints involved injuries caused by defects other than that alleged by plaintiff); *see also Anderson v. Whittaker Corp.*, 894 F.2d 804, 813 (6th Cir. 1990) (upholding admission of evidence of other defects because the evidence involved the same model, the same design, the same defect, and a product failure under similar circumstances); *Ponder v. Warren Tool Corp.*, 834 F.2d 1553, 1560 (10th Cir. 1987); *Jackson v. Firestone Tire & Rubber Co.*, 788 F.2d 1070, 1083 (5th Cir. 1986) ("The 'substantially similar' predicate for the proof of similar accidents is defined . . . by the defect . . . at issue."). Thus, evidence regarding other purported defects in other vehicles is inadmissible because these other defects are not at issue in the current cause of action.

Admitting evidence of other vehicles or of other purported defects would focus the jury's attention on other alleged misconduct or design issues, rather than on the facts of this case. The confusion that this would likely cause would be highly prejudicial to Ford. The jury could hold Ford liable in this case based upon totally irrelevant defects. *See Johnson v. Ford Motor Co.*, 988 F.2d 573, 581 (5th Cir. 1993) (upholding trial court's decision to exclude relevant evidence regarding other lines of defendant's cars, and other mechanical defects because probative value of such evidence was outweighed by danger of prejudice to defendant); *see also Raymond v. Raymond Corp.*, 938 F.2d 1518, 1523 (1st Cir. 1991) (affirming exclusion of evidence of subsequent model pursuant to Rule 403).

In addition, introduction of evidence of other vehicles would prolong the trial because Ford would be compelled to refute or explain each piece of evidence relating to other vehicles and other purported defects that Plaintiffs are permitted to introduce. One form that such

6

evidence would take would be the verdicts from other cases in which juries found the same or similar products *not* to be defective.

Because the admission of evidence of other vehicles and of other purported defects, along with Ford's rebuttal evidence, would divert the jury's attention from the facts of this case and thereby mislead and confuse the jury, and because the introduction of such evidence would greatly prolong what already promises to be a lengthy trial, the Court should exclude evidence.

Granted: _____        Denied:_____

**6.**

**Excluding any Reference to, or Evidence, Testimony, or
Argument Concerning Ford's State of Mind for Lack of Foundation**

Ford moves to exclude testimony by individuals – particularly Plaintiffs' witnesses – who have never worked at Ford attempting to interpret Ford documents as evidence of Ford's state of mind and/or knowledge. Fed. R. Evid. 602. Plaintiffs' witnesses may claim state of mind and intent can be inferred from analysis of certain Ford engineering documents and internal memoranda. For the reasons set forth below, all such testimony should be excluded, because it is unreliable, unscientific, irrelevant, unfairly prejudicial to Ford, and not helpful to the trier of fact. Fed. R. Evid. 401, 402, 403, 702.

Ford also moves *in limine* to exclude Plaintiffs' expert witnesses from testifying as purported "document historians" about the meaning or contents of Ford documents that are inadmissible or have not been admitted into evidence, or that can be understood by the jury without expert assistance. Plaintiffs' witnesses are not qualified to testify regarding the state of mind of Ford engineers and executives. Expert testimony must be based on sufficient foundational facts or evidence affording a "reasonably accurate basis" for the testimony, such that the testimony is both reliable and relevant. Unsupported conjecture and mere speculation is not helpful to the trier of fact and is, therefore, universally inadmissible.

7

Such testimony should be precluded as (1) the witnesses have no personal knowledge of the decisions which were made at Ford as required by Fed. R. Evid. 602; (2) the admission of such testimony would violate Fed. R. Evid. 702 because Plaintiffs' witnesses have no scientific, technical or other specialized knowledge about Ford, its decision-making process, or its employees, and, thus, are not qualified to express an expert opinion about Ford's knowledge or intent; (3) testimony about documents that are not admissible or have not been admitted into evidence violates the "best evidence" rule; and (4) the probative value, if any, of such testimony is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, and by considerations of undue delay.

Granted: _____          Denied:_____

**7.**

**Excluding Evidence of Post-Sale and
Post-Manufacture Testing, Analyses or Remedial Measures**

Ford objects to any reference to, or evidence, testimony, or argument concerning, vehicles, features or components thereof manufactured subsequent to the date of manufacture of the subject 2002 Mercury Mountaineer, regardless of the manufacturer. This information has no bearing on the issues to be decided by the jury and asks them to improperly consider evidence of subsequent remedial measures in violation of Fed. R. Evid. 407. "The rationale behind Rule 407 is that people in general would be less likely to take subsequent remedial measures if these repairs or improvements would be used against them in a lawsuit arising out of a prior accident. By excluding this evidence defendants are encouraged to make such improvements." *Werner v. Upjohn Co.*, 626 F.2d 848, 857 (4th Cir. 1980); *see also Bauman v. Volkswagenwerk AG*, 621 F.2d 230, 233 (6th Cir. 1980) (the purpose of Rule 407 is "to permit people to improve their products without running the risk of increasing their liability in the past"). Post-manufacture evidence of later Ford designs would run afoul of the very purpose which Rule 407 is meant to

8

advance. Moreover, Plaintiffs cannot show any permissible basis for admission of "subsequent remedial measures" evidence. Accordingly, Rule 407 also precludes the admission of any evidence of Ford's designs and information post-manufacture.

Similarly, any reference to any safety or design implementations analyzed or made by the National Highway Traffic Safety Administration ("NHTSA"), Ford, or other vehicle manufacturers which post-date the manufacture of the subject vehicle is irrelevant and immaterial to any issues involved in this matter. Fed. R. Evid 401, 402, 403.

Granted: _____     Denied:_____

### 8.

### Precluding Counsel from making the "Golden Rule Appeal"

Ford requests that the Court preclude counsel from arguing that the jury should place itself "in Plaintiffs shoes" or from making any similar argument. This argument – the so-called "golden rule appeal" is inappropriate in this case. "The rationale for prohibiting such an argument is that the jury's sympathy will be unfairly aroused, resulting in a disproportionate award of damages." *Barrage v. Harrell*, 537 F.2d 837, 839 (5th Cir. 1976) (citing *Baron Tube Co. v. Transp. Ins. Co.*, 365 F.2d 858, 862 (5th Cir. 1966)).[1] Indeed, golden rule-type arguments are completely irrelevant to any matter at issue in this suit. Their only purpose is to arouse sympathy and to prejudice the jury against Ford. Both are improper purposes. Fed. R. Evid. 403.

Granted: _____     Denied:_____

### 9.

### Precluding Counsel from Discussing their Personal Feelings

Ford requests that the Court order that counsel not discuss their personal feelings with the

---

1 Fifth Circuit decisions rendered prior to September 30, 1981 are binding on district courts in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981).

jury during their closing arguments or at any other time. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." Fed. R. Evid. 401. Evidence that does not meet this standard is not admissible. Fed. R. Evid. 402. Comments on counsel's personal opinions in this case would not make it more probable than not that Ford acted prudently, that the 2002 Mercury Mountaineer's design was defective, that a feasible alternative was available, or that harm was likely to result. Simply put, the passion Plaintiffs' counsel may have for their case has nothing to do with Ford's knowledge, Ford's decision-making process regarding the design of product or the issues to be decided by the jury in this case. Counsel's opinions and feelings are not evidence.

Even if evidence of trial counsel's personal feelings were relevant, it is inadmissible under Rule 403 of the Federal Rules of Evidence. Under Rule 403, evidence that is relevant may be excluded if the danger of undue prejudice substantially outweighs its probative value. Argument and evidence concerning trial counsel's personal feelings would be highly prejudicial and confusing to jurors. Should the Court permit such argument, there would be a significant risk that the jury would consider and base its decision regarding liability and damages on trial counsels' personal feelings, rather than on Ford's knowledge and prudence concerning the design of the 2002 Mercury Mountaineer. At the very least, evidence regarding trial counsel's personal feelings might mislead, distract and inflame the jury. Thus, the Court should preclude any discussion of counsel's personal feelings because the danger of prejudice to Ford substantially outweighs its probative value. Fed. R. Evid. 403.

Granted: _____      Denied:_____

**10.**

**Excluding any Reference to, or Evidence, Testimony, or Argument Concerning, Ford's Financial Condition, the Wealth and/or Poverty of the Parties, and Excluding any**

**Mention of Punitive Damages in Plaintiffs' Opening Statement.**

Ford anticipates Plaintiffs will attempt to persuade the jury that a verdict against Ford is justified merely by the relative wealth and/or poverty of those parties. Such appeals to sympathy are clearly improper as they have no bearing on the issues presented for determination. Fed. R. Evid. 401 and 402. Further, any reference to, or evidence, testimony or argument regarding, the size, wealth, financial condition, net worth per vehicle, profit information or nationwide vehicle sales of Ford Motor Company for purposes of imposing punitive damages stands only to mislead, confuse, and inflame the jury, diverting their attention from assessing liability in the present case. Fed. R. Evid. 403. Pursuant to the Federal Rules of Evidence and the U.S. Supreme Court's decisions imposing limitations regarding the constitutionality of punitive damages, Plaintiffs should be precluded from introducing such evidence at trial.

**Ford has filed a Memorandum of Law on this issue and incorporates it herein.**

Granted: _____    Denied:_____

**11.**

**Excluding any Reference to, or Evidence, Testimony, or Argument Concerning the Ford Pinto and Other Major Product Liability Lawsuits or Settlements**

This case does not involve the Ford Pinto or any other well known alleged product defect. Therefore references to the Ford Pinto, a vehicle manufactured nearly thirty (30) years ago, can only be for improper purposes. The "Pinto" has become synonymous with many unflattering attributes. Reference, evidence, testimony, or argument about the Pinto has no bearing upon any issue in this case and is intended only to divert the jury's attention from the issue in this case. Evidence of other well-known products liability lawsuits (e.g., breast implants, Dalkon Shield, GM Side-Saddled Tank Pickup Trucks, Crown Victoria Police Interceptor, Ford Pinto, Firestone Tire Recall, Toyota Sudden Acceleration, etc.) is also irrelevant. Reference to such evidence would only serve to invoke or inflame juror sympathy,

thereby causing an improper impact upon an otherwise neutral jury. Such evidence is therefore irrelevant and prejudicial. Fed. R. Evid. 401, 402 and 403; see also, *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 423 (2003) ("A defendant should be punished for the conduct that harmed the Plaintiffs, not for being an unsavory individual or business.").

For example, Plaintiffs' counsel's firm in the present matter discussed exactly this type of irrelevant information during a trial last year in Montgomery County, Alabama. During both *voir dire* and cross-examination of the defendant's expert, plaintiff's counsel in that case discussed the Toyota sudden acceleration recall and the Ford Pinto fuel-fed fire recall. (*See* 2/22/10 Trial Transcript, *Pittman v. Ford*, at pp. 55:20-57:4; *see also* 3/9/10 Trial Transcript, *Pittman v. Ford*, at pp. 2776:10-2779:15, relevant excerpts attached hereto as Exhibit "A" collectively). The case being tried did not involve either of these two issues. Therefore, this Court should enter an order precluding references to well-known product liability lawsuits during the trial of this matter.

In addition, Ford requests that the Court preclude counsel from discussing settlement of these or any other product liability lawsuits. Reference to "settlements" is improper because it asks the jury to infer liability on account of the settlement. Fed. R. Evid. 408. Settlement of other cases has no bearing on any issue in this case. Interjection of such information would cause unfair prejudice to Ford, would confuse the issues *in this case*, and would prolong the trial by requiring Ford to respond. Fed. R. Evid. 401, 403, 408.

Granted: _____    Denied:_____

**12.**

**Excluding Reference to the Presence or Absence of
Ford's Corporate Representative of any other Person in the Courtroom**

Ford requests that the Court exclude any reference to persons present or not present in the courtroom at any time during trial, including observers of the trial or inquiries regarding the

identity of any observers. Similarly, any reference to the fact that Ford may not have a representative at trial at any particular time, or any suggestion that Ford's corporate representative is not the appropriate person to respond to Plaintiffs' allegations, is non-evidentiary and has no bearing upon any issue to be decided by the jury. Those references and suggestions ask the jury to infer liability or conscious indifference from something unrelated to the product's manufacture, design or sale. This evidence should be excluded because it is entirely irrelevant to any material issue in this case, and would only prejudice Ford by misleading and inflaming the jurors. *See* Fed. R. Evid. 401, 402 and 403.

Granted: _____   Denied:_____

## 13.

### Excluding Evidence of Discovery Disputes

Ford anticipates that Plaintiffs may attempt to introduce evidence of discovery disputes including but not limited to the following:

- Ford's discovery practices;
- Court rulings on discovery matters;
- Any alleged discovery dispute;
- Witnesses not properly identified; and
- Documents allegedly not produced by Ford.

Across the country, courts disapprove of references at trial to discovery disputes. *See, e.g., Empire Gas Corp. v. Am. Bakeries Co.*, 840 F.2d 1333, 1341 (7th Cir. 1988) (holding that evidence of willful noncompliance with discovery orders was "at best cumulative and probably irrelevant"); *Waters v. Genesis Health Ventures, Inc.*, 400 F. Supp. 2d 814, 818 (E.D. Pa. 2005) ("Evidence of counsel's hostility or disputes surrounding production of documents is entirely irrelevant . . . ."); *Neal v. Toyota Motor Corp.*, 823 F. Supp. 939, 943 (N.D. Ga. 1993).

In *Neal*, the court disapproved of counsel's "intimation" that Toyota should be punished because it had not "thoroughly investigated the accident to determine what actually caused it." *Neal*, 823 F. Supp. at 943. The court also held that the following remarks were improper: "I want to suggest to you that the way Toyota has handled the defense of this case reflects, I believe, on what it thinks of its responsibility to users and to you." *Id*. at 944 n.4. These remarks were in "blatant disregard for Courtroom behavior and professional responsibility." *Id*. at 943. The court indicated that this conduct was sufficient for it to grant a motion for a new trial had defense counsel so moved. *Id*. at 944.

Granted: _____    Denied:_____

**14.**

**Excluding Undisclosed Expert Opinions**

Ford seeks an order limiting Plaintiffs' expert opinion testimony to the opinions their experts disclosed in their reports. Expert reports – which were due more than two years ago in this case – must include "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i). Expert "report[s] must be complete such that opposing counsel is not forced to depose an expert in order to avoid ambush at trial; and moreover the report[s] must be sufficiently complete so as to shorten or decrease the need for expert depositions and thus to conserve resources." *Salgado by Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 742 n. 6 (7th Cir. 1998) (citing *Sylla-Sawdon v. Uniroyal Goodrich Tire Co.*, 47 F.3d 277, 284 (8th Cir. 1995)). Further, "[e]xpert reports must not be sketchy, vague or preliminary in nature." *Id.* (citing Fed. R. Civ. P. 26 advisory committee note and *Sierra Club v. Cedar Point Oil Co.*, 73 F.3d 546, 571 (5th Cir. 1996)).

"[Rule] 37(c)(1) requires absolute compliance with Rule 26(a), that is, it mandates that a trial court punish a party for discovery violations in connection with Rule 26 unless the violation

was harmless or is substantially justified." *Roberts v. Galen of Va., Inc.*, 325 F.3d 776, 782 (6th Cir. 2003) (internal quotation marks and citations omitted). Exclusion of the undisclosed opinions is the correct sanction because Ford cannot possibly prepare to cross examine Plaintiffs' experts concerning opinions of which Ford is unaware. Accordingly, no other sanction can adequately protect Ford from Plaintiffs' nondisclosure.

Granted: _____    Denied:_____


## 15.

### Excluding Certain Opinions and Testimony of Dr. Camille Peres

Ford moves to exclude any opinions and testimony of Dr. Camille Peres that the warning system in the 2002 Mercury Mountaineer was allegedly inadequate and that the shift controls of the vehicle allegedly misled Ms. Ray into believing the vehicle was in Park. These opinions do not meet the criteria of Rule 702 of the Federal Rules of Evidence, Daubert v. Merrell Dow Pharmaceuticals, 509 U.S. 579 (1993), Kumho Tire Company v. Carmichael, 526 U.S. 137 (1999) and their progeny and should be excluded.

**Ford has filed a Memorandum of Law on this Motion and incorporates it herein**

Granted: _____    Denied:_____


## 16.

### Excluding Any Evidence not Produced During Discovery

Ford moves to exclude any evidence, or reference thereto, that the Plaintiffs failed to produce during discovery. Plaintiffs should not be permitted to present any evidence that he failed to timely produce in response to discovery or prior to trial.

Any reference or presentation of evidence not previously produced during discovery or before trial would constitute unfair surprise and be contrary to the notions of fair play and substantial justice promoted by the discovery rules. As such, this type of evidence should be excluded.

Granted: _____    Denied:_____

**17.**

**Excluding Media Reports about Alleged Defects in the 2002 Mercury Mountaineer**

Ford requests that the Court preclude Plaintiffs from offering or relying on any media reports. These reports are hearsay not within any exception and their admission would also run afoul of Rule 403 of the Federal Rules of Evidence.

Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. Fed. R. Evid. 801. Hearsay is not admissible except as provided by law or by the Federal Rules of Evidence. Fed. R. Evid. 802. Because they constitute hearsay accompanied by all the hazards of hearsay, television programs and other media reports are regularly precluded at trial. Numerous courts, including the Fifth Circuit, have held that newspaper and general-interest magazine articles and television and radio broadcasts are inadmissible hearsay. *See Longman v. Food Lion, Inc.*, 197 F.3d 675, 685 (4th Cir. 1999) (excluding "Prime Time Live" broadcast as inadmissible hearsay because "[n]one of the people who spoke were under oath or subject to cross examination"); *McCall v. Delo*, 31 F.3d 750, 752 (8th Cir. 1994) (excluding magazine article because statements

"which were attributed to police officers contain[ed] multiple levels of hearsay and simply [did] not possess . . . hallmarks of trustworthiness."); *Abruzzi Foods, Inc. v. Pasta & Cheese, Inc.*, 986 F.2d 605, 606-07 (1st Cir. 1993) (excluding a magazine article as inadmissible hearsay);*United States v. Hatchett*, 918 F.2d 631 (6th Cir. 1990) (affirming lower court's decision to exclude "60 Minutes" broadcast as inadmissible hearsay); *Armstrong Cork Co. v. World Carpets, Inc.*, 597 F.2d 496, 505 (5th Cir. 1979) (magazine article was "properly excluded as hearsay").

Any media reports that Plaintiffs might offer were made out-of-court and would be offered for the truth of the matter asserted. Therefore, Ford will not have the opportunity to cross-examine the declarant as to what specifically she meant by any statement, or whether the statement would apply under the facts and circumstances of this case. As a result, evidence of, or reference to, such media reports would violate the purpose of the prohibition against hearsay, which is to provide the opportunity for cross-examination, and must be excluded.

Furthermore, media reports are not peer reviewed works that analyze the design and testing of Ford's motor vehicles, particularly as they relate to the alleged defects in this case. Instead, they are written to attract a public audience. As such, they are irrelevant because they cannot establish the existence of any fact that is of consequence in this case. Even if a media report were determined to have some slight relevance to the circumstances of this accident, it would still be inadmissible under Rule 403 because the dangers of undue prejudice to Ford and jury confusion would far outweigh its limited probative value.

Granted: _____     Denied:_____

## 18.

## Sequestering Lay Witnesses

17

Ford requests that the Court sequester lay witnesses pursuant to Rule 615 of the Federal Rules of Evidence, which provides that "[a]t the request of a party, the court *shall* order witnesses excluded so that they cannot hear the testimony of other witnesses" Fed. R. Evid. 615 (emphasis added). Witnesses in this trial are expected to testify concerning critical facts in dispute. Because of the importance of lay witness testimony and the need to prevent biased or influenced testimony, those witnesses should neither hear the testimony of other witnesses nor discuss the case or their testimony with other witnesses. Accordingly, Ford requests an Order in accordance with Rule 615 that all lay witnesses be excluded from being present during the trial of this matter, except during their own testimony, so that they cannot hear the testimony of other witnesses.

Granted: _____     Denied:_____

### III.  CONCLUSION

WHEREFORE, PREMISES CONSIDERED, for the foregoing reasons Defendant Ford Motor Company requests that this Court enter an Order in its favor as to Ford's Consolidated Motion *in Limine*.

    Respectfully submitted,

    Huie, Fernambucq & Stewart, LLP

    s/ Paul F. Malek
    Alan Thomas, Esq.
    Paul F. Malek, Esq.
    Three Protective Center
    2801 Highway 280 South, Suite 200
    Birmingham, Alabama 35223

    -and-

    Lewis, King, Krieg & Waldrop, P.C.

                                              s/ Sarah C. McBride
                                              J. Randolph Bibb, Jr., Esq.
                                              424 Church Street, Suite 2500
                                              Nashville, Tennessee 37219

                                              Sarah C. McBride, Esq.
                                              One Centre Square, Fifth Floor
                                              620 Market Street
                                              Knoxville, Tennessee  37902

                                              *Attorneys for Ford Motor Company*

## CERTIFICATE OF SERVICE

I hereby certify that I have on November 3, 2011, I served a copy of the foregoing document upon the parties below via the Court's ECF filing system:

D. Michael Andrews, Esq.
Benjamin E. Baker, Esq.
BEASLEY ALLEN
Box 4160
Montgomery, Alabama 36103-4160

                                              s/ Sarah C. McBride
                                              Sarah C. McBride