IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MEREDITH CHADWICK RAY and PHILLIP RAY, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CIVIL ACTION NO.  3:07cv175-WHA-TFM ) (WO) |
| FORD MOTOR COMPANY, | ) ) |
| Defendant. | ) |

## **ORDER**

This cause is before the court on Plaintiffs' Omnibus Motion in Limine (Doc. #163).  The Omnibus Motion identifies six categories of evidence for exclusion of which the Defendant objects to three.

**1.**

**First**, the Plaintiffs seek to "exclude all testimony, argument, documents, or the like regarding accident causation or accident fault." *Id.* at 2.  The Plaintiffs contend that their claim falls under the "crashworthiness doctrine" under Alabama law.  This doctrine allows plaintiffs to sue a manufacturer who makes a defective product which, although not a cause of the accident, causes greater injury to result from the accident than would have resulted in the absence of the defective product.  *See Volkswagen of America, Inc. v. Marinelli*, 628 So. 2d 378, 383 (Ala. 1993) (citing *General Motors Corp. v. Edwards*, 482 So.2d 1176, 1181 (Ala.1985)).  Therefore, in a proper "crashworthiness" claim, the Plaintiffs' negligence is not at issue because "crashworthiness" claims attempt to compensate plaintiffs for the elevated harm caused by the

defendant's defective product and not the harm caused by the accident itself.  However, the Plaintiffs' claims in this case do not meet the definition of a "crashworthiness" claim because the Plaintiffs allege that the Defendant's part caused the accident which resulted in the Plaintiffs' injuries.  Therefore, the law governing "crashworthiness" claims is irrelevant to the Plaintiffs' motion in limine.

Under Alabama law, "[c]ontributory negligence is an affirmative and complete defense to a claim based on negligence." *Serio v. Merrell, Inc.*, 941 So. 2d 960, 964 (Ala. 2006) (quoting *Ridgeway v. CSX Transp., Inc.*, 723 So.2d 600, 606 (Ala.1998)).  Contributory negligence also "bar[s] recovery in an [AEMLD] case if a . . . contributing proximate cause of the accident was the plaintiff's failure to use reasonable care [in using the product]." *Campbell v. Cutler Hammer, Inc.*, 646 So. 2d 573, 574 (Ala. 1994) (brackets in original), *see also Hannah v. Gregg, Bland & Berry, Inc.*, 840 So. 2d 839, 860 (Ala. 2002) (citing *Campbell* for the rule that "a plaintiff's contributory negligence will preclude recovery in an AEMLD action.").  In Alabama, "[t]he question of contributory negligence is normally one for the jury." *Hannah*, 840 So. 2d at 860.  Accordingly, this court will allow the jury to be instructed on contributory negligence as it applies to the Plaintiff Meredith Chadwick Ray's alleged failure to use reasonable care in the use of the product, the Mercury Mountaineer.

The Plaintiffs attempt to circumvent *Campbell* and its progeny by relying on an older Alabama case for the proposition that "contributory negligence relating to accident causation will not bar a recovery in an AEMLD action." *Dennis v. American Honda Motor Co., Inc.*, 585 So. 2d 1336, 1342 (Ala. 1991).  However, in *General Motors Corp. v. Saint*, the Alabama Supreme Court explained that the *Dennis* Court did not hold that "a plaintiff's contributory negligence relating to the defective product is no longer a defense in product liability cases." 646

So. 2d 564, 565-66 (Ala. 1994) (citing *Williams v. Delta International Machinery Corp.*, 619 So. 2d 1330 (Ala. 1993)). Furthermore, *Dennis* is distinguishable from the Plaintiffs' claim. In *Dennis*, the plaintiff was suing a helmet manufacturer because the defective helmet allowed greater harm to befall the plaintiff during a motorcycle accident than if the helmet had not been defective. *Dennis*, 585 So. 2d at 1337. The defendants raised the argument of contributory negligence because there was testimony that the accident was caused by the plaintiff's negligent motorcycle driving. *Id.* The Alabama Supreme Court found that it was error for the trial judge to instruct the jury as to the plaintiff's contributory negligence in driving the motorcycle because the theory of the case was, not that the motorcycle had caused the accident, but that the defective helmet was the cause of the plaintiff's damages during the accident. *Id*. at 1342.

Turning to the present case, the Plaintiffs allege that the Mercury Mountaineer was defective and, unlike the helmet from *Dennis*, was the cause of the harm that the Plaintiffs suffered. The Defendant contends that the Plaintiff was negligent in the use of the product-automobile and that a jury could find that the Plaintiff used the automobile in a negligent way. To reiterate, "contributory negligence bar[s] recovery in an [AEMLD] case if a proximate cause of the accident was the unreasonably dangerous condition of the product, [and] a contributing proximate cause of the accident was the plaintiff's failure to use reasonable care [in using the product]." *Campbell*, 646 So. 2d at 574. Therefore, this court finds that–unlike the *Dennis* case where it was appropriate to limit the scope of contributory negligence to the plaintiff's use of the product and not accident causation–an instruction of contributory negligence is warranted as to the accident because a jury could find that the product defect and the Plaintiffs' negligent use of the product were both proximate causes of the harm suffered by the Plaintiffs.

The court will leave the issue of contributory negligence to the jury as to the negligence

claim and the AEMLD claim.

**2.**

**Second**, the Plaintiffs seek to exclude "any reference to or evidence, testimony, or argument concerning any opinions or conclusions rendered by Defendant's experts that were not disclosed in initial disclosures nor identified at expert's depositions." (Doc. #163 at 4). The Defendant does not contest this aspect of the motion and actually filed a substantially similar motion. Having found no reason to allow such evidence, this court will GRANT the Plaintiff's motion on this issue.

**3.**

**Third**, the Plaintiffs seek to prevent any mention of "[t]he defense lawyers, experts, witnesses or their families driv[ing] and/or own[ing] Ford SUV's/Explorers." (Doc. #163 at 5). The Defendant does not intend to offer such evidence unless the Plaintiffs call this subject into question during the questioning of the Defendant's witnesses. Accordingly, the court will reserve judgment on the admissibility of such evidence until the occasion arises, but the Defendant is not to refer to this evidence without first taking it up outside of the presence of the jury.

**4.**

**Fourth**, the Plaintiffs seek to prevent the Defendant from arguing to the jury that the Plaintiffs' burden is "innocent until proven guilty." (Doc. #163 at 7). The Defendant does not contest this motion other than to reiterate that the Defendant should be able to tell the jury that it is the Plaintiffs' responsibility to "affirmatively show that the product was sold with a defect or in a defective condition." (Doc. # 166) (quoting *Tanksley v. ProSoft Automation, Inc.*, 982 so. 2d 1046, 1051 (Ala. 2007)). This court agrees that the Plaintiffs have the burden in this case, but the Plaintiffs' motion is due to be GRANTED as to any statement of the burden of proof as being the criminal case standard of "innocent until proven guilty."

### 5.

**Fifth**, the Plaintiffs seek to prevent the Defendant from mentioning that "[s]tatistically, Ford SUVs have a great overall safety record." (Doc. # 163 at 7). Plaintiffs argue that any mention of the overall safety record of the 2002 Mercury Mountaineer is irrelevant as to their claim of a defective design of the BTSI. The Defendant counters by arguing that overall safety is relevant to the Plaintiffs' design defect claim. The court will reserve ruling on this until presented outside the presence of the jury with the specific evidence offered and in the context of all the evidence at that time. Until that time, the Defendant shall not refer to this, unless the Plaintiffs open the door.

### 6.

**Sixth**, the Plaintiffs' seek to preclude "lay witnesses from testifying on matters which

call for an expert opinion." (Doc. #163 at 8).  The Defendant does not oppose this motion but rather concurs with it.  Because both parties agree to this straightforward application of the Federal Rules of Evidence 702, this court will GRANT this aspect of the Plaintiffs' motion.

## **CONCLUSION**

For the foregoing reasons, it is hereby ORDERED that the Motion in Limine is GRANTED in part and DENIED in part as set out above.

Done this 13th day of December, 2011.

.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
UNITED STATES DISTRICT JUDGE