IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MEREDITH CHADWICK RAY and PHILLIP RAY, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CIVIL ACTION NO. 3:07cv175-WHA-TFM ) (WO) |
| FORD MOTOR COMPANY, | ) ) |
| Defendant. | ) |

## **ORDER**

This cause is before the court on Defendant's Motion for Judgment on the Pleadings (Doc. #212). The Defendant argues that Mrs. Ray's claim for wanton failure to recall and Mr. Ray's corresponding loss of consortium claim fail as a matter of law, and that Mr. Ray's demand for punitive damages as to loss of consortium fail as a matter of law. For the reasons to be discussed the Motion for Judgment on the Pleadings is DENIED[1].

This court ordered in the Second Amended Scheduling Order that all dispositive motions shall be filed no later than April 9, 2009. (Doc. #152 ¶ 2). A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is such a motion. Accordingly, the Defendant's Motion for Judgment on the Pleadings is untimely, and therefore, DENIED.

Even if the Motion for Judgment on the Pleadings were timely, it would still fail. As described in Rule 16(d) of the Federal Rules of Civil Procedure, "[a]fter any [pretrial] conference under this rule, the court should issue an order reciting the action taken," and "[t]his order

---

[1] Whether Mr. Ray may claim punitive damages, or is limited to compensatory damages, may be raised at trial. If Mr. Ray claims punitive damages, Plaintiffs' counsel should address that in a trial brief to be filed by December 27, 2011.

controls the course of the action unless the court modifies it." Therefore, the Complaint no longer governs the course of action, and instead, this court's Pretrial Order issued pursuant to Rule 16(d) on December 19, 2011 now governs. (Doc. #203).  That order adopted Plaintiffs' contention that the "Plaintiffs intend to pursue claims at trial against Ford Motor Company based upon wantonness and Alabama Extended Manufacturer's Liability Doctrine." *Id*. at 3.  The Pretrial Order does not state that the Plaintiffs are bringing a claim against Ford based on Ford's alleged wantonness in failing to recall 2002 Mercury Mountaineers.  Ford did not raise this issue in submitting its contentions to be included in the Pretrial Order.

      Although the Pretrial Order describes the Plaintiffs' claim simply as wantonness, it is clear from the course of the proceedings that both sides characterize the Plaintiffs' theory as one in which Ford's wanton failure to warn, and not failure to recall, led to Mrs. Ray's injuries.  For instance, in the Plaintiffs' Response Brief In Opposition to Defendant's Motions For Summary Judgment, the Plaintiffs set out their theory as follows: Ford did internal investigations of the BTSI as part of the U152 automobile platform, Ford learned that the BTSI was defective, Ford knew that the defective BTSI could result in harm to consumers, and Ford did not take proper steps to prevent the harm from occurring.  *See* Doc. #135 at 19-22.  Furthermore, in the Defendant's Brief in Reply to Plaintiffs' Response to Ford Motor Company's Motion for Final Summary Judgment, the Defendant characterizes the Plaintiffs' wantonness claim twice as a "failure to warn" claim.  Doc. #151 at 6-7.  Therefore, it is clear to the court that the Plaintiffs' theory of Ford's liability is a wanton "failure to warn" theory, and not a wanton "failure to recall" theory.

      Finally, while it is true that there are circumstances in which a "failure to recall" theory of liability is not recognized, *see*, *e.g.*, *Lampley v. Bridgestone Firestone, Inc.*, No. 90-A-907-N

(M.D. Ala. March 31, 2009), the Rays do not assert such a theory.  Indeed, in its Memorandum Opinion and Order denying Ford's Motion for Summary Judgment, the court addressed the Plaintiffs' theory as one of failure to warn, found that the Alabama Supreme Court has previously addressed facts similar to those presented by the Rays and upheld the jury's grant of punitive damages as to wantonness in failure to warn against General Motors (Doc. 153 at 16-17 (citing *Gen. Motors Corp. v. Johnston*, 592 So. 2d 1054, 1060-61 (Ala. 1992)), and allowed the wantonness claim to proceed on that basis.

For any of these reasons, the Defendant's Motion for Judgment on the Pleadings would have failed even if it were not untimely.   The Plaintiffs do not assert, and have not been allowed to proceed on, a failure to recall theory.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that the Defendant's Motion for Judgment on the Pleadings is DENIED.

DONE this 22nd day of December, 2011.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE