IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MEREDITH CHADWICK RAY and PHILLIP RAY, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) CIVIL ACTION NO.  3:07cv175-WHA-TFM ) (WO) |
| FORD MOTOR COMPANY, | ) ) |
| Defendant. | ) |

## ORDER

This cause is before the court on Plaintiffs' Trial Brief in Support of Reconsideration of Court's Oral Ruling at Pretrial on motion in Limine No. 1 (Doc. #207) which the court will treat as a Motion for Reconsideration.  The Plaintiffs ask this court to reconsider its December 13, 2011 Order (Doc. #185) only as to the instruction of contributory negligence at trial in light of previously uncited cases *Culpepper v. Weihrach*, 991 F. Supp. 1397 (M.D. Ala. 1997) and *Savage Industries, Inc. v. Duke*, 598 So. 2d 856 (Ala. 1992).  For the reasons to be discussed below, the Plaintiffs' request is DENIED.

The Plaintiffs contend that *Culpepper v. Weihrach* is instructive as to the propriety of the Defendant's affirmative contributory negligence defense as to Plaintiffs' Alabama Extended Manufacturer's Liability Doctrine ("AEMLD") claim because of *Culpepper*'s interpretation of *Dennis v. American Honda Motor Co., Inc.*, 585 So. 2d 1336 (Ala. 1991) and *General Motors Corp. v. Saint*, 646 So. 2d 564 (Ala. 1994).  The *Culpepper* court was faced with a claim as to a defective firearm.  In *Culpepper*, the plaintiff dropped a pistol which hit the ground, fired a bullet upwards and into the plaintiff's abdomen, and injured the plaintiff.  *Culpepper*, 991 F.

Supp. at 1399-99.  The *Culpepper* plaintiff argued that the gun was defective because of a defective hammerblock safety, and, because of that defect, she was damaged.  Relying on its interpretations of *Saint* and *Dennis*, the court decided that the product at issue was the hammerblock safety and not the gun as a whole.  *Id*. at 1401.  Accordingly, the *Culpepper* court limited the defendant to raising contributory negligence only as to the plaintiff's use of the hammerblock safety and not the whole gun.  *Id.*

The Plaintiffs also cite *Savage* in support of their Motion for Reconsideration.  In that case, a 10 year-old boy was climbing a hunting stand with his "youth model" shotgun in tow, and while climbing the stand, his shotgun fell off his arm, struck a rung below him on the hunting stand, and fired upwards injuring him. *Savage*, 598 So. 2d at 856-57.  The Court remanded the case for a different reason but explained that "[f]or the purposes of retrial, we would call the court's attention to the recent case of *Dennis v. American Honda Motor Co.*, 585 So. 2d 1336, 1342 (Ala.1991)," *id.* at 859, and followed that statement with a brief summary of the *Dennis* rule which was previously discussed by this court.  *See* Doc. #185 at 1-4.

This court, even in light of *Culpepper*, *Savage*, and *Dennis*, stands by its original ruling.  As this court previously explained, "contributory negligence bar[s] recovery in an [AEMLD] case if a proximate cause of the accident was the unreasonably dangerous condition of the product, [and] a contributing proximate *cause of the accident* was the plaintiff's failure to use reasonable care [in using the product]." *Campbell v. Cutler Hammer, Inc.*, 646 So. 2d 573, 574 (Ala. 1994) (emphasis added).  The Defendant in this case is the manufacturer of the vehicle.  The product at issue before this court is the 2002 Mercury Mountaineer, and the court will not separate the product into each of its components parts in order to prevent a viable defense under Alabama law.  Accordingly, this court will allow the jury to decide if Mrs. Ray was

contributorily negligent in her use of the 2002 Mercury Mountaineer as required by Alabama law.  *See Hannah v. Gregg, Bland & Berry, Inc.*, 840 So. 2d 839, 860 (Ala. 2002) ("[t]he question of contributory negligence is normally one for the jury"); *Tell v. Terex Corp.*, 962 So.2d 174, 177 (Ala.2007) (quoting *Hannah*, 840 So. 2d at 860); *Burleson v. RSR Group Florida, Inc.*, 981 So. 2d 1109, 1112-13 (Ala. 2007) *(*quoting *Tell*, 962 So. 2d at 177).

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that the Plaintiffs' Motion for Reconsideration is DENIED

DONE this 22nd day of December, 2011.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE